**<u>Exhibit C</u>**

**Cure Notice**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Michael S. Etkin, Esq. (metkin@lowenstein.com)
Paul Kizel, Esq. (pkizel@lowenstein.com)
Wojciech F. Jung, Esq. (wjung@lowenstein.com)
Philip J. Gross, Esq. (pgross@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES IN CONNECTION WITH PROPOSED SALE OF
CERTAIN ASSETS OF THE DEBTORS RELATING TO THE PHARMA BUSINESS**

**PLEASE TAKE NOTICE** that on February 19, 2019, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), each filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2019, the Debtors filed the *Debtors' Motion for Orders (I) (A) Authorizing and Approving Bidding Procedures in Connection With the Sale of Substantially All Assets Comprising the Debtors' Pharma Business; (B) Authorizing and Approving Bid Protections; (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Scheduling a Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Granting Related Relief; and (II) (A) Authorizing and Approving the Sale of Substantially All Assets Comprising the Debtors' Pharma Business Free and Clear of All Claims, Liens, Rights, Interests, and*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Aceto Agricultural Chemicals Corporation (3948); Aceto Realty LLC (7634); Rising Pharmaceuticals, Inc. (7959); Rising Health, LLC (1562); Acetris Health, LLC (3236); PACK Pharmaceuticals, LLC (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

*Encumbrances, (B) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Related Relief* [Docket No. [●]] (the "Motion").[2]

     **PLEASE TAKE FURTHER NOTICE** that, on [●], 2019, the Bankruptcy Court entered an order (the "Bidding Procedures Order") approving, among other things, the Bidding Procedures requested in the Motion.  The Bidding Procedures Order (i) governs the Bidding Process for the sale (the "Sale") of certain of the Debtors' assets relating to the Debtors' Pharma Business (the "Purchased Assets") and (ii) establishes procedures for the assumption and assignment of certain of the Debtors' Executory Contracts and Unexpired Leases related thereto.

     **PLEASE TAKE FURTHER NOTICE** that the Debtors seek, among other things, to sell the Purchased Assets to the Stalking Horse Bidder or other bidder submitting the highest or otherwise best offer for the Purchased Assets (the "Successful Bidder"), free and clear of all claims, liens, rights, interests and encumbrances pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code. **You are receiving this Notice because you may be a party to an Executory Contract or Unexpired Lease that may be assumed and assigned to the Successful Bidder (each, a "Buyer Assumed Agreement").**

     **PLEASE TAKE FURTHER NOTICE** that the Buyer Assumed Agreements that may be assumed and assigned to the Successful Bidder are described on Exhibit 1 attached to this Notice, among which may be a contract or a lease to which you are a party. The amount shown on Exhibit 1 hereto as the "Cure Costs" is the amount, if any, based upon the Debtors' books and records, that the Debtors assert is owed to cure any defaults that exist under each Buyer Assumed Agreement to permit such Buyer Assumed Agreement to be assumed by the Debtors and assigned to the Successful Bidder.

     **PLEASE TAKE FURTHER NOTICE** that, if at any time after the entry of the Bidding Procedures Order the Debtors identify additional Buyer Assumed Agreements that may be assumed and assigned to the Successful Bidder, the Debtors shall serve a supplemental notice (a "Supplemental Cure Notice") by facsimile, electronic transmission, hand delivery or overnight mail on each non-debtor counterparty to such Buyer Assumed Agreements and its counsel (if known) no later than ten (10) days before the Closing of the Sale, or, if such Executory Contract or Unexpired Lease is identified less than ten (10) days prior to the Closing of the Sale, by the date set forth on the Supplemental Cure Notice.

     **PLEASE TAKE FURTHER NOTICE** that inclusion of a Buyer Assumed Agreement on this Notice and/or your receipt of this notice shall not constitute an admission that such contract is an executory contract or unexpired lease for the purposes of section 365 of the Bankruptcy Code and shall not obligate the Successful Bidder to take assignment of such Buyer Assumed Agreement.  Only those contracts that constitute Buyer Assumed Agreements pursuant to the Stalking Horse Agreement or other Successful Bidder's Proposed Asset Purchase Agreement, as applicable, will be assumed, assigned and sold to the Stalking Horse Bidder or other Successful Bidder.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any objection to the amount of the Cure Costs listed on <u>Exhibit 1</u> or to assumption and assignment of a Buyer Assumed Agreement for any reason, including with respect to adequate assurance of future performance under the Buyer Assumed Agreements by the Stalking Horse Bidder pursuant to sections 365(b) and (f)(2) of the Bankruptcy Code (each, an "<u>Objection</u>") must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the District of New Jersey, be filed with the Bankruptcy Court, and be served so as to be actually received by **no later than ten (10) days after service of this Notice** (the "<u>Objection Deadline</u>") by (i) counsel to the Debtors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, NY 10020 (Attn: Steven E. Siesser, Esq. (ssiesser@lowenstein.com),  Paul Kizel, Esq. (pkizel@lowenstein.com) and Philip J. Gross, Esq. (pgross@lowenstein.com)); (ii) counsel to the Buyer, Reed Smith LLP, 599 Lexington Ave, New York, New York 10036 (Attn: Niket Rele, Esq. (nrele@reedsmith.com), John Algie, Esq. (jalgie@reedsmith.com) and Derek J. Baker Esq. (dbaker@reedsmith.com); (iii) the Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102 (Attn: Fran B. Steele (Fran.B.Steele@usdoj.gov) and David Gerardi, Esq. (David.Gerardi@usdoj.gov)); and (iv) proposed counsel to the Official Committee of Unsecured Creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York, 10038-4982 (Attn: Jayme T. Goldstein, Esq. (jgoldstein@stroock.com) and Erez E. Gilad, Esq. (egilad@stroock.com)). Each Objection must set forth with specificity the basis therefor, including each and every asserted default under any Executory Contract or Unexpired Lease and the proposed Cure Costs asserted by the counterparty to the extent it differs from the Cure Costs, if any, specified by the Debtors in this Notice.

**PLEASE TAKE FURTHER NOTICE** that if no Objection is timely filed and served by a counterparty to an Executory Contract or Unexpired Lease by the Objection Deadline, the Cure Costs set forth in <u>Exhibit 1</u> shall be controlling, such counterparty shall be forever barred from objecting thereto, and such counterparty will be deemed to have consented to the assumption, assignment and sale of the Executory Contract or Unexpired Lease to the Successful Bidder if such Executory Contract or Unexpired Lease is elected by the Successful Bidder as a Buyer Assumed Agreement and will be forever barred from asserting any objection with regard to such assumption, assignment and sale; provided, <u>however</u>, in the event that the Successful Bidder is not the Stalking Horse Bidder, the counterparty to an Executory Contract or Unexpired Lease to be assumed and assigned to such Successful Bidder shall have until 4:00 p.m. on the date that is one (1) business day prior to the Sale Hearing (as defined below) to object to the assumption, assignment and/or sale of such Executory Contract or Unexpired Lease to such Successful Bidder; <u>provided</u> further, <u>however</u>, any such objection may relate solely to adequate assurance of future performance by such Successful Bidder pursuant to sections 365(b) and (f)(2) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that within one (1) business day after conclusion of the Auction (as defined in the Bidding Procedures Order), the Debtors shall file a notice identifying the Successful Bidder with the Bankruptcy Court. The Successful Bidder shall be responsible for satisfying any requirements regarding adequate assurance of future performance that may be imposed under sections 365(b) and (f)(2) of the Bankruptcy Code in connection with the proposed assignment of any Buyer Assumed Agreement. Any objections to the proposed form of adequate assurance of future performance by a Successful Bidder will be determined at

the hearing to consider approval of the Sale (the "Sale Hearing"), which will be held before the Honorable Judge Vincent F. Papalia, United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, on **[●], 2019 at 10:00 a.m. (prevailing Eastern Time)**, or at such time thereafter as counsel may be heard, or at such later hearing as may be requested by the Debtors if the Debtors and non-Debtor counterparty are unable to resolve such objections prior thereto.

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 365(k) of the Bankruptcy Code, the Debtors and the Debtors' estates shall be relieved of all liability under the Buyer Assumed Agreements accruing or arising after the assumption and assignment of the Buyer Assumed Agreements.

**PLEASE TAKE FURTHER NOTICE** that nothing contained herein shall obligate the Debtors or the Successful Bidder to assume any Executory Contracts or Unexpired Leases or to pay any Cure Costs.

**PLEASE TAKE FURTHER NOTICE** that (i) the assumption and assignment of Executory Contracts and Unexpired Leases, and (ii) the Cure Costs, are subject to the Bidding Procedures Order. The Bidding Procedures Order shall govern in the case of any dispute arising out of the assumption and assignment of Executory Contracts and Unexpired Leases or the Cure Costs.  Recipients of this Notice should carefully read the Bidding Procedures Order.

Dated: _____ __, 2019

**LOWENSTEIN SANDLER LLP**

_____
Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Paul Kizel, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
metkin@lowenstein.com
pkizel@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

## **Exhibit 1**

**Buyer Assumed Agreements**

[to be provided]