# Exhibit E

## Sale Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Michael S. Etkin, Esq. (metkin@lowenstein.com)
Paul Kizel, Esq. (pkizel@lowenstein.com)
Wojciech F. Jung, Esq. (wjung@lowenstein.com)
Philip J. Gross, Esq. (pgross@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**ORDER (A) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL ASSETS COMPRISING THE DEBTORS' PHARMA BUSINESS FREE AND CLEAR OF ALL CLAIMS, LIENS, RIGHTS, INTERESTS, AND ENCUMBRANCES, (B) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES RELATED THERETO, AND (C) GRANTING RELATED RELIEF**

        The relief set forth on the following pages, numbered two (2) through thirty-five

(35), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Aceto Agricultural Chemicals Corporation (3948); Aceto Realty LLC (7634); Rising Pharmaceuticals, Inc. (7959); Rising Health, LLC (1562); Acetris Health, LLC (3236); PACK Pharmaceuticals, LLC (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

Page:      2
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

Upon the motion (the "Sale Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order (this "Sale Order"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 6004-1, 6004-2 and 6004-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), (a) authorizing and approving the Debtors' entry into and performance under the terms and conditions of that certain Asset Purchase Agreement, dated as of March 7, 2019 (together with the schedules and/or exhibits thereto and all related documents, and as may be amended, supplemented or otherwise modified from time to time, the "Purchase Agreement"),[2] substantially in the form attached hereto as **Exhibit 1**, by and among Rising Pharmaceuticals, Inc., Pack Pharmaceuticals, LLC, Rising Health, LLC, and Acetris Health, LLC (each a "Seller", and together, the "Sellers"), Aceto Corporation, as Parent, and Shore Suven Pharma, Inc. (the "Buyer"), and all other Ancillary Documents (as defined in the Purchase Agreement) (together with the Purchase Agreement, the "Transaction Documents"), (b) authorizing and approving the sale (collectively, and including all actions taken or required to be taken in connection with the implementation and consummation of the Purchase Agreement, the "Sale") of the Purchased Assets (as defined in the Purchase Agreement) free and clear of all Liens, Claims and Interests (each as defined herein)

---

[2] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Purchase Agreement or Bidding Procedures Order (as defined herein), as applicable.

Page:    3
Debtors:    ACETO CORPORATION, *et al.*
Case No.:    19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets
Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
Related Thereto, And (C) Granting Related Relief

_____

and the assumption of the Assumed Liabilities to the extent set forth in the Purchase Agreement

upon the closing of the Sale (the "Closing"), (c) authorizing the assumption and assignment of

certain of the Sellers' (as applicable) executory contracts and unexpired leases related thereto as

set forth on the applicable schedules of the Purchase Agreement (each, a "Buyer Assumed

Agreement," and, collectively, the "Buyer Assumed Agreements"), upon the Closing, subject to

payment by the Buyer of all costs necessary to cure any defaults arising under any Buyer

Assumed Agreement to the extent required by section 365(b) of the Bankruptcy Code (such

amounts, the "Cure Costs"), and (d) granting related relief, all as more fully set forth in the Sale

Motion; and this Court having entered the *Order (A) Authorizing and Approving Bidding*

*Procedures in Connection with the Sale of Substantially All Assets Comprising the Debtors'*

*Pharma Business; (B) Authorizing and Approving Bid Protections; (C) Approving Procedures*

*for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D)*

*Scheduling a Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F)*

*Granting Related Relief* [Docket No. [●]] (the "Bidding Procedures Order")[; and the Debtors

having conducted an auction (the "Auction") for the Purchased Assets]; and the Debtors having

determined that the Buyer has submitted the highest or otherwise best bid for the Purchased

Assets and determined that the Buyer is the Successful Bidder [and that [●] is the Back-Up

Bidder] (as defined in the Bidding Procedures), in accordance with the Bidding Procedures; and

the Court having conducted a hearing on the Sale Motion (the "Sale Hearing"), at which time all

interested parties were offered an opportunity to be heard with respect to the Sale Motion; and

Page:    4
Debtors:    ACETO CORPORATION, *et al.*
Case No.:    19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens, Rights, Interests, And Encumbrances, (B) Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto, And (C) Granting Related Relief

---

the Court having reviewed and considered the Sale Motion, the Purchase Agreement, and any and all objections to the Sale, the Purchase Agreement and the other Transaction Documents filed in accordance with the Bidding Procedures Order; and the Court having heard statements of counsel and the evidence presented in support of the relief requested in the Sale Motion at the Sale Hearing [and in the Declaration(s) of [●]]; and it appearing that due notice of the Sale Motion, the Sale Hearing, the Purchase Agreement, and the Sale has been provided; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their stakeholders, and all other parties in interest; and it appearing that the Court has jurisdiction over this matter; and it appearing that the legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation, it is hereby

**FOUND, CONCLUDED, AND DETERMINED THAT:**

**<u>Jurisdiction, Venue, and Final Order</u>**

A.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for

Page:      5
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

─────────────────────────────────────────────────────────────────────────────

delay in the implementation of this Sale Order and the terms and conditions of this Sale Order

should be immediately effective and enforceable upon its entry, and expressly directs entry of

judgment as set forth herein.

      C.     The findings and conclusions set forth herein constitute the Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this

proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact

constitute conclusions of law, they are adopted as such. To the extent any of the following

conclusions of law constitute findings of fact, they are adopted as such.

<u>**Notice of the Sale Motion, Auction, Sale Hearing, Purchase Agreement and
Sale and the Cure Costs**</u>

      D.     As evidenced by declarations and/or affidavits of service and publication

previously filed with this Court, proper, timely, adequate, and sufficient notice of the Sale

Motion, the Auction, the Sale Hearing, the Purchase Agreement, and the Sale has been provided

in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules

2002, 6004, 6006, 9007 and 9014. The Debtors have complied with all obligations to provide

notice of the Sale Motion, the Auction, the Sale Hearing, the Purchase Agreement, and the Sale

as required by the Bidding Procedures Order. The foregoing notice was good, sufficient, and

appropriate under the circumstances, and no other or further notice of the Sale Motion, the

Auction, the Sale Hearing, the Purchase Agreement, or the Sale is required. With respect to

entities whose identities are not reasonably ascertained by the Debtors, publication of the Sale

Page:      6
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

Notice (as defined in the Sale Motion) in [the *New York Times*] on [●], 2019 was sufficient and

reasonably calculated under the circumstances to reach such entities.

E.    A reasonable opportunity to object or to be heard regarding the relief requested in

the Sale Motion was afforded to all interested persons and entities.

F.    In accordance with the Bidding Procedures Order, the Debtors have served a

notice of their intent to assume and assign the Buyer Assumed Agreements and of the Cure Costs

upon each counterparty to a Buyer Assumed Agreement. The service and provision of such

notice was good, sufficient, and appropriate under the circumstances and no further notice need

be given in respect of assumption and assignment of the Buyer Assumed Agreements or

establishing a Cure Cost for the respective Buyer Assumed Agreements. Counterparties to the

Buyer Assumed Agreements have had an adequate opportunity to object to assumption and

assignment of the applicable Buyer Assumed Agreements and the Cure Costs set forth in the

notice (including objections related to the adequate assurance of future performance and

objections based on whether applicable law excuses the counterparty from accepting

performance by, or rendering performance to, the Buyer for purposes of section 365(c)(1) of the

Bankruptcy Code). All objections, responses, or requests for adequate assurance, if any, have

been resolved, overruled, or denied, as applicable.

**Highest and Best Offer**

G.    As demonstrated by the [Declaration(s) of [●], the] evidence proffered or

adduced at the Sale Hearing, and the representations of counsel made on the record at the Sale

Page:      7
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

Hearing, the Debtors conducted a sale process in accordance with, and have, along with the Buyer, complied in all material respects with, the Bidding Procedures Order and afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase the Purchased Assets and assume the Assumed Liabilities.

H.      (i) The Debtors and their advisors engaged in a robust and extensive marketing and sale process, both prior to the commencement of these Chapter 11 Cases and through the post-petition sale process in accordance with the Bidding Procedures Order and the sound exercise of the Debtors' business judgment; (ii) the Debtors conducted a fair and open sale process; (iii) the sale process, the Bidding Procedures, and the Auction were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any entity that either expressed an interest in acquiring the Purchased Assets, or who the Debtors believed may have had an interest in acquiring the Purchased Assets, to make an offer to purchase the Debtors' assets, including, without limitation the Purchased Assets; (iv) the Debtors and the Buyer have negotiated and undertaken their roles leading to the entry into the Purchase Agreement in a diligent, non-collusive, fair, reasonable, and good faith manner; and (v) the sale process conducted by the Debtors pursuant to the Bidding Procedures Order and the Bidding Procedures resulted in the highest or otherwise best value for the Purchased Assets for the Debtors and their estates, was in the best interests of the Debtors, their creditors, and all parties in interest. There is no legal or equitable reason to delay consummation of the Purchase Agreement and the transactions contemplated therein.

Page:     8
Debtors:  ACETO CORPORATION, *et al.*
Case No.: 19-13448 (VFP)
Caption:  Order (A) Authorizing And Approving The Sale Of Substantially All Assets
          Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
          Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
          Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
          Related Thereto, And (C) Granting Related Relief

---

I.      [The Debtors have also determined, in a valid and sound exercise of their business judgment and in consultation with their advisors and the Consultation Parties (as defined in the Bidding Procedures), that the next highest or otherwise best Qualified Bid (as defined in the Bidding Procedures) (the "Designated Back-Up Bid") for the Purchased Assets was that of [●] (the "Designated Back-Up Bidder")].

J.      Approval of the Sale Motion and the Purchase Agreement, and the consummation of the Sale contemplated thereby, is in the best interests of the Debtors, their respective creditors, estates, and other parties in interest. The Debtors have demonstrated good, sufficient, and sound business reasons and justifications for entering into the Sale and the performance of their obligations under the Purchase Agreement.

K.      The consummation of the Sale outside a plan of reorganization pursuant to the Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a plan of reorganization or liquidation for the Debtors. The Sale does not constitute a *sub rosa* chapter 11 plan.

L.      Entry of an order approving the Purchase Agreement and all the provisions thereof is a necessary condition precedent to Buyer's consummation of the Sale, as set forth in the Purchase Agreement.

### Good Faith of Buyer

M.      The consideration to be paid by the Buyer under the Purchase Agreement was negotiated at arm's-length, in good faith and without collusion pursuant to section 363(m) of the

Page:     9
Debtors:  ACETO CORPORATION, *et al.*
Case No.: 19-13448 (VFP)
Caption:  Order (A) Authorizing And Approving The Sale Of Substantially All Assets
          Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
          Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
          Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
          Related Thereto, And (C) Granting Related Relief

_____

Bankruptcy Code and constitutes reasonably equivalent value and fair and adequate

consideration for the Purchased Assets. Specifically: (i) the Buyer recognized that the Debtors

were free to deal with any other party interested in purchasing the Purchased Assets; (ii) the

Buyer complied in all respects with the applicable provisions of the Bidding Procedures Order in

negotiating and entering into the Purchase Agreement and the other Transaction Documents, and

the Purchase Agreement, the other Transaction Documents and the transactions described therein

comply with the Bidding Procedures Order; (iii) the Buyer agreed to subject its bid to the

competitive bid procedures set forth in the Bidding Procedures Order; (iv) all payments made or

to be made by the Buyer in connection with the Sale have been disclosed in the Purchase

Agreement; (v) except as set for in the [Declaration(s) of [●], there is no common identity of

directors, officers or controlling stockholders exists among the Buyer and the Debtors and Buyer

is not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy

Code; (vi) the negotiation and execution of the Purchase Agreement and the other Transaction

Documents were at arm's-length by parties not affiliated with one another and via the Debtor's

independent committee and in good faith, and at all times each of the Buyer and the Debtors

were represented by competent counsel of their choosing; and (vii) the Buyer has not acted in a

collusive manner with any person. The Buyer and all affiliates thereof has at all times acted in

good faith within the meaning of section 363(m) of the Bankruptcy Code in negotiating the

transactions contemplated by the Purchase Agreement and the other Transaction Documents, in

submitting the Stalking Horse Bid (as defined in the Bidding Procedures Order), and in bidding

Page:       10
Debtors:    ACETO CORPORATION, *et al.*
Case No.:   19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets
            Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
            Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
            Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
            Related Thereto, And (C) Granting Related Relief

---

at the auction and presenting the Purchase Agreement and the other Transaction Documents to

the Court for approval.    The Buyer and all affiliates thereof will be acting in good faith within

the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated

by the Purchase Agreement and the other Transaction Documents. The terms and conditions set

forth in the Purchase Agreement are fair and reasonable under the circumstances and were not

entered into for the purpose of, nor do they have the effect of, hindering, delaying, or defrauding

the Debtors or their creditors under any applicable laws.

N.       The Debtors and the Buyer, and each of their respective management, boards of

directors, members, officers, directors, employees, agents, and representatives, have acted in

good faith in connection with negotiations and entry into the Purchase Agreement. The Purchase

Agreement and the other Transaction Documents, and each of the transactions contemplated

therein, were negotiated, proposed, and entered into by the Debtors and the Buyer in good faith,

without collusion or fraud, and from arm's-length bargaining positions. The Buyer is a "good

faith purchaser" within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is

entitled to all the protections afforded thereby.

## No Fraudulent Transfer

O.       The consideration provided by the Buyer pursuant to the Purchase Agreement for

its purchase of the Purchased Assets and the assumption of the Assumed Liabilities constitutes

reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform

Page:      11
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the

United States, any state, territory, possession, or the District of Columbia.

P.      Neither the Buyer nor its past, present and future subsidiaries, parents, divisions,

affiliates, agents, representatives, insurers, attorneys, successors and assigns, nor any of its nor

their respective directors, managers, officers, employees, shareholders, members, agents,

representatives, attorneys, contractors, subcontractors, independent contractors, owners,

insurance companies or partners (each, a "Buyer Party") is a continuation of the Debtors or their

respective estates and no Buyer Party is holding itself out to the public as a continuation of the

Debtors or their respective estates and the Sale does not amount to a consolidation, merger, or de

facto merger of the Buyer (or any other Buyer Party) and the Debtors.

## Validity of Transfer

Q.      Parent's and each Seller's board of directors has authorized the execution and

delivery of the Purchase Agreement and the Sale of the Purchased Assets to the Buyer. The

Debtors (i) have full corporate power and authority to execute and deliver the Purchase

Agreement and all other documents contemplated thereby, as applicable, (ii) have all of the

power and authority necessary to consummate the Sale, and (iii) have taken all action necessary

to authorize and approve the Purchase Agreement and to consummate the Sale, and no further

consents or approvals, other than those expressly provided for in the Purchase Agreement, are

required for the Debtors to consummate the transactions contemplated by the Purchase

Agreement, except as otherwise set forth in the Purchase Agreement. The Purchased Assets

Page:      12
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

_____

constitute property of the Debtors' estates within the meaning of section 541(a) of the

Bankruptcy Code and title thereto is presently vested in the Debtors' estates.

### Section 363(f) Is Satisfied

R.      The Sale of the Purchased Assets to the Buyer and the assumption and assignment

to the Buyer of the Buyer Assumed Agreements under the terms of the Purchase Agreement

meets the applicable provisions of section 363(f) of the Bankruptcy Code such that the Sale of

the Purchased Assets will be free and clear of all Liens, Claims and Interests, and will not subject

any Buyer Party to any liability for any Liens, Claims or Interests whatsoever (including, without

limitation, under any theory of equitable law, antitrust, or successor or transferee liability),

except as expressly provided in the Purchase Agreement. All holders of Liens, Claims or

Interests who did not object, or withdrew their objections to the Sale, are deemed to have

consented to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code, and all holders of

Liens, Claims or Interests are adequately protected—thus satisfying section 363(e) of the

Bankruptcy Code—by having their Liens, Claims or Interests, if any, attach to the proceeds of

the Sale ultimately attributable to the property against or in which they assert Liens, Claims or

Interests, in the same order of priority and with the same validity, force, and effect that such

holder had prior to the Sale, subject to any rights, claims, and defenses of the Debtors or their

estates, as applicable. Those holders of Liens, Claims or Interests who did object and that have

an interest in the Purchased Assets fall within one or more of the other subsections of section

363(f) of the Bankruptcy Code.

Page:        13
Debtors:     ACETO CORPORATION, *et al.*
Case No.:    19-13448 (VFP)
Caption:     Order (A) Authorizing And Approving The Sale Of Substantially All Assets
             Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
             Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
             Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
             Related Thereto, And (C) Granting Related Relief

---

S.      Except for the Assumed Liabilities and other obligations of the Buyer to the

extent set forth in the Purchase Agreement, the transfer of the Purchased Assets to the Buyer

shall be a legal, valid and effective transfer of the Purchased Assets and shall vest the Buyer at

Closing with all right, title and interest of the Debtors in and to the Purchased Assets, free and

clear of all claims (as defined in Section 101(5) of the Bankruptcy Code, "Claims"), liens (as

defined in Section 101(37) of the Bankruptcy Code, "Liens"), encumbrances and all other

interests (collectively including each of the foregoing, "Interests"), including, but not limited to:

(1) those that purport to give to any party a right or option to effect any forfeiture, modification,

right of first refusal or termination of the Debtors' interest in the Purchased Assets, or any

similar rights, including rights under section 365(h) of the Bankruptcy Code; (2) those relating to

taxes arising under or out of in connection with, or in any way relating to the operation of the

Purchased Assets prior to the Closing; and (3) (a) those arising under all mortgages, deeds of

trust, security interests, conditional sale or other title retention agreements, pledges, liens,

judgments, demands, rights of setoff or recoupment, encumbrances, rights of first refusal or

charges of any kind or nature, if any, including, but not limited to, any restriction on the use,

voting, transfer, receipt of income or other exercise of any attributes of ownership, and (b) all

debts arising in any way in connection with any agreements, acts or failures to act of any of the

Debtors or any of the Debtors' predecessors or affiliates, Claims, obligations, liabilities, rights of

set off or recoupment, demands, guaranties, options, rights, contractual or other commitments,

restrictions, interests and matters of any kind and nature, whether known or unknown, contingent

-13-

Page:      14
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

or otherwise, whether arising prior to or subsequent to the commencement of this bankruptcy

case, and whether imposed by agreement, understanding, law, equity or otherwise, including, but

not limited to, Claims otherwise arising under doctrines of successor liability to the greatest

extent permitted by applicable law.

T.      The Buyer would not have entered into the Purchase Agreement and would not

consummate the transactions, thus adversely purchased affecting the Debtors, their estates and

their creditors and other stakeholders, if the transfer of the Purchase Assets to the Buyer and the

assumption of the Assumed Liabilities by Buyer were not, except as otherwise expressly

provided in the Purchase Agreement with respect to the Assumed Liabilities, free and clear of all

Interests of any kind or nature whatsoever, or if the Buyer would, or in the future could, be liable

for any of such Interests including, but not limited to: (1) any employment or labor agreements;

(2) any pension, welfare, compensation or other employee benefit plans, agreements, practices

and programs, including, without limitation, any pension plan of the Debtors; (3) any other

employee, worker's compensation, occupational disease or unemployment or temporary

disability related Claim, including, without limitation, Claims that might otherwise arise under or

pursuant to: (a) the Employee Retirement, Income, Security Act of 1974, as amended. (b) the

Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal

Rehabilitation Act of 1973, the National Labor Relations Act, (f) the Worker Adjustment and

Retraining Act of 1988, (g) the Age Discrimination and Employee Act of 1967, (h) the

Consolidated Omnibus Budget Reconciliation Act of 1985, (i) the Jones Act; (4) any products

Page:    15
Debtors:    ACETO CORPORATION, *et al.*
Case No.:    19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens, Rights, Interests, And Encumbrances, (B) Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto, And (C) Granting Related Relief

_____

liability, personal injury or similar Claims, whether pursuant to any state or federal laws or otherwise, including, without limitation, asbestos-related Claims; (5) environmental Claims or Liens arising from conditions or emissions first existing on or prior to the Closing (including, without limitation, the presence of hazardous, toxic, polluting or contaminating substances or waste) that may be asserted on any basis, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, *et seq*., or similar state or local statutes or ordinances; (6) any bulk sales or similar law; (7) any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; and (8) any theories of successor liability.

### **Assumption and Assignment of the Buyer Assumed Agreements**

U.    The assumption and assignment of the Buyer Assumed Agreements pursuant to the terms of this Sale Order are integral to the Purchase Agreement, are in the best interests of the Debtors and their respective estates, creditors, and other parties in interest, and represent the reasonable exercise of sound and prudent business judgment by the Debtors.

V.    The Debtors have met all requirements of section 365(b) of the Bankruptcy Code for each of the Buyer Assumed Agreements. As provided for in the Purchase Agreement, the Buyer and/or the Debtors have (i) cured and/or provided adequate assurance of cure of any default existing prior to the Closing under all of the Buyer Assumed Agreements, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, (ii) provided compensation or adequate assurance of compensation to any counterparty for actual pecuniary loss to such party

-15-

Page:      16
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens, Rights, Interests, And Encumbrances, (B) Authorizing And Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Related Thereto, And (C) Granting Related Relief

---

resulting from a default prior to the Closing under any of the Buyer Assumed Agreements within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (iii) provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code. The Buyer has provided adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) and in accordance with the Bidding Procedures to the extent that any such assurance is required and not waived by the counterparties to such Buyer Assumed Agreements.

W.     At any time prior to the Closing and prior to the rejection of an executory contract or unexpired lease, the Debtors shall have the right, upon request of the Buyer and in accordance with the Bidding Procedures Order, to serve a Supplemental Cure Notice upon any non-Debtor counterparty thereto indicating the Debtors' intent to assume and assign such executory contract or unexpired lease. The objection deadline for all Buyer Assumed Agreements, other than those subject to a Supplemental Cure Notice, lapsed on [●], 2019. Objections, if any, to the proposed assumption and assignment or the Cure Cost proposed in any Supplemental Cure Notice with respect thereto, must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Cost, the correct Cure Cost alleged by the objecting counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Court and served upon counsel to the Debtors and counsel to the Buyer so as to be actually received on or before the deadline set forth in the applicable

Page:      17
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

_____

Supplemental Cure Notice, which shall be no earlier than seven (7) calendar days after service

thereof.  If the parties cannot agree on a resolution of any such objection, the Debtors will seek

an expedited hearing before the Court to determine the Cure Cost or other matter in dispute and

approve the assumption and assignment of such executory contract or unexpired lease to Buyer.

If no objection is filed prior to the applicable objection deadline, then the counterparties will be

deemed to have consented (including consent under Section 365(c)(1) of the Bankruptcy Code)

to the assumption and assignment to Buyer and the Cure Cost, and such assumption and

assignment to Buyer and the Cure Cost shall be deemed approved by this Sale Order without

further order of this Court.

X.      The (i) transfer of the Purchased Assets to the Buyer and (ii) assignment to the

Buyer of the Buyer Assumed Agreements, will not subject the Buyer to any liability whatsoever

that arises prior to the Closing or by reason of such transfer under the laws of the United States,

any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part,

directly or indirectly, on any theory of law or equity, including, without limitation, any theory of

equitable law, any theory of antitrust, successor, transferee, derivative, or vicarious liability or

any similar theory and/or applicable state or federal law or otherwise.

**Prompt Consummation**

Y.      Based on the record of the Sale Hearing, and for the reasons stated on the record

at the Sale Hearing, the sale of the Purchased Assets must be approved and consummated

promptly to preserve the value of the Purchased Assets. Time, therefore, is of the essence in

Page:      18
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

effectuating the Purchase Agreement. As such, the Debtors and the Buyer intend to close the sale

of the Purchased Assets as soon as reasonably practicable. The Debtors have demonstrated

compelling circumstances and a good, sufficient, and sound business purpose and justification

for the immediate approval and consummation of the Purchase Agreement. Accordingly, there is

sufficient cause to waive the stay provided in Bankruptcy Rules 6004(h) and 6006(d).

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**General Provisions**

1.      The Sale Motion is GRANTED to the extent set forth herein.

2.      All objections to or reservation of rights with respect to the Sale Motion or the

relief requested therein that have not been withdrawn or resolved as stated on the record of the

proceedings are overruled. All persons and entities who did not object or withdraw their

objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the

Bankruptcy Code.

3.      The Purchase Agreement and the other Transaction Documents, and all terms and

conditions thereof, are hereby approved.

4.      [The Designated Back-Up Bidder is hereby approved as the Back-Up Bidder (as

defined in the Bidding Procedures), and the Designated Back-Up Bid is hereby approved and

authorized as the Back-Up Bid (as defined in the Bidding Procedures) in accordance with the

Bidding Procedures. To the extent necessary, the terms and conditions of the Back-Up Bid will

Page:      19
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

_____

be approved pursuant to a separate sale order to be submitted at a later date consistent with the

terms of the Back-Up Bid.]

**Transfer of the Purchased Assets as set forth in the Purchase Agreement**

5.      The Debtors are authorized and directed to (a) take any and all actions necessary

or appropriate to perform, consummate, implement, and close the Sale in accordance with the

terms and conditions set forth in the Transaction Documents and this Sale Order, (b) assume and

assign any and all Buyer Assumed Agreements, and (c) take all further actions and execute and

deliver the Transaction Documents and any and all additional instruments and documents that

may be necessary or appropriate to implement the Purchase Agreement and the other Transaction

Documents and consummate the Sale in accordance with the terms thereof, all without further

order of the Court.

6.      The Buyer is not acquiring any of the Excluded Assets or assuming any of the

Excluded Liabilities (as defined in the Purchase Agreement).

7.      All persons and entities are prohibited and enjoined from taking any action to

adversely affect or interfere with, or which would be inconsistent with, the ability of the Debtors

to transfer the Purchased Assets to the Buyer in accordance with the Purchase Agreement, the

other Transaction Documents and this Sale Order.

8.      At Closing, all of the Debtors' right, title, and interest in and to, and possession

of, the Purchased Assets shall be immediately vested in the Buyer pursuant to sections 105(a),

363(b), 363(f), and 365 of the Bankruptcy Code. Such transfer shall constitute a legal, valid,

Page:      20
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

enforceable, and effective transfer of the Purchased Assets. All persons or entities, presently or at

or after the Closing, in possession of some or all of the Purchased Assets, are directed to

surrender possession of any and all portions of the Purchased Assets to the Buyer on the Closing

Date or at such time thereafter as the Buyer may request.

9.     This Sale Order (a) shall be effective as a determination that, as of the Closing, (i)

the Purchased Assets shall have been transferred to the Buyer free and clear of all Liens, Claims

and Interests (including but not limited to those described in Findings S and T hereof), except to

the extent set forth in the Purchase Agreement, and (ii) the conveyances described herein have

been effected, and (b) is and shall be binding upon and govern the acts of all entities, including,

without limitation, all filing agents, filing officers, title agents, title companies, recorders of

mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks, or other

intellectual property, administrative agencies, governmental departments, secretaries of state,

federal and local officials, and all other persons and entities who may be required by operation of

law, the duties of their office, or contract, to accept, file, register, or otherwise record or release

any documents or instruments, or who may be required to report or insure any title or state of

title; and each of the foregoing persons and entities is hereby directed to accept for filing any and

all of the documents and instruments necessary and appropriate to consummate the transactions

contemplated by the Purchase Agreement and the other Transaction Documents.

10.    All Liens, Claims and Interests with respect to the Purchased Assets shall attach

to the proceeds of the Sale ultimately attributable to the property against which such Liens,

Page:      21
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

Claims and Interests applied or other specifically dedicated funds, in the same order of priority

and with the same validity, force, and effect that such Liens, Claims and Interests applied prior to

the Sale, subject to any rights, claims, and defenses of the Debtors or their estates, as applicable,

or as otherwise provided herein.

11.    Except as expressly permitted otherwise by this Sale Order, all persons and

entities, including, but not limited to, all debt security holders; equity security holders;

governmental, tax and regulatory authorities; lenders; trade creditors; and other creditors holding

Interests of any kind or nature whatsoever against or in the Debtors or the Purchased Assets

(whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-

contingent, senior or subordinated), arising under or out of, in connection with or in any way

relating to the Debtors, the Purchased Assets, the operation of the Purchased Assets prior to the

Closing are forever barred, estopped and permanently enjoined from asserting against the Buyer,

its successors or assigns, their property or the Purchased Assets such persons' or entities'

Interests (including without limitation, any right of set-off or recoupment).

12.    If any person or entity that has filed financing statements, mortgages, mechanic's

claims, lis pendens, or other documents or agreements evidencing claims against the Debtors or

in the Purchased Assets shall not have delivered to the Debtors prior to the Closing of the Sale,

in proper form for filing and executed by the appropriate parties, termination statements,

instruments of satisfaction, and/or releases of all Liens, Claims and Interests that the person or

entity has with respect to the Debtors or the Purchased Assets or otherwise, then only with regard

Page:       22
Debtors:    ACETO CORPORATION, *et al.*
Case No.:   19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets
            Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
            Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
            Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
            Related Thereto, And (C) Granting Related Relief

_____

to the Purchased Assets that are purchased by the Buyer pursuant to the Purchase Agreement and

this Sale Order, (a) the Debtors are hereby authorized and directed to execute and file such

statements, instruments, releases, and other documents on behalf of the person or entity with

respect to the Purchased Assets, (b) the Buyer is hereby authorized to file, register, or otherwise

record a certified copy of this Sale Order, which, once filed, registered, or otherwise recorded,

shall constitute conclusive evidence of the release of all Liens, Claims, and Interests against each

Buyer Party and the Purchased Assets, and (c) upon consummation of the Sale, the Buyer may

seek in this Court or any other court to compel appropriate parties to execute termination

statements, instruments of satisfaction, and releases of all Liens, Claims and Interests that are

extinguished or otherwise released pursuant to this Sale Order under section 363 of the

Bankruptcy Code, and any other provisions of the Bankruptcy Code, with respect to the

Purchased Assets. This Sale Order is deemed to be in recordable form sufficient to be placed in

the filing or recording system of each and every federal, state, or local government agency,

department, or office. Notwithstanding the foregoing, the provisions of this Sale Order

authorizing the Sale and assignment of the Purchased Assets free and clear of Liens, Claims and

Interests shall be self-executing and neither the Debtors nor the Buyer shall be required to

execute or file releases, termination statements, assignments, consents, or other instruments to

effectuate, consummate, and implement the provisions of this Sale Order.

## No Successor or Transferee Liability

Page:      23
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

_____

13.      No Buyer Party shall be deemed, as a result of any action taken in connection
with the Purchase Agreement, the consummation of the Sale contemplated by the Purchase
Agreement, or the transfer, operation, or use of the Purchased Assets to (a) be a legal successor,
or otherwise be deemed a successor to the Debtors (other than, for the Buyer, with respect to any
Assumed Liabilities), (b) have, de facto or otherwise, merged with or into the Debtors, or (c) be
an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise of
the Debtors including, without limitation, within the meaning of any foreign, federal, state, or
local revenue law, pension law, the Employee Retirement Income Security Act of 1974
("ERISA"), tax law, labor law, products liability law, employment law, environmental law, or
other law, rule, or regulation (including, without limitation, filing requirements under any such
laws, rules or regulations).

14.      Other than as expressly set forth in the Purchase Agreement, no Buyer Party shall
have any responsibility for (a) any liability or other obligation of the Debtors or (b) any claims
against the Debtors or any of their predecessors or affiliates. Except as expressly provided in the
Purchase Agreement with respect to the Buyer, no Buyer Party shall have any liability
whatsoever with respect to the Debtors' (or their predecessors' or affiliates') respective
businesses or operations or any of the Debtors' (or their predecessors' or affiliates') obligations
(as defined herein, "Successor or Transferee Liability") based, in whole or part, directly or
indirectly, on any theory of successor or vicarious liability of any kind or character, or based
upon any theory of antitrust, environmental, successor, or transferee liability, de facto merger or

-23-

Page:      24
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

substantial continuity, labor and employment or products liability, whether known or unknown

as of the Closing, now existing or hereafter arising, asserted or unasserted, fixed or contingent,

liquidated or unliquidated, including, without limitation, liabilities on account of (a) any taxes

arising, accruing, or payable under, out of, in connection with, or in any way relating to the

Purchased Assets or the Assumed Liabilities prior to the Closing or in respect of pre-Closing

periods or (b) any plan, agreement, practice, policy, or program, whether written or unwritten,

providing for pension, retirement, health, welfare, compensation or other employee benefits

which is or has been sponsored, maintained or contributed to by any Debtor or with respect to

which any Debtor has any liability, whether or not contingent, including, without limitation, any

"multiemployer plan" (as defined in Section 3(37) of ERISA) or "pension plan" (as defined in

Section 3(2) of ERISA) to which any Debtor has at any time contributed, or had any obligation

to contribute. Except to the extent expressly included in the Assumed Liabilities with respect to

the Buyer or as otherwise expressly set forth in the Purchase Agreement, no Buyer Party shall

have any liability or obligation under any applicable law, including, without limitation, (a) the

WARN Act (29 U.S.C. §§ 2101 *et seq*.), (b) the Comprehensive Environmental Response

Compensation and Liability Act, (c) the Age Discrimination and Employment Act of 1967 (as

amended), (d) the Federal Rehabilitation Act of 1973 (as amended), (e) the National Labor

Relations Act, 29 U.S.C. § 151 *et seq.*, (f) Section 1927 of the Social Security Act, 42 U.S.C. §

1396r-8 or (g) any foreign, federal, state, or local labor, employment or environmental law, by

virtue of the Buyer's purchase of the Purchased Assets, assumption of the Assumed Liabilities,

Page:      25
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

or hiring of certain employees of the Debtors pursuant to the terms of the Purchase Agreement.
Without limiting the foregoing, no Buyer Party shall have any liability or obligation with respect
to any environmental liabilities of the Debtors or any environmental liabilities associated with
the Purchased Assets except to the extent they are Assumed Liabilities set forth in the Purchase
Agreement.

15.     Effective upon the Closing, all persons and entities are forever prohibited and
enjoined from commencing or continuing in any matter any action or other proceeding, whether
in law or equity, in any judicial, administrative, arbitral, or other proceeding against any Buyer
Party or their respective assets (including, without limitation, the Purchased Assets), with respect
to any Successor or Transferee Liability including, without limitation, the following actions with
respect to any such Successor or Transferee Liability: (i) commencing or continuing any action
or other proceeding pending or threatened; (ii) enforcing, attaching, collecting, or recovering in
any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any
lien, claim, interest, or encumbrance; (iv) asserting any setoff, right of subrogation, or
recoupment of any kind; (v) commencing or continuing any action, in any manner or place, that
does not comply with, or is inconsistent with, the provisions of this Sale Order or other orders of
this Court, or the agreements or actions contemplated or taken in respect hereof; or (vi) revoking,
terminating, failing, or refusing to renew any license, permit, or authorization to operate any
business in connection with the Purchased Assets or conduct any of the businesses operated with
respect to such assets.

Page:     26
Debtors:  ACETO CORPORATION, *et al.*
Case No.: 19-13448 (VFP)
Caption:  Order (A) Authorizing And Approving The Sale Of Substantially All Assets
          Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
          Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
          Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
          Related Thereto, And (C) Granting Related Relief

_____

16.     Except as otherwise set forth in the Purchase Agreement, the Buyer shall have no

obligation to pay wages, bonuses, severance pay, benefits (including, without limitation,

contributions or payments on account of any under- funding with respect to any and all pension

plans) or any other payment with respect to employees or former employees of the Debtors.

Except to the extent expressly provided in the Purchase Agreement, the Buyer shall have no

liability with respect to any collective bargaining agreement, employee pension plan, employee

welfare (including, without limitation, any retiree benefit liabilities or obligations) or retention,

benefit and/or incentive plan to which the Debtors or any affiliate is a party and relating to the

Purchased Assets (including, without limitation, arising from or related to the rejection or other

termination of any such agreement), and the Buyer shall in no way be deemed parties to or

assignees of any such agreement, and no employee of the Buyer shall be deemed in any way

covered by or a party to any such agreement, and, except for Assumed Liabilities, all parties to

any such agreement are hereby permanently enjoined from asserting against the Buyer any and

all Claims arising from or relating to such agreement.  All notices, if any, required to be given to

the Debtor's employees pursuant to the Workers Adjustment and Retraining Notification Act, or

any similar federal or state law, shall be the sole responsibility and obligation of the Debts, and

the Buyer shall have no duties, responsibility or liability therefor.

17.     Except as otherwise set forth in the Purchase Agreement, the Buyer's purchase of

the Purchased Assets under the Purchase Agreement is free and clear with respect to all workers'

compensation obligations or liabilities, including, without limitation, workers' compensation

Page:        27
Debtors:    ACETO CORPORATION, *et al.*
Case No.:   19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets
            Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
            Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
            Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
            Related Thereto, And (C) Granting Related Relief

---

claims or suits of any type, whether now known or unknown, whenever incurred or filed, which

have occurred or which arise from work-related injuries, diseases, death, exposures, intentional

torts, acts of discrimination or other incidents, acts or injuries prior to the Closing Date,

including, but not limited to, any and all workers' compensation claims filed or to be filed, or

reopenings of those claims, by or on behalf of any of the Debtors or its affiliates' current or

former employees, persons on laid-off, inactive or retired status, or their respective dependents,

heirs or assigns, as well as any and all premiums, assessments or other obligations of any nature

whatsoever of the Debtors relating in any way to workers' compensation liability.

### **Good Faith of Buyer**

18.      The Sale contemplated by the Purchase Agreement is undertaken by the Buyer

without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy

Code, and accordingly, the reversal or modification on appeal of the authorization provided

herein to consummate the Sale shall not affect the validity of the Sale (including, without

limitation, the assumption and assignment of the Buyer Assumed Agreements), unless such

authorization and consummation of such Sale are duly and properly stayed pending such appeal.

19.      Neither the Debtors nor the Buyer have engaged in any action or inaction that

would cause or permit the Sale to be avoided or costs or damages to be imposed under section

363(n) of the Bankruptcy Code. The consideration provided by the Buyer for the Purchased

Assets under the Purchase Agreement is fair and reasonable and the Sale may not be avoided,

and costs and damages may not be imposed, under section 363(n) of the Bankruptcy Code.

Page:      28
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

### Assumption and Assignment of Buyer Assumed Agreements

20.     The Debtors are authorized and directed at the Closing to assume and assign each of the Buyer Assumed Agreements to the Buyer pursuant to sections 105(a) and 365 of the Bankruptcy Code and to execute and deliver to the Buyer such documents or other instruments as may be necessary to assign and transfer the Buyer Assumed Agreements to the Buyer. The payment by the Buyer or the Seller (as the case may be as provided for in the Purchase Agreement) or upon such other provision as approved by the Bankruptcy Court on the record at the Sale Hearing of the applicable Cure Costs (if any) under a Buyer Assumed Agreement shall (a) effect a cure of all defaults existing thereunder as of the Closing, and (b) compensate for any actual pecuniary loss to such counterparty resulting from such default.

21.     Pursuant to section 365(f) of the Bankruptcy Code, subject to payment by the Buyer of the applicable Cure Costs, the Buyer Assumed Agreements to be assumed and assigned under the Purchase Agreement shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Buyer notwithstanding any provision in the Buyer Assumed Agreements or other restrictions prohibiting their assignment or transfer. Any provisions in any Buyer Assumed Agreement that prohibit or condition the assignment of such Buyer Assumed Agreement to the Buyer (including the invocation of Section 1927 of the Social Security Act, 42 U.S.C. § 1396r-8) or allow the counterparty to such Buyer Assumed Agreement to terminate, recapture, setoff or recoup impose any penalty, condition on renewal or extension, or modify any term or condition upon the assignment of such Buyer Assumed Agreement to the Buyer,

Page:      29
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

constitute unenforceable anti-assignment provisions that are void and of no force and effect. All

other requirements and conditions under sections 363 and 365 of the Bankruptcy Code

(including, without limitation, the satisfaction of the requirement under Section 365(c)(1) of the

Bankruptcy Code) for the assumption by the Debtors and assignment to the Buyer of the Buyer

Assumed Agreements have been satisfied. Upon the Closing, in accordance with sections 363

and 365 of the Bankruptcy Code, the Buyer shall be fully and irrevocably vested with all right,

title, and interest of the Debtors under the Buyer Assumed Agreements, and such Buyer

Assumed Agreements shall remain in full force and effect for the benefit of the Buyer. Each

counterparty to the Buyer Assumed Agreements shall be forever barred, estopped, and

permanently enjoined from (a) asserting against the Debtors or any Buyer Party or their

respective property any assignment fee, acceleration, default, breach or claim or pecuniary loss,

or condition to assignment existing, arising or accruing as of the Closing or arising by reason of

the Closing, including, without limitation, any breach related to or arising out of change-in-

control provisions in such Buyer Assumed Agreements, or any purported written or oral

modification to the Buyer Assumed Agreements and (b) asserting against any Buyer Party (or its

respective property, including, without limitation, the Purchased Assets) any claim,

counterclaim, defense, breach, condition, or setoff asserted, or assertable against the Debtors

existing as of the Closing or arising by reason of the Closing except for the Assumed Liabilities.

22.      Upon the Closing and the payment of the relevant Cure Costs, if any, the Buyer

shall be deemed to be substituted for the Debtors as a party to the applicable Buyer Assumed

Page:    30
Debtors:    ACETO CORPORATION, *et al.*
Case No.:    19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets
Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
Related Thereto, And (C) Granting Related Relief

---

Agreements and the Debtors shall be released, pursuant to section 365(k) of the Bankruptcy

Code, from any liability under the Buyer Assumed Agreements. There shall be no rent

accelerations, assignment fees, increases, or any other fees charged to the Buyer or the Debtors

as a result of the assumption and assignment of the Buyer Assumed Agreements. The failure of

the Debtors or the Buyer to enforce at any time one or more terms or conditions of any Buyer

Assumed Agreement shall not be a waiver of such terms or conditions or of the right of the

Debtors or the Buyer, as the case may be, to enforce every term and condition of such Buyer

Assumed Agreement. The validity of the assumption and assignment of any Buyer Assumed

Agreement to the Buyer shall not be affected by any existing dispute between the Debtors and

any counterparty to such Buyer Assumed Agreement. Any party that may have had the right to

consent to the assignment of any Buyer Assumed Agreement is deemed to have consented for

the purposes of section 365(e)(2)(A) of the Bankruptcy Code.

23.    The assignments of each of the Buyer Assumed Agreements are made in good

faith under sections 363(b) and (m) of the Bankruptcy Code.

**Other Provisions**

24.    To the maximum extent permitted by applicable law, and in accordance with the

Purchase Agreement, the Buyer shall be authorized, as of the Closing, to operate under any

license, permit, registration, and governmental authorization or approval (collectively, the

"Licenses") of the Debtors with respect to the Purchased Assets. To the extent the Buyer cannot

operate under any Licenses in accordance with the previous sentence, such Licenses shall remain

Page:     31
Debtors:    ACETO CORPORATION, *et al.*
Case No.:    19-13448 (VFP)
Caption:    Order (A) Authorizing And Approving The Sale Of Substantially All Assets
Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
Related Thereto, And (C) Granting Related Relief

---

in effect for a period not to exceed sixty (60) days from the Closing while the Buyer works

promptly and diligently to apply for and secure all necessary government approvals for issuance

of new Licenses to the Buyer; provided, however, to the extent the Buyer operates under any

Licenses of the Sellers after the Closing, the Buyer shall reimburse the Sellers (within 5 days of

receiving an invoice) for any and all actual, reasonable and documented costs, fees, charges,

expenses or other obligations incurred by the Sellers associated with the Buyer operating under

any Licenses of the Sellers.

25.    To the extent provided by section 525 of the Bankruptcy Code, no governmental

unit (federal or state) may revoke or suspend any permit or License relating to the Purchased

Assets sold, transferred, or conveyed to the Buyer on account of (i) the filing or pendency of

these Chapter 11 Cases or (ii) the consummation of the Sale contemplated by the Purchase

Agreement or the failure of the Debtors to pay any pre-petition claims of such governmental unit.

26.    The Buyer shall not be required to seek or obtain relief from the automatic stay

under section 362 of the Bankruptcy Code to enforce any of its remedies under the Purchase

Agreement or any other Sale-related document. The automatic stay imposed by section 362 of

the Bankruptcy Code is modified solely to the extent necessary to implement the preceding

sentence, *provided, however*, that this Court shall retain exclusive jurisdiction over any and all

disputes with respect thereto.

27.    The terms and provisions of the Purchase Agreement, the other Transaction

Documents and this Sale Order shall be binding in all respects upon the Debtors, their affiliates,

Page:        32
Debtors:     ACETO CORPORATION, *et al.*
Case No.:    19-13448 (VFP)
Caption:     Order (A) Authorizing And Approving The Sale Of Substantially All Assets
             Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
             Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
             Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
             Related Thereto, And (C) Granting Related Relief

---

their estates, all creditors of (whether known or unknown) and holders of equity interests in any

Debtor, any holders of claims against or on all or any portion of the Purchased Assets, all

counterparties to the Buyer Assumed Agreements, the Buyer, and all of their respective

successors and assigns including, but not limited to, any subsequent trustee(s) appointed in any

of the Debtors' Chapter 11 Cases or upon conversion of any of the Chapter 11 Cases to a case

under chapter 7 of the Bankruptcy Code, as to which trustee(s) such terms and provisions

likewise shall be binding. The Purchase Agreement shall not be subject to rejection or avoidance

by the Debtors, their estates, their creditors, their shareholders, or any trustee(s).

28.     The terms and provisions of this Sale Order and any actions taken pursuant hereto

shall survive entry of an order which may be entered: (a) confirming any chapter 11 plan in any

of these Chapter 11 Cases; (b) converting any of the Chapter 11 Cases to a case under chapter 7

of the Bankruptcy Code; (c) dismissing any of the Chapter 11 Cases; or (d) pursuant to which

this Court abstains from hearing any of the Chapter 11 Cases. The terms and provisions of this

Sale Order, notwithstanding the entry of any such orders described in (a)-(d) above, shall

continue in these Chapter 11 Cases, or following dismissal of these Chapter 11 Cases and

nothing contained in any Chapter 11 plan hereafter confirmed or any order confirming such

Chapter 11 plan or any other order of this Court shall conflict with or derogate from the

provisions of the Purchase Agreement, any Transaction Document or the terms of this Sale

Order.

Page:      33
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

29.     Each and every federal, state, and local governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement (including any document requesting a name change or assignment thereof and regardless of whether such agency or department has a Claim against the Debtors.

30.     The Purchase Agreement and the Sale contemplated hereunder shall not be subject to any bulk sales laws or any similar law of any state or jurisdiction.

31.     Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon and dispose of the expired Inventory as of the Agreement Date as provided for in section 6.10(b) of the Purchase Agreement and shall not deliver such inventory to the Buyer at Closing.

32.     The Purchase Agreement may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not, based on the Debtors' business judgment, and in consultation with the Consultation Parties, have a material adverse effect on the Debtors' estates or their creditors. The Debtors shall provide the Consultation Parties with prior notice of any such modification, amendment, or supplement of the Purchase Agreement.  For the avoidance of doubt, all other modifications, amendments, or supplements to the Purchase Agreement shall require Court approval.

Page:      34
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

_____

33.     All time periods set forth in this Sale Order shall be calculated in accordance with
Bankruptcy Rule 9006(a).

34.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d),
7062, and 9014 or otherwise, the terms and conditions of this Sale Order shall be effective
immediately upon entry and the Debtors and the Buyer are authorized to close the Sale
immediately upon entry of this Sale Order.

35.     To the extent there is any conflict between the terms of this Sale Order and the
Purchase Agreement, the terms of this Sale Order shall control.

36.     This Court retains exclusive jurisdiction to:

(a)     Interpret, implement and enforce the terms and provisions of this Sale Order, the
        Bidding Procedures Order, and the Purchase Agreement, all amendments thereto,
        any waivers and consents thereunder, and each of the agreements executed in
        connection therewith in all respects, and resolve any disputes thereunder except as
        otherwise provided therein;

(b)     Protect Buyer and the Buyer Assumed Agreements, or Purchased Assets against
        any Interests or Excluded Liability, including, without limitation, to enjoin the
        commencement or continuation of any action seeking to impose on the Buyer
        successor liability;

(c)     Enter orders in aid or furtherance of the transactions;

(d)     Compel delivery of all Purchased Assets to the Buyer;

(e)     Adjudicate any and all issues relating to the Buyer Assumed Agreements;

(f)     Adjudicate all issues relating to any Liens or Interests: and

(g)     Adjudicate any and all issues relating to the Purchased Assets, the proceeds of the
        transactions provided for under the Purchase Agreement, the Sale Motion, and the
        Purchase Agreement.

Page:      35
Debtors:   ACETO CORPORATION, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (A) Authorizing And Approving The Sale Of Substantially All Assets
           Comprising The Debtors' Pharma Business Free And Clear Of All Claims, Liens,
           Rights, Interests, And Encumbrances, (B) Authorizing And Approving The
           Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases
           Related Thereto, And (C) Granting Related Relief

---

37.     After distribution on account of the Assumed Accounts Payable have been made by Buyer, Buyer shall file with the Court a written report setting forth the identities of those creditors to whom distributions were made and the amount of their respective distributions. Buyer shall have no liability to (or in amount in excess of) any trade vendors not designated on such report.

## **Exhibit 1**

**Purchase Agreement**

**[See Exhibit B to Sale Motion]**