**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Michael S. Etkin, Esq. (metkin@lowenstein.com)
Paul Kizel, Esq. (pkizel@lowenstein.com)
Wojciech F. Jung, Esq. (wjung@lowenstein.com)
Philip J. Gross, Esq. (pgross@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | Jointly Administered |

**APPLICATION FOR ENTRY OF AN ORDER SHORTENING TIME PERIOD FOR NOTICE UNDER FED. R. BANKR. P. 9006(c)(1), LIMITING NOTICE, AND SETTING HEARING FOR APPROVAL OF PROPOSED BIDDING PROCEDURES AND BID PROTECTIONS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, submit this application (the "Application"), pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 9013-2(c) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), for entry of an order shortening the time period for notice, limiting notice, and setting a hearing for approval of the proposed Bidding Procedures and Bid Protections set forth in the *Debtors' Motion for Orders (I) (a) Authorizing and*

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Aceto Agricultural Chemicals Corporation (3948); Aceto Realty LLC (7634); Rising Pharmaceuticals, Inc. (7959); Rising Health, LLC (1562); Acetris Health, LLC (3236); PACK Pharmaceuticals, LLC (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

*Approving Bidding Procedures in Connection with the Sale of Substantially All Assets Comprising the Debtors' Pharma Business; (b) Authorizing and Approving Bid Protections; (c) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (d) Scheduling a Sale Hearing; (e) Approving the Form and Manner of Notice Thereof; and (f) Granting Related Relief; and (II) (a) Authorizing and Approving the Sale of Substantially All Assets Comprising the Debtors' Pharma Business Free and Clear of All Claims, Liens, Rights, Interests, and Encumbrances, (b) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (c) Granting Related Relief* (the "Bidding Procedures Motion").[2] In support of this Application, the Debtors rely on the facts and arguments set forth in the Bidding Procedures Motion, which is incorporated herein by reference, and respectfully state as follows:

## BACKGROUND

**I.    General Background**

1. On February 19, 2019 (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases") in the United States Bankruptcy Court for the District of New Jersey.

2. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

3. On February 27, 2019, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these Chapter 11 Cases. *See Notice of Appointment of Official Committee of Unsecured Creditors* [Docket No. 80].

4. A detailed description of the Debtors' business and the facts surrounding the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Bidding Procedures Motion.

-2-

commencement of the Chapter 11 Cases is set forth in the *Declaration of Rebecca A. Roof in Support of First Day Relief* (the "First Day Declaration") [Docket No. 19], which is incorporated herein by reference.

## II.    The Bidding Procedures Motion

5.    As set forth in the First Day Declaration and other pleadings filed with the Court, the Debtors commenced these Chapter 11 Cases to facilitate the consummation of one or more value-maximizing sales of the Debtors' businesses and assets as a going concern under section 363 of the Bankruptcy Code.  These sale transactions are the culmination of a thorough prepetition marketing process that spanned over four months prior to the Petition Date.

6.    The Debtors received a number of binding offers for the Chemical Plus Business prior to the Petition Date.  However, the Debtors did not receive any acceptable binding asset purchase agreement for the Pharma Business. After thoroughly evaluating all available alternatives—including a possible liquidation of the Pharma Business—the Debtors determined that a sale of the Pharma Business as a going concern  remained the best available option to maximize the value of the Pharma Business for the benefit of the Debtors and their creditors.

7.    Faced with a liquidity crunch, the Debtors initiated the Chapter 11 Cases without a stalking horse agreement in place for the Pharma Business.  However, the Debtors' goal has been, and remains to this day, to sell the Pharma Business as a going concern.  The filing of the Chapter 11 Cases enabled the Debtors to secure and obtain (on an interim basis) approval of debtor-in-possession financing (the "DIP Facility") necessary for the Debtors' day-to-day operations and to provide the Debtors the opportunity to secure a stalking horse agreement for the Pharma Business and proceed with a post-petition sale process with respect to the Chemical Plus Business.[3]

---

[3] On February 22, 2019, the Debtors filed a motion to approve, among other things, the sale of the Chemical Plus Business and related bidding procedures (the "Chemical Plus Motion") [Docket No. 45].  The Chemical Plus Motion has been scheduled to be heard by the Court on March 15, 2019, at 10:00 a.m. (ET).

8.  The terms of the Debtors' DIP Facility and the Court's interim order approving the DIP Facility (the "Interim DIP Order") [Docket No. 36], require the Debtors to execute a stalking horse asset purchase agreement for the Pharma Business by Friday, March 8, 2019 or, alternatively, present to the DIP Administrative Agent (as defined in the Interim DIP Order) a wind-down or liquidation plan with respect to the Pharma Business by no later than March 13, 2019.  The DIP Lenders (as defined in the Interim DIP order) conditioned the DIP Facility on the Debtors meeting their sale-related milestones.  *See* Interim DIP Order, ¶32.

9.  The Debtors continued to negotiate with the Buyer after the Petition Date, resulting in the parties' execution of the Stalking Horse Agreement for the sale of the Pharma Business on March 7, 2019.  The Stalking Horse Agreement will be subject to higher and better offers in connection with a proposed auction process under section 363 of the Bankruptcy Code.  The Debtors believe that the Stalking Horse Agreement will provide a necessary floor for the proposed sale of the Pharma Business and constitutes the Debtors' best opportunity for maximizing the value of the Pharma Business for the benefit of their stakeholders.

10.  Accordingly, on the date hereof, the Debtors filed the Bidding Procedures Motion to obtain approval of, among other things, Bidding Procedures and related relief with respect to the auction process for the Pharma Business.   By the Bidding Procedures Motion, the Debtors propose to conduct this process in accordance with the following timeline:

| **Sale Dates and Deadlines** | |
| --- | --- |
| **Deadline to Serve Sale Notice and Cure Notice** | No later than two (2) business days after entry of the Bidding Procedures Order |
| **Cure Objection Deadline and Assignment Objection Deadline** | No later than ten (10) days after service of the Cure Notice or Supplemental Cure Notice, as applicable |
| **Sale Objection Deadline** | March 28, 2019 at 5:00 p.m. (ET) |

| **Bid Deadline** | March 29, 2019 at 5:00 p.m. (ET) |
|---|---|
| **Deadline to Notify Qualified Bidders** | April 1, 2019 |
| **Deadline to Select Starting Bid** | April 1, 2019 |
| **Auction (if required)** | April 2, 2019 at 10:00 a.m. (ET) |
| **Notice of Successful Bidder to be Filed** | One (1) business day after conclusion of the Auction |
| **Deadline for Reply Pleadings in Support of Sale** | April 3, 2019 at 12:00 p.m. (ET) |
| **Sale Hearing** | April 4, 2019 at 10:00 a.m. (ET) |

11.     Unless the Debtors adhere to an expedited sale schedule, the Debtors may be forced to liquidate the Pharma Business.  Simply put, the Debtors must act expeditiously to (a) meet the deadlines imposed by the DIP Facility, (b) preserve vendor and customer relationships and, thus, the going concern value of the Pharma Business, and (c) limit the significant cash outflows that would be required to be made during a prolonged sale-period.

12.     Therefore, by this Application, the Debtors seek to schedule a hearing on the Bidding Procedures, Bid Protections, and related relief as set forth in the Bidding Procedures Motion for March 15, 2019 at 10:00 a.m. (ET).  This date coincides with the bidding procedures hearing already established in connection with the Chemical Plus Business.

## **GOOD CAUSE EXISTS TO SHORTEN TIME**

13.     The regular notice period applicable to motions in this Court is 21 days. However, Bankruptcy Rule 9006(c) and Local Rule 9013-2(c) authorize the Court to shorten the notice period and limit notice on motions for cause shown.  The primary consideration for a court in determining whether to reduce a notice period is the prejudice that could potentially result to parties entitled to notice if the reduction is granted.  *See, e.g., In re Philadelphia*

*Newspapers, LLC*, 690 F. 3d 161, 171 (3rd Cir. 2012); *In re Grant Broadcasting of Philadelphia*, 71 B.R. 390, 397 (Bankr. W.D. Pa. 1987); *In re Villareal*, 160 B.R. 786, 788 (W.D. Tex. 1993).

14. Here, good cause exists to shorten notice with respect to the relief presently requested by the Bidding Procedures Motion. The Debtors firmly believe that a sale of the Pharma Business as a going concern represents their best opportunity to maximize the value of the Pharma Business assets. However, the Debtors do not have sufficient liquidity to continue a marketing and sale process on a prolonged basis post-petition. Moreover, an over-four month prepetition marketing process did not yield a stalking horse purchaser prior to the Petition Date. Therefore, it is critical that the Debtors commence a formal post-petition sale process under section 363 of the Bankruptcy Code as quickly as possible in order to avoid the possibility of being forced to liquidate the Pharma Business—a result the Debtors believe would not serve the best interests of their estates and creditors.

15. Shortening notice with respect to the Bidding Procedures and Bid Protections would not prejudice creditors. Though the Debtors are seeking shortened notice with respect to the Bidding Procedures Motion, the Debtors are not conducting a hasty sale process. Rather, the Stalking Horse Agreement is the culmination of an over-four month long prepetition marketing process as well as a post-petition process that, despite the Debtors' best efforts, resulted in the Buyer being the *only* party to have submitted a binding offer for the purchase of the Pharma Business as a going concern. Accordingly, the Debtors believe that under the circumstances, the immediate commencement of a value-maximizing bidding and auction process under which the Stalking Horse Agreement will set a much-needed floor price and stimulate competitive bidding for the Pharma Business Assets will serve to benefit—not harm—the Debtors' estates and creditors.

16. Moreover, many of the Debtors' stakeholders are aware of the Debtors' need to conduct an expedited sale process in these Chapter 11 Cases. In fact, during the February 21, 2019 "first-day" hearing in these Chapter 11 Cases, the Debtors advised the Court that expedited

relief with respect to the sale of the Pharma Business may be necessary if an agreement was reached with a stalking horse purchaser.

17. Multiple courts within this District and others have granted the relief requested herein under similar circumstances. *See, e.g., EOGH Liquidation, Inc. f/k/a East Orange General Hospital, Inc.*, Case No. 15-31232 (VFP) (Bankr. D.N.J. Nov. 23, 2015) (shortening time for hearing on bidding procedures); *In re Crumbs Bake Shop, Inc.*, Case No. 14-24287 (MBK) (Bankr. D.N.J. July 16, 2014) (same); *In re Big M, Inc.*, Case No. 13-10233 (DHS) (Bankr. D.N.J. Apr. 8, 2013) (same); *In re 155 Route 10 Associates, Inc.*, Case No 12-24414 (NLW) (Bankr. D.N.J. June 25, 2012); *In re NSC Wholesale Holdings LLC*, Case No. 18-12394 (KJC) (Bankr. D. Del., Nov. 26, 2018); *In re Marsh Supermarkets Holding, LLC*, Case No. 17-11066 (BLS) (Bankr. D. Del. May 12, 2017); *In re BPS US Holdings, Inc.*, Case No. 16-12373 (KJC) (Bankr. D. Del. Nov. 1, 2016).

18. For the foregoing reasons, the Debtors believe that expedited approval of the Bidding Procedures and related relief set forth in the Bidding Procedures Motion is warranted under the circumstances, and submit that just cause exists to schedule a hearing on such relief on shortened notice.

## NOTICE

19. Notice of this Application has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Internal Revenue Service; (iii) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit; (iv) the Office of the Attorney General of the State of New Jersey, Division of Law; (v) the United States Attorney's Office for the District of New Jersey; (vi) the New York State Department of Taxation and Finance; (vii) the Office of the Attorney General of the State of New York; (viii) the United States Attorney's Office for the Eastern District of New York; (ix) the Securities and Exchange Commission, New York Regional Office; (x) McGuireWoods LLP, c/o Kenneth Noble, Esq., as counsel for the DIP Administrative Agent and Prepetition Administrative Agent; (xi) McCarter & English LLP, c/o Joseph Lubertazzi, Jr., Esq. and Deirdre E. Burke, Esq., as local counsel for

the DIP Administrative Agent and Prepetition Administrative Agent, (xii) the Indenture Trustee for the Noteholders; (xiii) Stroock & Stroock & Lavan LLP, c/o Erez E. Gilad, Esq., Jayme T. Goldstein, Esq., Gabriel Sasson, Esq., and Joanne Lau, Esq., as counsel for the Committee; (xiv) Porzio, Bromberg & Newman, P.C., c/o Warren J. Martin, Jr., Esq., Robert M. Schecter, Esq., and Rachel A. Parisi, Esq., as local counsel for the Committee; (xv) Reed Smith LLP, c/o Derek J. Baker, Esq., as counsel for the Buyer; and (xvi) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtors request entry of the order submitted herewith shortening the time for a hearing and limiting notice on the Bidding Procedures Motion, scheduling a hearing on the Bidding Procedures Motion on March 15, 2019 at 10:00 a.m. (ET), and requiring any objections to the Bidding Procedures Motion to be filed and served by no later than Wednesday, March 13, 2019 at 11:59 p.m. (ET).

Dated: March 8, 2019         Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Paul Kizel, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
metkin@lowenstein.com
pkizel@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*