UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Michael S. Etkin, Esq. (metkin@lowenstein.com)
Paul Kizel, Esq. (pkizel@lowenstein.com)
Wojciech F. Jung, Esq. (wjung@lowenstein.com)
Philip J. Gross, Esq. (pgross@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

**Order Filed on March 15, 2019**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>ACETO CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-13448 (VFP)<br><br>(Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING DEBTOR IN POSSESSION FINANCING
PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 364(c) AND (d); (II) AUTHORIZING THE
USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; (III) GRANTING
ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 361 AND 363; (IV)
GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE CLAIMS PURSUANT
TO 11 U.S.C. § 364(c); (V) MODIFYING THE AUTOMATIC STAY; AND (VI)
GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including sixty

eight (68), is hereby **ORDERED**

**DATED: March 15, 2019**

Honorable Vincent F. Papalia
United States Bankruptcy Judge

---

[1]   The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Aceto Agricultural Chemicals Corporation (3948); Aceto Realty LLC (7634); Rising Pharmaceuticals, Inc. (7959); Rising Health, LLC (1562); Acetris Health, LLC (3236); PACK Pharmaceuticals, LLC (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

Page:     2

Debtors:  Aceto Corporation, *et al.*

Case No:  19-13448 (VFP)

Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Upon the motion, dated February 19, 2019 [D.I. 17] (the "DIP Motion") of Aceto

Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors" or

"DIP Borrowers") in the above-captioned chapter 11 cases (collectively, the "Cases"), seeking

entry of an interim order and a final order (this "Final Order") pursuant to sections 105, 361, 362,

363, 364, 506, 507 and 552 of chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 4001-3 of the Local Rules for the United States Bankruptcy

Court for the District of New Jersey (the "Local Rules"), *inter alia:*

(i)     authorizing, on a final basis, the Debtors to obtain senior secured, postpetition

financing on a superpriority basis consisting of a senior secured superpriority credit facility in the

aggregate principal amount of up to $60,000,000, consisting of revolving loans to be made from

time to time by the DIP Lenders (defined below) to the DIP Borrowers (the "DIP Revolving

Loans"), and including a sub-limit for standby letters of credit not to exceed $1,750,000 (the

"DIP Letters of Credit", and together with the DIP Revolving Loans, the "DIP Facility")

pursuant to the terms and conditions of that certain *Senior Secured, Priming and Superpriority*

*Debtor-In-Possession Credit Agreement* dated as of February 21, 2019 (as the same may be

amended, restated, supplemented, waived or otherwise modified from time to time, in

accordance with the terms hereof, including amendments as set forth in Exhibit A hereto, the

"DIP Credit Agreement"), by and among the DIP Borrowers, as borrowers and guarantors, Wells

Fargo Bank, National Association, as administrative agent (in such capacity, the "DIP

Page:     3
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Administrative Agent") for and on behalf of itself and the other lenders party thereto

(collectively, the "DIP Lenders") and certain DIP Lenders as issuers of the DIP Letters of Credit

(collectively with the DIP Administrative Agent, the DIP Lenders and certain of their affiliates,

the "DIP Secured Parties");

    (ii)    approving the terms and authorizing the Debtors to execute and deliver the DIP

Credit Agreement and any other agreements and documents related thereto (together with the

DIP Credit Agreement, the "DIP Loan Documents") and to perform such other acts as may be

necessary or desirable in connection with the DIP Loan Documents and this Final Order;

    (iii)    approving as part of the DIP Facility, the refinancing of Revolving Loans under

(and as defined in) the Prepetition Credit Agreement (defined below) in the aggregate principal

amount of $23,000,000, that are held by those Prepetition Lenders (defined below) that are also

participating in the DIP Facility as DIP Lenders;

    (iv)    authorizing borrowings of DIP Loans during the period between the entry of the

Interim Order (defined below) and entry of this Final Order in an aggregate principal amount of

not more than the sum of (a) $15,000,000 (the "Interim DIP Loan Amount"), provided that the

DIP Letters of Credit shall constitute usage of the Interim DIP Loan Amount, plus (b) such

refinanced Revolving Loans;

    (v)    granting to the DIP Administrative Agent, the DIP Lenders, and the other DIP

Secured Parties, as holders of the Secured Obligations (as defined in the DIP Credit Agreement)

on account of the DIP Facility owing under the DIP Loan Documents, and on account of

Page:      4
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

Banking Services and Swap Agreements (as such terms are defined in the DIP Credit

Agreement), provided by DIP Secured Parties (collectively, the "DIP Obligations") allowed

superpriority administrative expense claim status with respect to the DIP Obligations;

(vi)    granting to the DIP Administrative Agent, for the benefit of itself, the DIP

Lenders, and the other DIP Secured Parties, as security for the DIP Obligations, automatically

perfected security interests in and liens on all of the DIP Collateral (as defined below), including

all property constituting "cash collateral" as defined in section 363(a) of the Bankruptcy Code

("Cash Collateral"), which liens shall be subject to the priorities set forth herein;

(vii)   authorizing the use of the proceeds of the DIP Facility and Cash Collateral to,

among other things, make payments in accordance with the Approved Budget (defined below),

subject to the variances permitted in the DIP Credit Agreement, for operating expenses, fees and

expenses under the DIP Facility, and administrative expenses including budgeted professional

fees, all subject to the conditions set forth in the DIP Loan Documents and in this Final Order;

(viii)  authorizing the Debtors to use the Prepetition Collateral (as defined below),

including Cash Collateral, and providing adequate protection to the Prepetition Secured Parties

to the extent of any diminution in value of their interests in the Prepetition Collateral, resulting

from the imposition of the automatic stay, the Debtors' use, sale, or lease of the Prepetition

Collateral, and the priming of their respective interests in the Prepetition Collateral

("Diminution in Value"); and

-4-

Page:      5
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

         (ix)   vacating and modifying the automatic stay imposed by section 362 of the

Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of

the DIP Loan Documents and this Final Order.

         The Court having considered the DIP Motion, the exhibits attached thereto, the *Declaration*

*of Rebecca A. Roof in Support of First Day Relief* [D.I. 19] (the "First Day Declaration"), the

*Declaration of Scott Mates In Support of the DIP Motion* attached to **Exhibit A** to the DIP

Motion (the "DIP Declaration"), the DIP Loan Documents, and the evidence submitted and

argument made at the interim hearing held on February 21, 2019 (the "Interim Hearing") and the

final hearing held on March 15, 2019 (the "Final Hearing"); and the Court having entered the

Interim Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§ 105(a),

362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant To 11 U.S.C. §

363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361 And 363; (IV) Granting

Liens And Superpriority Administrative Claims Pursuant To 11 U.S.C. § 364(c); (V) Modifying

The Automatic Stay, (VI) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001; And

(VII) Granting Related Relief; [D.I. 36] (the "Interim Order"); and adequate and sufficient notice

of the Interim Hearing and Final Hearing having been given under the circumstances and in

accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), and all applicable Local Rules;

and the Interim Hearing and the Final Hearing having been held and concluded; and all

objections, if any, to the relief requested in the DIP Motion having been withdrawn, resolved or

overruled by the Court; and it appearing that approval of the relief requested in the DIP Motion

Page:      6

Debtors:  Aceto Corporation, *et al.*

Case No:  19-13448 (VFP)

Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

on a final basis is fair and reasonable and in the best interests of the Debtors and their estates,

and is essential for the continued operation of the Debtors' businesses and the preservation of the

value of the Debtors' assets; and it appearing that the Debtors' entry into the DIP Credit

Agreement and the other DIP Loan Documents is a sound and prudent exercise of the Debtors'

business judgment; and after due deliberation and consideration, and good and sufficient cause

appearing therefor;

**BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING AND AT
THE FINAL HEARING, THE COURT MAKES THE FOLLOWING FINDINGS OF
FACT AND CONCLUSIONS OF LAW:[2]**

> A.      **Petition Date**. On February 19, 2019 (the "Petition Date"), each of the
Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the
United States Bankruptcy Court for the District of New Jersey (the "Court").

> B.      **Debtors in Possession**. The Debtors have continued in the management
and operation of their businesses and properties as debtors in possession pursuant to sections
1107 and 1108 of the Bankruptcy Code.

> C.      **Jurisdiction and Venue**. This Court has jurisdiction over the Cases and
this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the*

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to
Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of
the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the
following conclusions of law constitute findings of fact, they are adopted as such.

Page:     7
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

*Bankruptcy Court Under Title 11* of the United States District Court for the District of New

Jersey, dated September 18, 2012 (Simandle, C.J.). Venue for the Cases and proceedings on the

DIP Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and this matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

        D.    **Committee Formation**. On February 27, 2019, the United States Trustee

for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured

creditors in these Cases pursuant to section 1102 of the Bankruptcy Code (the "Committee"),

which consists of (i) Wilmington Trust, National Association; (ii) Aurobindo Pharma USA, Inc.;

(iii) FDC Limited; (iv) Ingenus Pharmaceuticals NJ, LLC; and (v) Thinq Pharma CRO PVT

LTD.

        E.    **Notice**. Notice of the DIP Motion, the Interim Hearing and the Final

Hearing have been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and

the Local Rules, and no other or further notice of the DIP Motion with respect to the relief

requested at the Final Hearing or the entry of this Final Order shall be required.

        F.    **Debtors' Stipulations**. After consultation with their advisors, the Debtors

admit, stipulate, acknowledge, and agree, subject to Paragraph   42 hereof, as follows

(collectively, the "Debtors' Stipulations"):

        (i)    *Prepetition Loan Facility*. Pursuant to that certain Second

Amended and Restated Credit Agreement dated as of December 21, 2016 (as amended, restated,

supplemented, or otherwise modified from time to time, the "Prepetition Credit Agreement,";

Debtors: Aceto Corporation, et al.
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

and collectively with the other loan documents and any other agreements and documents
executed or delivered in connection therewith, each as amended, restated, supplemented, waived
or otherwise modified from time to time, the "Prepetition Loan Documents"), among (a) Aceto
Corporation, as borrower thereunder (the "Prepetition Loan Borrower"), (b) certain of the other
Debtors, as guarantors[3] thereunder (collectively, the "Prepetition Loan Guarantors"; and together
with the Prepetition Loan Borrower, collectively, the "Prepetition Loan Parties"), (c) Wells
Fargo Bank, National Association, as administrative agent (in such capacity, the "Prepetition
Administrative Agent")[4]; (d) the Lenders party thereto (the "Prepetition Lenders", and together
with the Prepetition Administrative Agent and certain of their affiliates providing banking
services and acting as counterparties in swap transactions, the "Prepetition Secured Parties"), the
Prepetition Secured Parties provided revolving credit, term loans, and other financial
accommodations to the Prepetition Loan Borrower pursuant to the Prepetition Loan Documents
(the "Prepetition Loan Facility").

        (ii)    *Prepetition Obligations.* The Prepetition Loan Facility provided
the Prepetition Loan Borrower with, among other things, (a) up to $100,000,000 aggregate
principal amount of revolving loans (the "Prepetition Revolving Loans"), and (b) $120,000,000
in term loans (the "Prepetition Term Loans"). As of the Petition Date, (A) the aggregate principal

___

[3] The guarantors under the Prepetition Loan Documents are Rising Pharmaceuticals, Inc., PACK Pharmaceuticals, LLC, Rising Health, LLC, and Aceto Agricultural Chemicals Corp.

[4] Wells Fargo Bank serves as both the DIP Administrative Agent and the Prepetition Administrative Agent. Most of the Prepetition Lenders under the Prepetition Credit Agreement are DIP Lenders under the DIP Credit Agreement.

Page:    9
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

amount of loans outstanding under the Prepetition Loan Facility was not less than $205,000,000,

including not less than $85,000,000 of Prepetition Revolving Loans and $120,000,000 of

Prepetition Term Loans, (B) $1,737,324 undrawn face amount of letters of credit issued under

the Prepetition Loan Facility (collectively, the "Prepetition Letters of Credit") and (C) certain

obligations in respect of banking services provided by, and swap transactions with, Prepetition

Secured Parties (collectively, together with accrued and unpaid interest, fees, costs and other

charges under the Prepetition Loan Documents, the "Prepetition Obligations"). Each of the

Prepetition Loan Parties has jointly and severally, absolutely, unconditionally and irrevocably

guaranteed the Prepetition Obligations of the other Prepetition Loan Parties.

(iii)    *Prepetition Agent's Liens and Prepetition Collateral.* Prior to the

Petition Date, the Prepetition Loan Parties granted to the Prepetition Administrative Agent, for

the benefit of itself and the other Prepetition Secured Parties, a first priority security interest in

and continuing lien (the "Prepetition Agent's Liens") on the Collateral (as defined in the

Prepetition Credit Agreement) (the "Prepetition Collateral"), including but not limited to Cash

Collateral.

(iv)    *Validity, Perfection, and Priority of Prepetition Agent's Liens and

Prepetition Obligations.* The Debtors acknowledge and agree that as of the Petition Date (a) the

Prepetition Agent's Liens on the Prepetition Collateral were valid, binding, enforceable,

non-avoidable, and properly perfected and were granted to, or for the benefit of, the Prepetition

Secured Parties for fair consideration and reasonably equivalent value; (b) the Prepetition

Page:     10
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Agent's Liens were senior in priority over any and all other liens on the Prepetition Collateral,

subject only to certain liens senior by operation of law or otherwise permitted by the Prepetition

Loan Documents (solely to the extent any such permitted liens were valid, properly perfected,

non-avoidable, and senior in priority to the Prepetition Agent's Liens as of the Petition Date,

the "Permitted Prior Liens"); (c) the Prepetition Obligations constitute legal, valid, binding,

and non-avoidable obligations of the Prepetition Loan Parties enforceable in accordance with

the terms of the applicable Prepetition Loan Documents; (d) no offsets, recoupments,

challenges, objections, defenses, claims, or counterclaims of any kind or nature to any of the

Prepetition Agent's Liens or Prepetition Obligations exist, and no portion of the Prepetition

Agent's Liens or Prepetition Obligations is subject to any challenge or defense including

avoidance, disallowance, disgorgement, recharacterization, or subordination (equitable or

otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law; (e) the Debtors

and their estates have no claims, objections, challenges, causes of action, and/or choses in

action, including avoidance claims under chapter 5 of the Bankruptcy Code or applicable state

law equivalents or actions for recovery or disgorgement, against any of the Prepetition Secured

Parties or any of their respective affiliates, agents, attorneys, advisors, professionals, officers,

directors, and employees arising out of, based upon or related to the Prepetition Loan Facility;

(f) the Debtors waive, discharge, and release any right to challenge any of the Prepetition

Obligations, the priority thereof, and the validity, extent, and priority of the Prepetition

Agent's Liens securing the Prepetition Obligations; and (g) the Prepetition Obligations

Debtors: Aceto Corporation, *et al.*

Case No: 19-13448 (VFP)

Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§ 105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361 And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11 U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

constitute allowed, secured claims within the meaning of sections 502 and 506 of the Bankruptcy Code.

(v)     *No Control.* None of the DIP Administrative Agent, the DIP Lenders or the Prepetition Secured Parties controls the Debtors or their properties or operations, has authority to determine the manner in which any of the Debtors' operations are conducted or is a control person or insider of the Debtors or any of their affiliates by virtue of any of the actions taken with respect to, in connection with, related to, or arising from the Interim Order, this Final Order, the DIP Facility, the DIP Loan Documents, the Prepetition Loan Facility and/or the Prepetition Loan Documents.

G.     **Cash Collateral.** All of the Debtors' cash, including any cash in deposit accounts of the Debtors, wherever located, constitutes Cash Collateral of the Prepetition Secured Parties.

H.     **Findings Regarding Corporate Authority.** Each Debtor has all requisite corporate or limited liability company authority to execute and deliver the DIP Loan Documents to which it is a party and to perform its obligations thereunder.

I.     **Findings Regarding Postpetition Financing.**

(i)     *Request for Postpetition Financing.* The Debtors seek authority on a final basis to continue (a) using Cash Collateral on the terms described herein, and (b) borrowing under the DIP Facility on the terms described herein and in the DIP Loan Documents

-11-

Page:    12
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

to refinance certain of the Prepetition Obligations, to administer their Cases, and to fund their operations.

(ii)     *Priming of the Prepetition Agent's Liens.* The priming of the Prepetition Agent's Liens on the Prepetition Collateral under section 364(d) of the Bankruptcy Code, as contemplated by the DIP Facility and as further described below, will enable the Debtors to continue borrowing under the DIP Facility and to continue to operate their businesses to the benefit of their estates and creditors. The Prepetition Secured Parties are each entitled to receive adequate protection as set forth in the Interim Order and this Final Order, provided, that the Prepetition Secured Parties' adequate protection shall be on terms acceptable to the Prepetition Administrative Agent, pursuant to sections 361, 363, and 364 of the Bankruptcy Code.

(iii)     *Need for Postpetition Financing and Use of Cash Collateral.* Since the Petition Date, the Debtors had a need to use Cash Collateral and to obtain credit pursuant to the DIP Facility in order to, among other things, administer and preserve the value of their estates. The ability of the Debtors to maintain business relationships with their vendors, suppliers and customers, to pay their employees and otherwise to finance their operations requires the availability of working capital from the DIP Facility and the use of Cash Collateral, the absence of either of which would immediately and irreparably harm the Debtors, their estates and parties in interest. The Debtors do not have sufficient available sources of working capital and

-12-

Page:     13
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

financing to operate their businesses or maintain their properties in the ordinary course of business without the DIP Facility and authorized use of Cash Collateral.

(iv)     *No Credit Available on More Favorable Terms.* As set forth in more detail in the DIP Declaration, given their current financial condition, financing arrangements, and capital structure, the Debtors have been and continue to be unable to obtain financing from sources other than the DIP Lenders on terms more favorable than the DIP Facility. The Debtors are unable to obtain unsecured credit allowable under Bankruptcy Code section 503(b)(1) as an administrative expense. The Debtors have also been unable to obtain (a) unsecured credit having priority over that of administrative expenses of the kind specified in sections 503(b), 507(a) and 507(b) of the Bankruptcy Code; (b) credit secured solely by a lien on property of the Debtors and their estates that is not otherwise subject to a lien; or (c) credit secured solely by a junior lien on property of the Debtors and their estates that is subject to a lien. As described in the First Day Declaration and the DIP Declaration, financing on a postpetition basis on better terms is not otherwise available without granting the DIP Administrative Agent, for the benefit of itself and the other DIP Secured Parties, upon the terms set forth in the Interim Order, the DIP Loan Documents and this Final Order: (1) perfected security interests in and liens on the Debtors' existing and after-acquired assets; (2) superpriority claims and liens; (3) the other protections set forth in the Interim Order and this Final Order; and (4) a refinancing of certain of the Prepetition Obligations.

Debtors:    Aceto Corporation, *et al.*
Case No:    19-13448 (VFP)
Caption:    Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
            105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
            To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
            And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
            U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

(v)    *Use of proceeds of the DIP Facility.* As a condition to entry into

the DIP Loan Agreement, the extension of credit under the DIP Facility and the authorization to

use Cash Collateral, the DIP Administrative Agent, the DIP Lenders, and the Prepetition Secured

Parties required and continue to require, and the Debtors have agreed, that proceeds of the DIP

Facility shall be used, in each case in a manner consistent with the terms and conditions of this

Final Order and the DIP Loan Documents and in accordance with the 13-week budget (including

the Professional Fee Budget (defined herein)) attached hereto as Schedule 1 (as the same may be

modified from time to time in accordance with the Loan Documents and this Final Order),

consistent with the terms of the DIP Loan Documents and subject to such variances as permitted

in the DIP Credit Agreement, the "Approved Budget"), solely for (a) working capital;

(b) payment of costs of administering the Cases; (c) payment of such other prepetition

obligations as set forth in the Approved Budget or otherwise reasonably acceptable to the DIP

Administrative Agent, and as approved by the Court; (d) payment of interest, fees, expenses and

other amounts (including legal and other professionals' fees and expenses of the DIP

Administrative Agent) owed under the DIP Loan Documents; (e) payment of certain adequate

protection amounts to the Prepetition Secured Parties; (f) the Roll Up Loans and DIP Letters of

Credit as set forth below; and (g) other general corporate purposes of the Debtors permitted by

the Approved Budget and the DIP Loan Documents.

(vi)    *Roll-Up Loans.* Immediately upon the entry of the Interim Order,

without any further action by the Debtors or any other party, Prepetition Revolving Loans under

-14-

Page:    15
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

the Prepetition Credit Agreement in the aggregate principal amount of $23,000,000 held by
Prepetition Lenders that are also participating in the DIP Facility as DIP Lenders (collectively,
the "Roll-Up Loans") were refinanced and deemed to constitute a like principal amount of DIP
Loans. The replacement and refinancing of the Roll-Up Loans was, and under this Final Order,
shall be authorized as compensation for, in consideration for, and solely on account of, the
agreement of the DIP Lenders to fund amounts, and provide other consideration to the Debtors,
under the DIP Facility and not as payments under, adequate protection for, or otherwise on
account of, any Prepetition Obligations. The DIP Administrative Agent and the DIP Lenders
would not be willing to have extended or to continue to provide the DIP Facility or extend credit
to the Debtors thereunder without the refinancing of the Roll-Up Loans as DIP Loans. The
replacement and refinancing of the Roll-Up Loans as DIP Loans enabled the Debtors to obtain
urgently needed financing that they need to administer these Cases and to fund their operations.

(vii)  *DIP Letters of Credit.*  The DIP Facility includes a sub-limit for
the DIP Letters of Credit, in an aggregate amount not to exceed $1,750,000, and the Prepetition
Letters of Credit outstanding under the Prepetition Credit Agreement was, and under this Final
Order, shall be deemed to constitute DIP Letters of Credit outstanding and issued under the DIP
Credit Agreement.

(viii)  *Application of Proceeds of Collateral.*  As a condition to entry into
the DIP Loan Agreement, the extension of credit under the DIP Facility and authorization to use
Cash Collateral, the Debtors, the DIP Administrative Agent, the DIP Lenders, the other DIP

-15-

Page:      16
Debtors:   Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Secured Parties and the Prepetition Secured Parties have agreed that as of and commencing on
the date of the Interim Hearing, the Debtors shall apply the proceeds of DIP Collateral in
accordance with this Final Order and as provided in the DIP Loan Documents.

     J.    **Adequate Protection**. The Prepetition Administrative Agent, for the
benefit of itself and the other Prepetition Secured Parties, is entitled to receive adequate
protection to the extent of any Diminution in Value of its and the Prepetition Secured Parties'
interests in the Prepetition Collateral. Pursuant to sections 361, 363 and 507(b) of the
Bankruptcy Code, the Prepetition Secured Parties have received and will continue to receive (a)
adequate protection liens and superpriority claims, as set forth in paragraphs 12 and 14 of the
Interim DIP Order and paragraphs 12 and 14 herein, and (b) current payment of interest, fees and
expenses, as set forth in paragraphs 16 and 35 of the Interim Order and paragraphs 16 and 35
herein.

     K.    **Sections 506(c) and 552(b)**. In light of: (i) the DIP Administrative
Agent's, DIP Lenders' and other DIP Secured Parties' agreement that their liens and
superpriority claims shall be subject to the Carve Out and the Permitted Prior Liens, (ii) the
Prepetition Administrative Agent's and the other Prepetition Secured Parties' agreement that
their liens shall be subject to the Carve Out and the Permitted Prior Liens and subordinate to the
DIP Liens, and (iii) the payment of expenses as set forth in the Approved Budget in accordance
with and subject to the terms and conditions of this Final Order and the DIP Loan Documents,
(a) the Prepetition Secured Parties are each entitled to a waiver of any "equities of the case"

-16-

Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

exception under section 552(b) of the Bankruptcy Code, and (b) the DIP Administrative Agent,

the DIP Lenders and the other Prepetition Secured Parties are each entitled to a waiver of the

provisions of section 506(c) of the Bankruptcy Code.

           L.     **Good Faith of the DIP Administrative Agent and DIP Lenders.**

           (i)    *Willingness to Provide Financing.* The DIP Lenders have indicated

a willingness to provide financing to the Debtors subject to: (a) entry of the Interim Order and

this Final Order; (b) approval of the terms and conditions of the DIP Facility and the DIP Loan

Documents; (c) satisfaction of the closing conditions and conditions to the extension of credit set

forth in the DIP Loan Documents; and (d) findings by this Court that the DIP Facility is essential

to the Debtors' estates, that the DIP Administrative Agent, the DIP Lenders and the other DIP

Secured Parties are extending credit to the Debtors pursuant to the DIP Loan Documents in good

faith, and that the DIP Administrative Agent's, the DIP Lenders' and the other DIP Secured

Parties' claims, superpriority claims, security interests and liens and other protections granted

pursuant to the Interim Order, this Final Order and the DIP Loan Documents will have the

protections provided by section 364(e) of the Bankruptcy Code.

           (ii)    *Business Judgment and Good Faith Pursuant to Section 364(e).*
The terms and conditions of the DIP Facility and the DIP Loan Documents, and the interest and

fees paid and to be paid thereunder, are fair, reasonable, and the best available to the Debtors

under the circumstances, are ordinary and appropriate for secured financing to debtors in

possession, reflect the Debtors' exercise of prudent business judgment consistent with their

Debtors:  Aceto Corporation, *et al.*

Case No:  19-13448 (VFP)

Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

fiduciary duties, and are supported by reasonably equivalent value and consideration. The terms
and conditions of the DIP Facility and the use of Cash Collateral were negotiated in good faith
and at arms' length among the Debtors, the DIP Administrative Agent, the DIP Lenders and the
Prepetition Secured Parties, with the assistance and counsel of their respective advisors. Use of
Cash Collateral and credit to be extended under the DIP Facility shall be deemed to have been
allowed, advanced, made, or extended in good faith by the DIP Administrative Agent, the DIP
Lenders and the Prepetition Secured Parties within the meaning of section 364(e) of the
Bankruptcy Code.

> M.    **Final Hearing.** Notice of the Final Hearing and the relief requested in the
DIP Motion has been provided by the Debtors, whether by facsimile, electronic mail, overnight
courier or hand delivery, to certain parties-in-interest, including: (i) the U.S. Trustee; (ii) counsel
to the Prepetition Administrative Agent; (iii) counsel to the DIP Agent and the DIP Lenders; (iv)
counsel to the Committee; and (v) those entities or individuals included on the Debtors' list of 30
largest unsecured creditors on a consolidated basis. Under the circumstances, such notice of the
DIP Motion, the relief requested therein and the Final Hearing complied with Bankruptcy Rules
4001(b), (c) and (d), and the Local Rules, and no other notice need be provided for entry of the
Final Order.

> Based upon the foregoing findings and conclusions, the findings and conclusions
made in the Interim Order, the DIP Motion, the First Day Declaration, the DIP Declaration, and

Page:    19
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

the record before the Court with respect to the DIP Motion, and after due consideration and good

and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED that:

1.        **Final Financing Approved**. The DIP Motion is granted as set forth

herein, the Final Financing (as defined below) is authorized and approved, and the use of Cash

Collateral is authorized, in each case on a final basis and subject to the terms and conditions set

forth in the DIP Loan Documents and this Final Order. Except as modified herein, all findings

of fact, conclusions of law, and authorizations made by this Court in the Interim Order are

hereby ratified and incorporated herein by reference as though set forth fully below.   All

objections to the DIP Motion and this Final Order to the extent not withdrawn, waived, settled,

or resolved, and all reservations of rights included therein, are hereby denied and overruled.

### DIP Facility Authorization

2.        **Authorization of the DIP Facility**. The DIP Facility, including the

refinancing of all the Roll-Up Loans as DIP Loans and the treatment of all the Prepetition Letters

of Credit as DIP Letters of Credit, is hereby approved on a final basis. The Debtors are expressly

and immediately authorized and directed on a final basis to continue borrowing under the DIP

Loan Documents and under the DIP Facility, and to incur and to perform the DIP Obligations in

accordance with, and subject to, the terms of this Final Order and the DIP Loan Documents, and

to execute and deliver all instruments, certificates, agreements, and documents which may be

required or necessary for the performance by the Debtors under the DIP Facility and the creation

Debtors: Aceto Corporation, *et al.*

Case No: 19-13448 (VFP)

Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§ 105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361 And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11 U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

and perfection of the DIP Liens described in and provided for by the Interim Order, this Final Order and the DIP Loan Documents, including each of Debtors providing its joint and several guarantee of all of the DIP Obligations. Nothing in this Final Order shall be deemed to limit or modify the authorization set forth in the Interim Order to effect the roll-up and replacement and refinancing of the Roll-Up Loans, and treat the Prepetition Letters of Credit as DIP Letters of Credit. The Debtors are further authorized and directed on a final basis to pay, in accordance with the Interim Order and this Final Order, the principal, interest, fees, payments, expenses, and other amounts described in the DIP Loan Documents as such amounts become earned, due and payable and without need to obtain further Court approval, including letter of credit fees (including issuance, fronting, and other related charges), unused line fees, commitment fees, administrative fees, and the fees and disbursements of the DIP Administrative Agent's attorneys, advisors, accountants, and other consultants, whether or not such fees arose before or after the Petition Date and to take any other actions that may be necessary or appropriate, all to the extent provided in the Interim Order, this Final Order or the DIP Loan Documents. All collections and proceeds, whether from ordinary course collections, asset sales, debt or equity issuances, insurance recoveries, condemnations, or otherwise, will be deposited and applied as required by this Final Order and the DIP Loan Documents. Upon execution and delivery, the DIP Loan Documents shall represent valid and binding obligations of the Debtors, enforceable against each of the Debtors and their estates in accordance with their terms.

Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

3.          **Authorization to Borrow**. From the entry of this Final Order

through and including the Maturity Date (defined below), and subject to the terms and conditions

set forth in the DIP Loan Documents and this Final Order, the Debtors are hereby authorized on

a final basis to continue to use Cash Collateral, and borrow up to the full amount of DIP

Revolving Loans, consistent with the Approved Budget, subject to the variances permitted under

the DIP Credit Agreement (the "Final Financing"), through the Maturity Date.

4.          **DIP Obligations**. The DIP Loan Documents, the Interim Order and

this Final Order shall constitute and evidence the validity and binding effect of the Debtors' DIP

Obligations, which DIP Loan Documents, Interim Order, Final Order and DIP Obligations shall

be enforceable against the Debtors, their estates and any successors thereto, including any trustee

appointed in the Cases, or in any case under chapter 7 of the Bankruptcy Code upon the

conversion of any of the Cases, or in any other proceedings superseding or related to any of the

foregoing (collectively, the "Successor Cases"). The DIP Obligations include all loans and any

other indebtedness or obligations, contingent or absolute, which may now or from time to time

be owing by any of the Debtors to the DIP Administrative Agent, any DIP Lender or any other

DIP Secured Party, in each case, under, or secured by, the DIP Loan Documents or this Final

Order, including all principal, accrued interest, costs, fees, expenses and other amounts under the

DIP Loan Documents. Without limiting the foregoing, the DIP Obligations shall also include

cash management, bank product exposure and swap transaction obligations to the extent

described in, or secured by, the  DIP Loan Documents, including all Banking Services

Case 19-13448-VFP    Doc 141    Filed 03/15/19    Entered 03/15/19 15:58:41    Desc Main
Page:      22              Document      Page 22 of 77
Debtors:  Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Obligations (as defined in the DIP Credit Agreement) and Swap Agreement Obligations (as defined in the DIP Credit Agreement). The Debtors shall be jointly and severally liable for the DIP Obligations. The DIP Obligations shall be due and payable, without notice or demand, and the use of Cash Collateral shall automatically cease on the Maturity Date. No obligation, payment, transfer, or grant of collateral security hereunder or under the DIP Loan Documents shall be stayed, restrained, voidable, avoidable, or recoverable, under the Bankruptcy Code or under any applicable law (including under sections 502(d), 544, and 547 to 550 of the Bankruptcy Code or under any applicable state Uniform Voidable Transactions Act, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, or similar statute or common law), or subject to any avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaim, cross-claim, defense, or any other challenge under the Bankruptcy Code or any applicable law or regulation by any person or entity. The Debtors are authorized (but not directed) in any payoff letter or similar agreement into which they enter upon payment in full of their DIP Obligations to provide a full and complete waiver and release of claims in favor of the DIP Administrative Agent, the DIP Lenders and any other DIP Secured Party.

5.      **DIP Liens**. In order to secure the DIP Obligations, pursuant to sections 361, 362, 364(c)(2), 364(c)(3), and 364(d) of the Bankruptcy Code, the DIP Administrative Agent, for the benefit of itself and the DIP Lenders, was granted immediately upon entry of the Interim Order, and is hereby granted on a final basis, continuing, valid,

-22-

Page:    23
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

binding, enforceable, non-avoidable, and automatically and properly perfected postpetition

security interests in and liens (collectively, the "DIP Liens") on all personal property, whether

now existing or hereafter arising and wherever located, tangible and intangible, of each of the

Debtors (collectively, the "DIP Collateral"), including: (a) all cash, cash equivalents, deposit

accounts, securities accounts, accounts, other receivables (including credit card receivables, if

any), chattel paper, contract rights, inventory (wherever located), instruments, documents,

securities (whether or not marketable) and investment property (including all of the issued and

outstanding capital stock of each of its subsidiaries), hedge agreements, furniture, fixtures,

equipment (including documents of title), goods, franchise rights, trade names, trademarks,

servicemarks, copyrights, patents, license rights, intellectual property, general intangibles

(including, for the avoidance of doubt, payment intangibles), rights to the payment of money

(including tax refunds and any other extraordinary payments), supporting obligations,

guarantees, letter of credit rights, commercial tort claims, causes of action, and all substitutions,

indemnification rights, all present and future intercompany debt, books and records related to the

foregoing, accessions and proceeds of the foregoing, wherever located, including insurance or

other proceeds; (b) any avoidance actions brought pursuant to chapter 5 of the Bankruptcy Code

or applicable state law equivalents, and the proceeds thereof; and (c) all other personal property

and assets of the Debtors whether or not subject to valid, perfected, enforceable, and

unavoidable liens on the Petition Date. Notwithstanding the foregoing, DIP Collateral shall not

include any contract or license under which the granting of the DIP Liens thereon would

Page:     24
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

constitute a breach or termination thereof other than to the extent such breach or termination

would be rendered ineffective pursuant to applicable law (including applicable state law or the

Bankruptcy Code) or any other Excluded Property (as defined in the DIP Credit Agreement) but

shall, in any event, include the proceeds of such contracts and licenses and other Excluded

Property.

6.        **DIP Lien Priority**. The DIP Liens securing the DIP Obligations are

valid, automatically perfected, non-avoidable and superior to any security, collateral interest,

lien, or claim to any of the DIP Collateral, except that the DIP Liens shall be subject to the Carve

Out as set forth in this Final Order and shall otherwise be junior only to Permitted Prior Liens.

Other than as set forth herein or in the DIP Loan Documents, the DIP Liens shall not be made

subject to or *pari passu* with any lien or security interest heretofore or hereinafter granted in the

Cases or any Successor Cases, and shall be valid and enforceable against any trustee appointed in

the Cases or any Successor Cases, upon the conversion of any of the Cases to a case under

chapter 7 of the Bankruptcy Code (or in any other Successor Case), and/or upon the dismissal of

any of the Cases or Successor Cases. The DIP Liens shall not be subject to section 510, 549 or

550 of the Bankruptcy Code. No lien or interest avoided and preserved for the benefit of the

estate pursuant to section 551 of the Bankruptcy Code shall be *pari passu* with or senior to the

DIP Liens.

7.        **DIP Superpriority Claims**. The DIP Administrative Agent, on

behalf of itself, the DIP Lenders and the other DIP Secured Parties, was granted upon entry of

Page:      25
Debtors:   Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

the Interim Order and is hereby granted on a final basis, pursuant to section 364(c)(1) of the

Bankruptcy Code, an allowed superpriority administrative expense claim in each of the Cases

and any Successor Cases (collectively, the "DIP Superpriority Claims") for all DIP Obligations:

(a) subject only to the Carve Out, having priority over any and all administrative expense claims

and unsecured claims against the Debtors or their estates in any of the Cases and any Successor

Cases, at any time existing or arising, of any kind or nature whatsoever, including administrative

expenses under any provision of the Bankruptcy Code; and (b) which claims shall at all times be

senior to the claims of the Debtors and their estates, and any successor trustee or other estate

representative to the extent permitted by law.

8.        **No Obligation to Extend Credit**. The DIP Administrative Agent

and DIP Lenders shall have no obligation to make any loan or advance under the DIP Loan

Documents, unless all of the conditions precedent to the making of such extension of credit

under the DIP Loan Documents and this Final Order have been satisfied in full or waived by the

DIP Administrative Agent and in accordance with the terms of the DIP Credit Agreement.

9.        **Use of Proceeds of DIP Facility**. From and after the date of entry

of the Interim Order and the subsequent occurrence of the Effective Date (as defined in the

Interim Order), the Debtors shall use advances of credit under the DIP Facility in accordance

with the Approved Budget (subject to such variances as permitted in the DIP Credit Agreement),

only for the purposes specifically set forth in the Interim Order, this Final Order and the DIP

Page:     26
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

Loan Documents, and in compliance with the terms and conditions of the Interim Order, this

Final Order and the DIP Loan Documents.

10.     **Roll-Up Loans**. Immediately upon entry of the Interim Order,

without any further action by the Debtors or any other party, and as a condition to the provision

of liquidity under the DIP Facility, all Roll-Up Loans were replaced and refinanced and now

constitute DIP Loans. Prepetition Lenders that are not DIP Lenders shall not be entitled to share

in any payments made in respect of any Roll-Up Loans.

11.     Authorization to Use Cash Collateral. Subject to the terms and

conditions of this Final Order, the DIP Facility, and the DIP Loan Documents and in accordance

with the Approved Budget (subject to such variances as permitted in the DIP Credit Agreement),

the Debtors are authorized to use Cash Collateral until the Maturity Date. Nothing in this Final

Order shall authorize the disposition of any assets of the Debtors or their estates outside the

ordinary course of business, or any Debtor's use of any Cash Collateral or other proceeds

resulting therefrom, except as permitted in this Final Order, the DIP Facility, the DIP Loan

Documents, and in accordance with the Approved Budget (subject to the variances permitted by

the DIP Credit Agreement).

12.     **Adequate Protection Liens**. Pursuant to sections 361, 363(e),

364(c) and 364(d) of the Bankruptcy Code, as adequate protection of the interests of the

Prepetition Secured Parties in the Prepetition Collateral to the extent of any Diminution in Value

of such interests in the Prepetition Collateral, the Debtors granted upon entry of the Interim

Page:    27
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Order and hereby grant on a final basis to the Prepetition Administrative Agent, for the benefit of
itself and the Prepetition Lenders, continuing, valid, binding, enforceable, and perfected
postpetition security interests in and liens on the DIP Collateral (the "Adequate Protection
Liens").

13.        **Priority of Adequate Protection Liens**.

           (a)       The Adequate Protection Liens shall be subject to the Carve Out as
set forth in this Final Order and shall otherwise be junior only to: (i) the Permitted Prior Liens;
(ii) the DIP Liens; and (iii) the Prepetition Agent's Liens. The Adequate Protection Liens shall
be senior to all other security interests in, liens on, or claims against any of the DIP Collateral.

           (b)       Except as provided herein or in the DIP Credit Agreement, the
Adequate Protection Liens shall not be made subject to or *pari passu* with any lien or security
interest heretofore or hereinafter in the Cases or any Successor Cases, and shall be valid and
enforceable against any trustee appointed in any of the Cases or any Successor Cases, or upon
the dismissal of any of the Cases or Successor Cases. The Adequate Protection Liens shall not be
subject to sections 510, 549, or 550 of the Bankruptcy Code. No lien or interest avoided and
preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code shall be
*pari passu* with or senior to the Prepetition Agent's Liens or the Adequate Protection Liens.

14.        **Prepetition Superpriority Claim**. As further adequate protection
of the interests of the Prepetition Administrative Agent and the other Prepetition Secured Parties
in the Prepetition Collateral to the extent of any Diminution in Value of such interests, the

-27-

Page:    28
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Prepetition Administrative Agent, on behalf of itself and the other Prepetition Secured Parties,

was granted upon entry of the Interim Order and is hereby granted on a final basis an allowed

superpriority administrative expense claim with respect to the Prepetition Obligations in each of

the Cases and any Successor Cases under sections 503 and 507(b) of the Bankruptcy Code (the

"Prepetition Superpriority Claim").

        15.      **Priority of the Prepetition Superpriority Claim**. The Prepetition

Superpriority Claim shall be subject to the Carve Out as set forth in this Final Order and shall

otherwise be junior only to the DIP Superpriority Claims and the DIP Obligations secured by the

DIP Collateral. The Prepetition Superpriority Claim shall have priority over all other

administrative expense claims and unsecured claims against the Debtors or their estates, now

existing or hereafter arising, of any kind or nature whatsoever, including administrative expenses

under any provision of the Bankruptcy Code.

        16.      **Adequate Protection Payments and Protections for Prepetition**

**Parties**. As further adequate protection, the Debtors are authorized and directed on a final basis

to provide adequate protection payments to the Prepetition Administrative Agent for the account

of the Prepetition Lenders, as follows: (i) the current payment from time to time of fees and

expenses incurred before or after the Petition Date by the Prepetition Administrative Agent and

any Prepetition Lender (including the reasonable fees, out-of-pocket expenses, and

disbursements of counsel, financial advisors, auditors, third-party consultants and other vendors),

in accordance with paragraph 35 hereof; (ii) the current payment from time to time of accrued

Debtors: Aceto Corporation, *et al.*

Case No: 19-13448 (VFP)

Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

and unpaid fees and interest at non-default rates under the Prepetition Loan Documents,
including any such fees and interest that is accrued and unpaid as of the Petition Date; and (iii)
the payment on the Maturity Date of (A) a waiver fee, as and to the extent provided in Section
2.12(e) of the Prepetition Credit Agreement and subject to reduction as set forth therein, and (B)
default interest accrued from the Petition Date at 2% per annum on the Prepetition Obligations as
provided in Section 2.13(c) of the Prepetition Credit Agreement; subject, in each case, to
recharacterization pursuant to further order of the Court as and to the extent provided under
section 506(b) of the Bankruptcy Code, and all rights of such Prepetition Secured Parties in
connection therewith are expressly reserved.

17.        **Adequate Protection Reservation**. Nothing herein shall impair or
modify the application of section 507(b) of the Bankruptcy Code in the event that the adequate
protection provided to the Prepetition Secured Parties hereunder (if any) is insufficient to
compensate for any Diminution in Value of their respective interests in the Prepetition Collateral
during the Cases or any Successor Cases. The receipt by the Prepetition Secured Parties of the
adequate protection provided herein shall not be deemed an admission that the interests of the
Prepetition Secured Parties are adequately protected. Further, this Final Order shall not prejudice
or limit the rights of the Prepetition Administrative Agent or the Prepetition Lenders to seek
additional relief with respect to the use of Cash Collateral or for additional adequate protection in
a manner consistent with the Prepetition Loan Documents, and all parties-in-interests' rights are
reserved with respect thereto. Without limiting the generality of the foregoing, until (a) the

-29-

Page:      30
Debtors:   Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

indefeasible payment in full of all DIP Obligations and Prepetition Obligations, (b) the

commitments to lend under the DIP Facility have terminated, (c) all objections and challenges to

(i) the liens and security interests of the Prepetition Administrative Agent (including, without

limitation, liens granted for adequate protection purposes) and/or (ii) the Prepetition Obligations

have been waived, denied or barred in full, and (d) all of the Debtors' Stipulations have become

binding on their estates and parties in interest, all liens and security interests of the Prepetition

Administrative Agent (including, without limitation, liens granted for adequate protection

purposes) shall remain valid and enforceable with the same continuing priority as described

herein as and to the extent set forth herein and subject to paragraph 42 hereof.

## Provisions Common to DIP Financing
## and Use of Cash Collateral

18.        **Amendment of the DIP Loan Documents**. Subject to the terms

and conditions of the applicable DIP Loan Documents, the Debtors and the DIP Agent and DIP

Lenders may from time to time make technical, ministerial or non-material amendments,

modifications, supplements or waivers to any DIP Loan Document (collectively, "Non-Material

DIP Amendments")  without further order of the Court; provided that  extending the Sale

Milestones or the Maturity Date shall be deemed a Non-Material DIP Amendment; provided

further that the Debtors shall provide the Committee with written notice of such Non-Material

DIP Amendments promptly upon the execution thereof. In the case of a material amendment,

modification, supplement or waiver to the DIP Loan Documents (collectively, "Material DIP

Page:    31

Debtors:  Aceto Corporation, *et al.*

Case No: 19-13448 (VFP)

Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

Amendments"), the Debtors shall provide prior written notice (which shall be provided through

electronic mail) to co-counsel for the Committee and the U.S. Trustee, each of whom shall have

ten (10) days from the date of such notice to object in writing to such Material DIP Amendment.

If the Committee and U.S. Trustee indicate that they have no objection to the Material DIP

Amendment (or if no objections are timely received), the Debtors may proceed to execute the

Material DIP Amendment, which shall become effective immediately upon execution. If the

Committee or U.S. Trustee timely objects to such Material DIP Amendment, approval of the

Court (which may be sought on an expedited basis) will be necessary to effectuate the Material

DIP Amendment; *provided* that such Material DIP Amendment shall be without prejudice to the

right of any party in interest to be heard. Any Material DIP Amendment that becomes effective

in accordance with this paragraph shall promptly be filed with the Court.

19.        **Budget Maintenance**.  The use of borrowings under the DIP

Facility and the use of Cash Collateral shall be in accordance with the Approved Budget, subject

in all respects to the variances set forth in the DIP Credit Agreement. No later than the first

Wednesday of each month, the Debtors shall simultaneously deliver to the DIP Administrative

Agent and co-counsel for the Committee[5], an updated 13-week budget. The updated budget shall

be approved in writing (including by email) by, and shall be in form and substance reasonably

satisfactory to, the DIP Administrative Agent. Such updated budget shall not be effective until

---

[5] Unless otherwise agreed to by the Debtors in writing, any and all documents provided to co-counsel for the
Committee pursuant to this Final Order shall be subject to the confidentiality agreement entered into by and between
the Debtors, the members of the Committee, and the Committee's advisors.

Page:      32
Debtors:   Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

so approved and once so approved shall be deemed the "Approved Budget"; *provided, however*

that in the event that the DIP Administrative Agent and the Debtors cannot agree as to an

updated, modified or supplemented budget, then the existing Approved Budget shall continue in

effect, and any variance shall be determined by reference to such Approved Budget; *provided*

that notwithstanding anything to contrary contained herein any amounts budgeted for Case

Professionals (defined below) retained by the Committee, as set forth in the Professional Fee

Budget (defined herein), may not be reduced, amended or modified in any current or future

period without the written consent of such Committee professional, and any unused amounts

budgeted for Case Professionals retained by the Committee in excess of the amount incurred by

such Case Professionals during such budget period may be carried forward to a subsequent, or

carried back to a prior, budget period.. If a Prepayment Event occurs as a result of the sale of

Pharma Assets (as defined in the DIP Credit Agreement) prior to the Maturity Date (defined

below) and the aggregate Net Proceeds (as defined in the DIP Credit Agreement) from such

event are insufficient to fully fund the Carve Out as set forth in this Interim Order and to repay

in full the DIP Obligations and the Prepetition Obligations, then within five (5) business days

following the occurrence of such Prepayment Event, the Debtors shall deliver to the DIP

Administrative Agent a revised 13-week budget that removes any amounts previously allocated

solely to the operation of the Pharma Assets during the forecasted period from and after the

occurrence of such Prepayment Event through the end of the then-current budget period. Such

revised budget shall be in form and substance reasonably acceptable to the DIP Administrative

Page:     33
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Agent and once so approved shall be deemed the "Approved Budget"; *provided* that any dispute

related to such revised budget shall be resolved by the Court.    Each updated budget delivered to

the DIP Administrative Agent shall be accompanied by such supporting documentation as

reasonably requested by the DIP Administrative Agent and shall be prepared in good faith, with

due care and based upon assumptions the Debtors believe to be reasonable. A copy of any

Approved Budget shall be simultaneously delivered to co-counsel for the Committee, and the

U.S. Trustee immediately after it has been approved by the DIP Administrative Agent.

        20.        **Budget Compliance**. The Debtors shall at all times comply with

the Approved Budget, on the terms and subject to the variances set forth in the DIP Credit

Agreement; *provided however,* notwithstanding anything contained herein or in the DIP Loan

Documents, the fees and expenses incurred by the Prepetition Secured Parties or the DIP

Administrative Agent and their professionals shall not be tested for budget or variance purposes

No later than Wednesday of each week, the Debtors shall deliver to the DIP Administrative

Agent and counsel for the Committee, a report comparing the Debtors' actual results under the

Approved Budget for the immediately preceding week on a line item basis compared to the

projections on the Approved Budget, and an analysis of any variances (the "Variance Report").

The Debtors shall provide all other reports and information as required in the DIP Credit

Agreement. The Debtors' failure to comply with the Approved Budget (on the terms and subject

to the permitted variances set forth in the DIP Credit Agreement) or to provide the reports and

Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§ 105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361 And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11 U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

other information required in the DIP Credit Agreement, in each case, in accordance with and subject to the DIP Credit Agreement, shall constitute an Event of Default.

21.     **Modification of Automatic Stay**. The automatic stay imposed under section 362(a) of the Bankruptcy Code is hereby modified as necessary to effectuate all of the terms and provisions of this Final Order, including to: (a) permit the Debtors to grant on a final basis the DIP Liens, Adequate Protection Liens, DIP Superpriority Claims, and Prepetition Superpriority Claims; (b) permit the Debtors to perform such acts as the DIP Administrative Agent and the Prepetition Administrative Agent may reasonably request to assure the perfection and priority of the liens granted herein; (c) permit the Debtors to incur all liabilities and obligations to the DIP Administrative Agent, DIP Lenders, and other DIP Secured Parties under the DIP Loan Documents, the DIP Facility, and this Final Order, as applicable; and (d) authorize the Debtors to make payments in accordance with the terms of the Interim Order, this Final Order and the DIP Loan Documents.

22.     **Perfection of DIP Liens and Adequate Protection Liens**. This Final Order shall be sufficient and conclusive evidence of the creation, validity, perfection, and priority of all liens granted under the Interim Order, this Final Order and confirmed herein, including the DIP Liens and the Adequate Protection Liens, without the necessity of filing or recording any financing statement, fixture filing, notice, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect the DIP Liens and the Adequate Protection Liens, or to

-34-

Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

evidence or entitle the DIP Administrative Agent, the DIP Lenders, any other DIP Secured

Parties and the Prepetition Secured Parties to the priorities granted herein. Subject to the Carve

Out, the DIP Liens and the DIP Superpriority Claim shall be senior to any liens (other than the

Permitted Prior Liens) or claims against the Debtors. Notwithstanding the foregoing, each of the

DIP Administrative Agent and the Prepetition Administrative Agent is authorized to file, in the

applicable filing offices, registries of deeds and other appropriate public records (i) notice of this

Final Order, and (ii) such financing statements, fixture filings, security agreements, notices of

liens, and other similar documents to perfect in accordance with applicable non-bankruptcy law

or to otherwise evidence the DIP Liens and the Adequate Protection Liens, and all such financing

statements, fixture filings, agreements, notices, and other documents shall be deemed to have

been filed or recorded as of the Petition Date; *provided, however,* that no such filing or

recordation shall be necessary or required in order to create or perfect the DIP Liens or the

Adequate Protection Liens. The Debtors are authorized to execute and deliver promptly upon

demand to the DIP Administrative Agent and the Prepetition Administrative Agent all such

financing statements, fixture filings, agreements, notices, and other documents as the DIP

Administrative Agent or the Prepetition Administrative Agent may reasonably request. The DIP

Administrative Agent and the Prepetition Administrative Agent, in its discretion, may file a

photocopy of this Final Order as a financing statement or fixture filing with any filing or

recording office, in addition to or in lieu of such financing statements, fixture filings,

agreements, notices of lien, or similar instrument. To the extent that the Prepetition

-35-

Page:      36
Debtors:   Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Administrative Agent is the secured party under any security agreement, credit card processor

notices or agreements, bailee letters, custom broker agreements, financing statement, fixture

filing, deposit account control agreement, deposit account instruction agreement or any other

collateral documents or relevant Prepetition Loan Documents then automatically and without

further action, (i) the DIP Administrative Agent shall be deemed to be a secured party under such

documents, (ii) the DIP Obligations, together with any refinancings or replacements thereof,

shall be deemed to be secured obligations under such documents, and (iii) the applicable

provisions of such documents shall apply to the DIP Obligations. To the extent the Prepetition

Administrative Agent is listed as loss payee or additional insured under any of the Debtors'

insurance policies, the DIP Administrative Agent shall also be deemed to be the secured party

listed under such documents or to be the loss payee or additional insured, as applicable.

     23.      **Application of Proceeds of Collateral**. As a condition to the

continued extension of credit under the DIP Facility and the continued authorization to use Cash

Collateral, the Debtors have agreed that as of and commencing on the date of the Interim

Hearing, the Debtors shall apply all proceeds of DIP Collateral (including, without limitation,

Cash Collateral) and other payments received by the Debtors in respect of the DIP Collateral,

including whether sold in the ordinary course or otherwise, as provided in the DIP Credit

Agreement.

     24.      **Protections of Rights of DIP Secured Parties and Prepetition**

**Secured Parties**.

Page:    37
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

(a)    Unless the DIP Administrative Agent and the Prepetition
Administrative Agent, as applicable, shall have provided prior written consent, or all DIP
Obligations and all Prepetition Obligations have been, or contemporaneously will be,
indefeasibly paid in full in cash and the lending commitments under the DIP Facility have
terminated, the entry in any of these Cases or any Successor Cases of any order (or request to the
Court by the Debtors or any estate representative (which shall not include the Committee) for
entry of any order) that authorizes any of the following shall constitute an Event of Default under
this Final Order: (i) the obtaining of credit or the incurring of indebtedness that is secured by a
security, interest or other lien on all or any portion of the DIP Collateral or Prepetition Collateral
and/or that is entitled to administrative priority status, in each case that is superior to or *pari
passu* with the DIP Liens, the DIP Superpriority Claims, the Prepetition Agent's Liens, the
Adequate Protection Liens, and/or the Prepetition Lender Superpriority Claim; (ii) the use of
Cash Collateral for any purpose other than as permitted in the DIP Loan Documents and this
Final Order; or (iii) any modification of any  DIP Secured Parties', or any Prepetition Loan
Parties' rights under the Interim Order, this Final Order, the DIP Loan Documents or the
Prepetition Loan Documents, as applicable, with respect to any DIP Obligations or Prepetition
Obligations.

(b)    Until the DIP Obligations and Prepetition Obligations have been
indefeasibly paid in full in cash, the Debtors shall (i) maintain books, records, and accounts to
the extent and as required by the DIP Loan Documents; (ii) reasonably cooperate with, consult

Page:    38
Debtors:  Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

with, and provide to the DIP Administrative Agent all such information and documents that any

or all of the Debtors are obligated to provide under the DIP Loan Documents or the provisions of

this Final Order; (iii) upon reasonable advance notice, permit the DIP Administrative Agent, and

the duly authorized representatives or agents of the DIP Administrative Agent, to visit and

inspect any of the Debtors' respective properties, to examine and make abstracts or copies from

any of their respective books and records, to tour the Debtors' business premises and other

properties, and to discuss, and provide advice with respect to, their respective affairs, finances,

properties, business operations, and accounts with their respective officers, employees,

independent public accountants, and other professional advisors; (iv) permit the DIP

Administrative Agent, and the duly authorized representatives or agents of the DIP

Administrative Agent to consult with the Debtors' management and advisors on matters

concerning the Debtors' businesses, financial condition, operations, and assets; and (v) upon

reasonable advance notice, permit the DIP Administrative Agent to conduct, at its discretion and

at the Debtors' cost and expense, field audits, collateral examinations, liquidation valuations, and

inventory appraisals at reasonable times in respect of any or all of the DIP Collateral and

Prepetition Collateral in accordance with the DIP Loan Documents and the Prepetition Loan

Documents.

25.        **Credit Bidding**.  In connection with any sale process authorized by

the Court, the DIP Administrative Agent and the Prepetition Administrative Agent may credit

bid up to the full amount of outstanding DIP Obligations and Prepetition Obligations, as

Page:       39
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

applicable, including any accrued interest and expenses (each a "Credit Bid"), together with any
cash component included in any winning bid, in any sale of the Debtors' assets, whether such
sale is effectuated through section 363 or section 1129 of the Bankruptcy Code, by a chapter 7
trustee under section 725 of the Bankruptcy Code, or otherwise. Each of the DIP Administrative
Agent and the Prepetition Administrative Agent, as applicable, shall be considered a "Qualified
Bidder" with respect to its rights to acquire all or any of the Debtors' assets by Credit Bid.

26.     **Subsequent Financing**. If the Debtors, any trustee, any examiner
with expanded powers, or any responsible officer subsequently appointed in these Cases or any
Successor Cases, shall request authority to obtain credit or incur debt pursuant to Bankruptcy
Code sections 364(b), 364(c), or 364(d) or in violation of the DIP Loan Documents at any time
prior to the indefeasible repayment in full of all DIP Obligations and Prepetition Obligations, the
full cash collateralization of the DIP Letters of Credit at 105% of the face amount thereof, and
the termination of the DIP Administrative Agent's and the DIP Lenders' obligation to extend
credit under the DIP Facility, and such facilities are proposed to be secured by any DIP
Collateral, then such request shall constitute an Event of Default.

27.     **Cash Collection**. From and after the date of the entry of the Interim
Order, all collections and proceeds of any DIP Collateral or Prepetition Collateral or services the
possession, custody, or control of any Debtor, or to which any Debtor is now or shall become
entitled at any time, shall continue to be promptly deposited in the same deposit accounts into
which the collections and proceeds of the Prepetition Collateral were deposited under the

Page:       40
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

Prepetition Loan Documents (or in such other accounts as are designated by the DIP
Administrative Agent from time to time) (collectively, the "Cash Collection Accounts"), which
accounts shall be subject to the sole dominion and control of the DIP Administrative Agent. All
proceeds and other amounts in the Cash Collection Accounts, may be used as permitted to be
used in accordance with the DIP Credit Agreement and the Approved Budget. The Debtors shall
maintain no accounts except those identified in the DIP Credit Agreement and in any cash
management order entered by the Court (a "Cash Management Order").

28.       **Maintenance of DIP Collateral**. Until the Maturity Date, the
Debtors shall: (a) insure the DIP Collateral as required under the DIP Facility or the Prepetition
Loan Facility, as applicable; and (b) maintain the cash management system in effect as of the
Petition Date, as modified by any Cash Management Order, or as otherwise required by the DIP
Loan Documents or this Final Order.

29.       **Disposition of DIP Collateral**. Until, or contemporaneously with,
the Maturity Date, except for the Sale Orders referenced in Section 32 below, the Debtors shall
not sell, transfer, lease, encumber or otherwise dispose of any portion of the DIP Collateral or
Prepetition Collateral other than in the ordinary course of business without the prior written
consent of the DIP Administrative Agent and Prepetition Administrative Agent, as applicable
(and no such consent shall be implied, from any other action, inaction or acquiescence by the
DIP Administrative Agent, DIP Lenders, the Prepetition Administrative Agent, or the Prepetition

Page:    41
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Lenders), except as otherwise provided for in the DIP Loan Documents or otherwise ordered by
the Court.

30.      **DIP Maturity Date**. The commitment of the DIP Lenders shall
terminate and all amounts owing under the DIP Facility shall be due and payable, subject to the
Carve Out, on the earliest to occur of the following (in any event and subject to extension(s) as
provided under the DIP Credit Agreement, the "Maturity Date"): (a) June 7, 2019, or such date
as may be extended pursuant to Section 2.04 of the DIP Credit Agreement; (b) the date on which
Debtors consummate the transactions for the sale or disposition of all or substantially all of their
Chemical Assets (as defined in the DIP Motion); and (c) the acceleration or the maturity of the
DIP Loans and the termination of the DIP Facility after the occurrence and during the
continuance of an Event of Default under the DIP Credit Agreement, subject to the Remedies
Notice Period (as defined below). The Debtors may continue to enter into Swap  Agreements
with a DIP Lender or a Prepetition Secured Party, in the ordinary course of business, provided
that such transactions have a stated termination date prior to June 7, 2019. On the Maturity Date:
(x) all applicable DIP Obligations shall be immediately due and payable, all commitments to
extend credit under the DIP Facility will terminate, all outstanding DIP Letters of Credit shall be
cash collateralized in an amount equal to 105% of the face amount thereof, and such DIP Letters
of Credit cash collateral shall not be subject to or subordinate to the Carve Out; (y) all authority
to use Cash Collateral shall cease; and (z) the DIP Administrative Agent shall be entitled to

-41-

Page:    42
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

exercise all other rights and remedies under the DIP Loan Documents in accordance with this
Final Order.

31.     **Events of Default**. The occurrence of any of the following events,
unless waived by the DIP Administrative Agent in writing and in accordance with the terms of
the DIP Credit Agreement, shall constitute an event of default (an "Event of Default"): (a) the
failure of the Debtors to perform, in any respect, any of the material terms, provisions,
conditions, covenants, or obligations under this Final Order, including the failure to comply with
the Sale Milestones (as defined below), (b) the failure of the Debtors to comply with the
Approved Budget on the terms and subject to the permitted variances set forth in the DIP Credit
Agreement; or (c) the occurrence of any other "Event of Default" under the DIP Loan
Documents.

32.     **Sale Milestones**. As a condition to the continued access to the DIP
Facility and the continued use of Cash Collateral, the Debtors shall meet the following
milestones for progress in connection with a sale process under Section 363 of the Bankruptcy
Code (the "Sale Milestones"):

(a)     not later than seven (7) days following the Effective Date,
cause the Sale Procedure Motion (as defined in the DIP Credit Agreement) to be filed
with the Court;

(b)     if a Pharma Assets Stalking Horse APA (as defined in the
DIP Credit Agreement) is not signed by the parties thereto on or prior to the Effective
Date, then, either:

Page:     43
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

(1)     not later than fourteen (14) days after the Effective Date,
(A) execute and deliver a Pharma Assets Stalking Horse APA (as defined
in the DIP Credit Agreement) with the other parties thereto and deliver a
copy of such execute agreement, certified to be true and correct, to the
DIP Administrative Agent, together with evidence reasonably satisfactory
to the DIP Administrative Agent that the Borrowers have received the
deposit from the purchaser thereunder (to be held in escrow pursuant to
the terms of the applicable Pharma Assets Stalking Horse APA (as defined
in the DIP Credit Agreement)) and (B) not later than five (5) days after
execution and delivery of such Pharma Assets Stalking Horse APA (as
defined in the DIP Credit Agreement), file a sale procedure motion with
the Court seeking to sell the Pharma Assets (as defined in the DIP Credit
Agreement) in one or more sales under Section 363 of the Bankruptcy
Code, together with a copy of a form asset purchase agreement for the
Pharma Assets (as defined in the DIP Credit Agreement) and a proposed
sale procedure order establishing an auction process and bid procedure for
such sale (the "Pharma Assets Sale Procedure Order"), each in form and
substance reasonably satisfactory to the DIP Administrative Agent; or

(2)     not later than nineteen (19) days after the Effective Date,
deliver to the DIP Administrative Agent a wind-down or liquidation plan
with respect to the orderly liquidation of accounts receivable, inventory
and other Pharma Assets (as defined in the DIP Credit Agreement)
constituting collateral or property of the Debtors subject to the Prepetition
Agent's validly perfected liens in form and substance reasonably
satisfactory to the DIP Administrative Agent (the "Pharma Liquidation
Plan");

(c)     not later than thirty (30) days following the Effective Date, obtain
entry of the Sale Procedure Order (as defined in the DIP Credit Agreement) and the
Pharma Assets Sale Procedure Order, if any;

(d)     not prior to the Challenge Deadline or later than forty (40) days
following the entry of the Sale Procedure Order (as defined in the DIP Credit Agreement)
(or if the Sale Procedure Order and the Pharma Assets Sale Procedure Order, if any, is
entered on or before March 22, 2019, not later than forty-five (45) days following the
entry of the Sale Procedure Order) (as defined in the DIP Credit Agreement) and the
Pharma Assets Sale Procedure Order, if any), obtain the approval of the Court for:

Page:      44
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

> (1)    the sale of the Chemical Assets (as defined in the DIP
> Credit Agreement) pursuant to an asset purchase agreement and an order
> of the Court, and if applicable, the sale of the Pharma Assets (as defined in
> the DIP Credit Agreement), pursuant to an asset purchase agreement and
> an order of the Court, in the case of each such asset purchase agreement
> and order, in form and substance reasonably satisfactory to the DIP
> Administrative Agent and the required lenders to the DIP Credit
> Agreement (each such order, a "Sale Order" and collectively, the "Sale
> Orders"); and
>
> (2)    if applicable, the Pharma Liquidation Plan pursuant to an
> order of the Court in form and substance reasonably satisfactory to the
> DIP Administrative Agent and the required lenders to the DIP Credit
> Agreement;
>
> (e)    not later than thirty (30) days following the entry of the respective
> Sale Order, consummate the sale of the Chemical Assets (as defined in the DIP Credit
> Agreement) and, if applicable, the sale of the Pharma Assets (as defined in the DIP Credit
> Agreement), pursuant to Section 363 of the Bankruptcy Code on the terms of the
> applicable asset purchase agreement and order of the Court, as such asset purchase
> agreement and order may be amended or otherwise modified in a manner reasonably
> satisfactory to DIP Administrative Agent and the required lenders to the DIP Credit
> Agreement.

The Debtors have satisfied the Sale Milestones referenced in sections (a), (b) and, with respect to entry of the Sale Procedure Order, (c) above. For the avoidance of doubt, the failure of the Debtors to comply with any of the remaining Sale Milestones shall constitute an Event of Default under the DIP Credit Agreement and this Final Order. Each material document or material transaction referenced in connection with the Sale Milestones shall be in form, detail and substance reasonably satisfactory to the DIP Administrative Agent.

33.    **Rights and Remedies Upon Event of Default**. Immediately upon the occurrence and during the continuation of an Event of Default, notwithstanding the

Page:       45
Debtors:    Aceto Corporation, *et al.*
Case No:    19-13448 (VFP)
Caption:    Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
            105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
            To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
            And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
            U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

provisions of section 362 of the Bankruptcy Code, without any application, motion or notice to,

hearing before, or order from the Court, but subject to the terms of this Final Order the DIP

Administrative Agent may declare (any such declaration shall be referred to herein as a

"Termination Declaration") (a) all DIP Obligations owing under the respective DIP Loan

Documents to be immediately due and payable, (b) the termination, reduction or restriction of

any further commitment to extend credit to the Debtors under the DIP Facility, (c) termination of

the DIP Facility and the DIP Loan Documents as to any future liability or obligation of the DIP

Administrative Agent and the DIP Lenders, but without affecting any of the DIP Liens or the

DIP Obligations, and may deliver the Carve Out Trigger Notice (defined below) to the Debtors,

the U.S. Trustee, and co-counsel for the Committee, and (d) a termination, reduction or

restriction on the ability of the Debtors to use Cash Collateral.  The Termination Declaration

shall include notice of the occurrence of the Event of Default and shall be given by electronic

mail to counsel to the Debtors, co-counsel for the Committee, and the U.S. Trustee.  The

automatic stay in the Cases otherwise applicable to the DIP Administrative Agent, the DIP

Lenders, and the Prepetition Loan Parties is hereby modified so that five (5) business days after

the date a Termination Declaration is delivered (the "Remedies Notice Period"), the DIP

Administrative Agent and the DIP Lenders shall be entitled to exercise their rights and remedies

in accordance with the DIP Loan Documents and this Final Order to satisfy the DIP Obligations,

DIP Superpriority Claim, and DIP Liens; provided that upon the repayment in full of the DIP

Obligations following the expiration of the Remedies Notice Period, the Prepetition

Page:       46
Debtors:    Aceto Corporation, *et al.*
Case No:    19-13448 (VFP)
Caption:    Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
            105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
            To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
            And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
            U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Administrative Agent shall be entitled to exercise its rights and remedies in accordance with the

Prepetition Loan Documents and this Final Order to satisfy the Prepetition Obligations, the

Adequate Protection Liens, and the Prepetition Lender Superpriority Claim; *provided however*

that following the delivery of a Termination Declaration, and during the Remedies Notice

Period, the Debtors are authorized to use Cash Collateral to pay critical expenses to preserve the

value of the Debtors' estates. In furtherance of the foregoing, and following the expiration of the

Remedies Notice Period (but subject to the funding of the Carve Out), the Debtors and the

financial institutions where the Debtors' Cash Collection Accounts are maintained (including

those accounts identified in any Cash Management Order) are authorized to remit, without offset

or deduction, funds in such Cash Collection Accounts to the DIP Administrative Agent, for

deposit into any Cash Collection Accounts maintained with the DIP Administrative Agent, upon

receipt of any direction to that effect from the DIP Administrative Agent. During the Remedies

Notice Period, the Debtors and/or the Committee shall be entitled to seek an emergency hearing

within the Remedies Notice Period. Unless the Court orders otherwise (whether during the

Remedies Notice Period or within five (5) business days of the expiration thereof), the automatic

stay, as to DIP Administrative Agent, the DIP Lenders, the Prepetition Administrative Agent and

the other Prepetition Secured Parties, as applicable, shall automatically be terminated at the end

of the Remedies Notice Period without further notice or order. Upon expiration of the Remedies

Notice Period or within five (5) business days of the expiration thereof, the DIP Administrative

Agent, the DIP Lenders, the other DIP Secured Parties, the Prepetition Administrative Agent and

Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
        105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
        To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
        And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
        U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

the other Prepetition Secured Parties shall be permitted to exercise all remedies set forth herein,

in the DIP Loan Documents or the Prepetition Loan Documents, as applicable, and as otherwise

available at law without further order of or application or motion to the Court.

34.       **Good Faith Under Section 364(e) of the Bankruptcy Code**. The

DIP Administrative Agent, the DIP Lenders, the Prepetition Administrative Agent, and the

Prepetition Lenders have acted in good faith in connection with the Interim Order and this Final

Order and are entitled to rely upon the protections granted herein, in the Interim Order and by

section 364(e) of the Bankruptcy Code. Based on the findings set forth in the Interim Order and

this Final Order and the record made during the Interim Hearing and the Final Hearing, and in

accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions

of the Interim Order or this Final Order are hereafter reargued, reconsidered, reversed, modified,

amended, or vacated by a subsequent order of this Court or any other court, the DIP

Administrative Agent, the DIP Lenders, the Prepetition Administrative Agent and the Prepetition

Lenders are entitled to the protections provided in section 364(e) of the Bankruptcy Code to the

maximum extent set forth therein.

35.       **Lender Expenses**. The Debtors are authorized and directed to pay

(a) all reasonable and documented fees and expenses incurred by the Prepetition Administrative

Agent and any Prepetition Lender as set forth the Interim DIP Order (with respect to invoices

submitted to the Debtors prior to entry of this Final DIP Order) and in paragraph 16 hereof and

(b) all reasonable and documented fees and expenses of the DIP Administrative Agent and any

Page:      48
Debtors:   Aceto Corporation, et al.
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

DIP Lender as provided in the DIP Loan Documents (including attorneys' fees, monitoring and appraisal fees, financial advisory fees, fees and expenses of other consultants, and indemnification and reimbursement of fees and expenses). Summary invoices for payment of the foregoing fees and expenses shall be simultaneously provided to counsel for the Debtors and the Committee, without waiver of privilege or confidentiality. If no written objection (which shall be limited to the reasonableness of the amount of such fees and expenses) to payment is provided to the party submitting such invoice, setting forth with specificity the basis for such objection, within ten (10) calendar days after receipt of such summary invoices (the "Fee Objection Period") by counsel for the Debtors and the Committee, then, without further order of, or application to, the Court or notice to any other party, such fees and expenses shall be promptly paid by the Debtors. If an objection (which shall be limited to the reasonableness of the amount of such fees and expenses) is made and provided by counsel for the Debtors or the Committee as provided herein within the Fee Objection Period to payment of the invoiced fees and expenses, then only the disputed portion of such fees and expenses shall not be paid until the objection is resolved by the applicable parties in good faith or by order of the Court, and the undisputed portion shall be promptly paid by the Debtors. Subject to the foregoing, payment of all such fees and expenses shall not be subject to allowance by the Court, and no attorney or advisor to the DIP Administrative Agent, the DIP Lenders, the Prepetition Administrative Agent or the Prepetition Lenders shall be required to file an application seeking compensation for services or reimbursement of expenses with the Court.

-48-

Page:      49
Debtors:  Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

36.          **Indemnification**. The Debtors shall indemnify and hold harmless
the DIP Administrative Agent and the DIP Lenders in accordance with and subject to the terms
and conditions of the DIP Loan Documents.

37.          **Proofs of Claim**. The DIP Administrative Agent, the DIP Lenders,
the other DIP Secured Parties and the Prepetition Secured Parties will not be required to file
proofs of claim or request for payment of any administrative expense in any of the Cases or
Successor Cases for any claim allowed herein. Notwithstanding any order entered by the Court
in relation to the establishment of a bar date in any of the Cases or Successor Cases to the
contrary, the Prepetition Administrative Agent, on behalf of itself and the Prepetition Secured
Parties, is hereby authorized and entitled, in its sole discretion, but not required, to file (and
amend and/or supplement, as it sees fit) a proof of claim and/or aggregate proofs of claim in each
of the Cases or Successor Cases with respect to the Prepetition Obligations. Any proof of claim
filed by the Prepetition Administrative Agent shall be deemed to be in addition to and not in lieu
of any other proof of claim that may be filed by any of the Prepetition Secured Parties. Any order
entered by the Court in relation to the establishment of a bar date shall not apply to any claim of
the DIP Administrative Agent, the other DIP Secured Parties, the Prepetition Administrative
Agent and the other Prepetition Secured Parties arising under, or in connection with, the DIP
Loan Documents or the Prepetition Loan Documents, as applicable.

38.          **Rights of Access and Information**. Without limiting the rights of
access and information afforded the DIP Administrative Agent and the DIP Lenders under the

Page:    50
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

DIP Loan Documents, the Debtors shall be, and hereby are, required to afford representatives,

agents and/or employees of the DIP Administrative Agent and the Prepetition Administrative

Agent reasonable access to the Debtors' premises and their books and records in accordance with

the DIP Loan Documents and the Prepetition Loan Documents, as applicable, and shall

reasonably cooperate, consult with, and provide to such persons all such information as may be

reasonably requested.   In addition, the Debtors authorize their independent certified public

accountants, financial advisors, investment bankers and consultants, to cooperate, consult with,

and provide to the DIP Administrative Agent and the Prepetition Administrative Agent all such

information as may be reasonably requested with respect to the business, results of operations

and financial condition of any of the Debtors.

        39.      **Carve Out**.   Notwithstanding anything contained herein to the

contrary, the DIP Liens, DIP Superpriority Claim, the Prepetition Liens, the Permitted Prior

Liens, the Adequate Protection Liens and the Prepetition Superpriority Claim are all subordinate

to the following (collectively, the "Carve Out"):

        A.       All reasonable fees and expenses up to $50,000 incurred by a trustee under

section 726(b) of the Bankruptcy Code.

        B.       Allowed administrative expenses pursuant to 28 U.S.C. § 1930(a)(6) for

fees, together with the statutory rate of interest, payable to the Office of the United States

Trustee, as determined by agreement of the U.S. Trustee or by final order of this Court and 28

Page:     51
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

U.S.C. § 156(c) for fees required to be paid to the Clerk of this Court as of the date of such

Prepayment Event or the delivery of such Carve Out Trigger Notice,[6] as applicable;

        C.     All accrued and unpaid fees (irrespective of when payable as approved by

the Court), disbursements, costs and expenses, allowed at any time by this Court and incurred by

professionals retained by the Debtors or the Committee (the "Case Professionals") from and after

the Effective Date through the delivery of such Carve Out Trigger Notice (other than any sale

success or transaction fees payable in respect of such Prepayment Event that are payable from

proceeds other than the Net Proceeds thereof), not to exceed the amounts in the Professional Fee

Budget for such Case Professionals for such period, and net of any retainers; ; and

        D.     All accrued and unpaid fees and expenses incurred by the Case

Professionals from and after the date of delivery of such Carve Out Trigger Notice, irrespective

of when payable as approved by the Court, in an aggregate amount not to exceed $600,000 for

Case Professionals (the sum of amounts under clauses (A), (B), (C), and (D) as of any date of

determination, the "Carve Out Cap").

        Upon a sale of DIP Collateral outside the ordinary course of business, which constitutes a

Prepayment Event (as defined in the DIP Credit Agreement) prior to the delivery of a Carve Out

Trigger Notice, an aggregate amount up to the Carve Out Cap shall be funded into a reserve

---

[6] A "Carve Out Trigger Notice" shall mean a written notice delivered by the DIP Administrative Agent to the Debtors and their counsel, the U.S. Trustee, and co-counsel to the Committee, which notice may be delivered at any time by the DIP Administrative Agent following the occurrence and continuance of any Event of Default and, in any case, shall specify that it is a "Carve Out Trigger Notice". The Carve Out Trigger Notice shall be deemed to have been delivered on the scheduled maturity date without the necessity of the delivery of any such notice.

Page:      52
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

account of the Debtors (which may be held by Lowenstein Sandler, LLP, as bankruptcy counsel
to the Debtors) with the available Net Proceeds (as defined in the DIP Credit Agreement)
resulting from such sale of DIP Collateral, and the Carve Out in respect of such Prepayment
Event (as Defined in the DIP Credit Agreement) shall be fully satisfied if and when proceeds of
such DIP Collateral that is equal to the Carve Out Cap have been funded to such reserve account.

    After the delivery of a Carve Out Trigger Notice, an aggregate amount up to the Carve
Out Cap shall be funded, whether from cash on hand or from the sale of any DIP Collateral
(whether or not constituting a Prepayment Event), receipt of Cash Collateral, or otherwise, into a
reserve account of the Debtors (which may be held by Lowenstein Sandler, LLP, as bankruptcy
counsel to the Debtors).[7] Following the delivery of a Carve Out Trigger Notice, the Carve Out
shall be fully satisfied as proceeds of DIP Collateral are funded to such reserve account from
time to time in an aggregate amount, together with any then balance in such account as of the
date of such delivery, that is equal to the Carve Out Cap determined as of the date of such
delivery. The Carve Out Cap shall be reduced on a dollar-for-dollar basis by any payments of
fees or expenses of the Case Professionals made from such reserve account. Following the full
funding of the Carve Out Cap on or after the date of delivery of the Carve Out Trigger Notice,
none of the DIP Administrative Agent, the DIP Lenders, the other DIP Secured Parties and the

---

[7] The Debtors and Lowenstein Sandler, as applicable, shall be authorized to remit payment from the reserve account to Case Professionals from time to time as may be payable pursuant to any order of the Court setting forth interim compensation procedures for Case Professionals.

Page:     53
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Prepetition Secured Parties shall have any further liability whatsoever for the Carve Out or any

subordination in respect thereof.

Nothing herein, including the inclusion of line items in the Professional Fee Budget for

Case Professionals, shall be construed as consent to the allowance of any particular professional

fees or expense of the Debtors, of the Committee, or of any other person or shall affect the right

of the DIP Administrative Agent, the Prepetition Administrative Agent, or the Prepetition

Lenders to object to the allowance and payment of such fees and expenses. The DIP

Administrative Agent, the DIP Lenders, the other DIP Secured Parties and the Prepetition

Secured Parties shall not be responsible for the direct payment or reimbursement of any fees or

disbursements of any Case Professionals incurred in connection with the Cases or any Successor

Cases under any chapter of the Bankruptcy Code. Nothing in the Interim Order, this Final Order

or otherwise shall be construed to obligate the DIP Administrative Agent, the DIP Lenders, any

other DIP Secured Party or the Prepetition Secured Parties in any way to pay compensation to or

to reimburse expenses of any Case Professional, or to guarantee that the Debtors have sufficient

funds to pay such compensation or reimbursement.   For the avoidance of doubt and

notwithstanding anything contained in the Interim DIP Order, this Final DIP Order, the DIP

Loan Documents or the Prepetition Loan Documents, the Carve Out shall be senior to the DIP

Liens, the DIP Superpriority Claim, the Prepetition Liens, the Adequate Protection Liens, the

Prepetition Superpriority Claim the Permitted Prior Liens, any and all other forms of adequate

Case 19-13448-VFP   Doc 141   Filed 03/15/19   Entered 03/15/19 15:58:41   Desc Main
Document      Page 54 of 77

Page:      54
Debtors:   Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

protection, liens, or claims securing the DIP Obligations, the DIP Collateral and the Prepetition

Obligations granted hereunder, or otherwise.

40.   **Limitations on Use of DIP Proceeds, Cash Collateral, and Carve Out.**

Except as otherwise set forth in the DIP Loan Documents or in this Final Order, the DIP Facility,

the DIP Collateral, the Prepetition Collateral, the Cash Collateral and the Carve Out may not be

used in connection with: (a) except to contest the occurrence of an Event of Default, preventing,

hindering, or delaying any of the DIP Administrative Agent's, the DIP Lenders', or the

Prepetition Secured Parties' enforcement or realization upon any of the DIP Collateral or

Prepetition Collateral; (b) using or seeking to use Cash Collateral except as provided for in this

Final Order and the DIP Loan Documents; (c) selling or otherwise disposing of DIP Collateral

except as provided in the DIP Loan Documents; (d) using or seeking to use any insurance

proceeds constituting DIP Collateral except as provided in the DIP Loan Documents; (e)

incurring Indebtedness (as defined in the DIP Credit Agreement) not permitted by the DIP Credit

Agreement without the prior consent of the DIP Administrative Agent; (f) seeking to amend or

modify any of the rights granted to the DIP Administrative Agent, the DIP Lenders, or the

Prepetition Secured Parties under the Interim Order, the Final Order, the DIP Loan Documents,

or the Prepetition Loan Documents; (g) objecting to or challenging in any way the DIP Liens, the

DIP Obligations, the Prepetition Liens, the Prepetition Obligations, the DIP Collateral (including

Cash Collateral) or, as the case may be, Prepetition Collateral, or any other claims or liens, held

by or on behalf of any of the DIP Administrative Agent, the DIP Lenders, or the Prepetition

Page:    55
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

Secured Parties, respectively; (h) asserting, commencing, or prosecuting any claims or causes of action whatsoever, including any actions under chapter 5 of the Bankruptcy Code or applicable state law equivalents or actions to recover or disgorge payments, against any of the DIP Administrative Agent, the DIP Lenders, the Prepetition Secured Parties, or any of their respective affiliates, agents, attorneys, advisors, professionals, officers, directors, and employees; (i) litigating, objecting to, challenging, or contesting in any manner, or raising any defenses to, the validity, extent, amount, perfection, priority, or enforceability of any of the DIP Obligations, the DIP Liens, the Prepetition Liens, the Prepetition Obligations or any other rights or interests of any of the DIP Administrative Agent, the DIP Lenders, or the Prepetition Secured Parties; or (j) seeking to subordinate, recharacterize, disallow or avoid the DIP Obligations or the Prepetition Obligations; *provided, however,* that up to $75,000 of the proceeds of the DIP Collateral, Cash Collateral and/or Prepetition Collateral may be used by the Committee to investigate (but not commence a formal Challenge to) the liens and claims held by, and any potential claims or causes of action against, the Prepetition Secured Parties, including, without limitation, in respect of the validity, enforceability, perfection, priority or extent of the Prepetition Liens, the Prepetition Loan Documents, or the Prepetition Obligations.

41.    **Payment of Compensation**. Nothing herein shall be construed as a consent to the allowance of any professional fees or expenses or shall affect the right of the DIP Administrative Agent, the DIP Lenders, or the Prepetition Secured Parties to object to the allowance and payment of such fees and expenses. So long as no Event of Default has occurred

Page:    56
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

and been declared by the DIP Administrative Agent in connection with the Declaration Notice,

the Debtors shall be permitted to pay fees and expenses allowed and payable by final order under

sections 328, 330, and 331 of the Bankruptcy Code or pursuant to any other order of the Court

setting forth the procedures for interim payment of fees and expenses of Case Professionals, as

the same may be due and payable to the extent the same were accrued and to the extent permitted

in the most recent Professional Fee Budget (defined below) provided by the Debtors and

reasonably acceptable to the DIP Administrative Agent.  Subject to Paragraph 19 hereof, no

variance in excess of the total amount of anticipated accrued fees and expenditures set forth on

the professional fees monthly accrual forecast schedule included in the Approved Budget (the

"Professional Fee Budget") for any period (with any period of a week being pro-rated portion of

the amount therein for the appropriate month), will be payable from the DIP Collateral absent

prior consent of the DIP Administrative Agent.  Nothing herein shall prohibit or otherwise limit

the payment of any allowed sale success or transaction fee of a Case Professional approved by

the Court, provided that this sentence shall not affect the amount of the Carve Out Cap.

Notwithstanding anything contained herein or in the DIP Loan Documents to the contrary,

nothing herein or in the DIP Loan Documents (including, without limitation, any line item

contained in any budget) shall in any way prohibit, impair or otherwise limit the incurrence or

allowance of any of the fees and expenses of any of the Case Professional or the ability of any of

the Case Professionals to assert administrative expenses on account of such fees and expense

against any of the Debtors.

Page:    57

Debtors: Aceto Corporation, *et al.*

Case No: 19-13448 (VFP)

Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

42.      **Effect of Stipulations on Third Parties**.

(a)      *Generally.* The admissions, stipulations, agreements, releases, and
waivers set forth in the Interim Order and this Final Order (including the Debtors' Stipulations,
collectively, the "Prepetition Lien and Claim Stipulations") are and shall be binding on the
Debtors. In addition, the Prepetition Lien and Claim Stipulations shall be binding on any
subsequent trustee, responsible person, examiner with expanded powers, any other estate
representative, and all creditors and parties in interest and all of their successors in interest and
assigns, including the Committee, unless, and solely to the extent that, the Committee as a party
in interest with standing and requisite authority (as to the Debtors and all other estate
representatives, creditors and parties in interest any Challenge (as defined below) is irrevocably
waived and relinquished) (i) has timely filed the appropriate pleadings, and timely commenced
the appropriate proceeding required under the Bankruptcy Code and Bankruptcy Rules,
challenging the Prepetition Lien and Claim Stipulations (each such proceeding or appropriate
pleading commencing a proceeding or other contested matter, a "Challenge") on such date that is
(A) the earlier of (x) April 22, 2019 or (y) the date that is two (2) business days prior to the
commencement of the hearing in respect of the approval of the sale of the Pharma Assets (which
date and time of the sale hearing in connection with the sale of the Pharma Assets shall be no
earlier than April 8, 2019), (B) such other date as may be agreed in writing by counsel for the
Committee and the Prepetition Administrative Agent (upon notice to the Debtors), or (C) such
later date as extended by this Court for good cause shown pursuant to an application filed by a

-57-

Page:     58
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

party in interest prior to the expiration of the such date (the "Challenge Deadline"), and (ii) this

Court enters judgment in favor of the plaintiff or movant in any such timely and properly

commenced Challenge proceeding and any such judgment has become a final judgment that is

not subject to any further review or appeal; *provided, however,* that if the Committee commences

a Challenge and simultaneously files a motion with the Court seeking standing and authority to

pursue such Challenge (a "Standing Motion") prior to the Challenge Deadline, the Challenge

Deadline shall be automatically tolled for the Committee (and no other party), solely with respect

to the Challenge alleged in the Standing Motion to such date that is three (3) business days after

the date on which such Standing Motion is granted or denied by an order of the Court.

Notwithstanding the foregoing, if a chapter 11 trustee is appointed or the Cases are converted to

chapter 7 prior to the expiration of the Challenge Deadline, (1) the chapter 11 trustee or chapter 7

trustee, as applicable, shall have until the later of the Challenge Deadline or the tenth (10th) day

after the appointment of the chapter 11 trustee or the conversion of the Cases to chapter 7, as

applicable, to commence a Challenge, subject to any further extension by order of the Court for

cause; and (2) if the Committee has asserted a Challenge prior to the Challenge Deadline, the

chapter 11 trustee or chapter 7 trustee will stand in the shoes of the Committee in such

Challenge.

        (b)     *Binding Effect.* To the extent no Challenge is timely and properly

commenced by the Challenge Deadline, or to the extent such proceeding does not result in a final

and non-appealable judgment or order of this Court that is inconsistent with the Prepetition Lien

Page:      59
Debtors:   Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:   Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
           105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
           To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
           And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
           U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

and Claim Stipulations, then, without further notice, motion, or application to, order of, or

hearing before, this Court and without the need or requirement to file any proof of claim, the

Prepetition Lien and Claim Stipulations shall become binding, conclusive, and final on any

person, entity, or party in interest in the Cases, and their successors and assigns, and in any

Successor Case for all purposes and shall not be subject to challenge or objection by any party in

interest, including a trustee, responsible individual, examiner with expanded powers, or other

representative of the Debtors' estates. Notwithstanding anything to the contrary herein, if any

such proceeding is properly and timely commenced, the Prepetition Lien and Claim Stipulations

shall nonetheless remain binding on all other parties in interest and preclusive as provided in

subparagraph (a) above except to the extent that any of such Prepetition Lien and Claim

Stipulations is expressly the subject of a timely and properly filed Challenge, which Challenge is

successful as set forth in a final judgment as provided in subparagraph (a) above. To the extent

any such Challenge proceeding is timely and properly commenced, the Prepetition Secured

Parties shall be entitled to payment of the related costs and expenses, including, but not limited

to, reasonable attorneys' fees in defending themselves in any such proceeding as adequate

protection.  If any Challenge is timely commenced prior to the Challenge Deadline, the

Prepetition Lien and Claim Stipulations shall nonetheless remain binding and preclusive on all

parties-in-interest (including the Committee), except as to any such Prepetition Lien and Claim

Stipulations that are the subject to of such timely Challenge and that are expressly and

Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

successfully challenged in an adversary proceeding or contested matter in respect of such Challenge.

43.     **No Third Party Rights**. Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

44.     **Section 506(c) Claims**. No costs or expenses of administration which have been or may be incurred in the Cases at any time shall be charged against the DIP Administrative Agent, the DIP Lenders, the Prepetition Secured Parties, or any of their respective claims, the DIP Collateral, or the Prepetition Collateral pursuant to sections 105 or 506(c) of the Bankruptcy Code, or otherwise, without the prior written consent of the DIP Administrative Agent, the DIP Lenders or the Prepetition Administrative Agent, as applicable, and no such consent shall be implied from any other action, inaction, or acquiescence by any such agents or lenders.

45.     **No Marshaling/Applications of Proceeds**. The DIP Administrative Agent, the DIP Lenders, and the Prepetition Secured Parties shall not be subject to the equitable doctrine of "marshaling" or any other similar doctrine with respect to any of the DIP Collateral or the Prepetition Collateral, as the case may be, and proceeds shall be received and applied pursuant to this Final Order and the DIP Loan Documents notwithstanding any other agreement or provision to the contrary; *provided, however,* that notwithstanding anything contained herein, the DIP Loan Documents or the Prepetition Loan Documents to the contrary,

Page:   61
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

each of the Prepetition Secured Parties and the DIP Secured Parties shall use commercially

reasonable efforts to first proceed against and resort to all material DIP Collateral and all

material Prepetition Collateral (other than avoidance actions arising under Chapter 5 of the

Bankruptcy Code or applicable state law equivalents ("Avoidance Actions") and the proceeds

thereof), before proceeding against and resorting to Avoidance Actions and the proceeds thereof

to satisfy the DIP Obligations, the DIP Liens, the Prepetition Obligations, the Prepetition Liens,

the Adequate Protection Claim and/or the Adequate Protection Liens, as applicable.

46.     **Section 552(b)**. The Prepetition Secured Parties shall each be

entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and the

"equities of the case" exception under section 552(b) of the Bankruptcy Code shall not apply to

the Prepetition Secured Parties, with respect to proceeds, product, offspring or profits of any of

the Prepetition Collateral.

47.     **Access to DIP Collateral**. Notwithstanding anything contained

herein to the contrary and without limiting any other rights or remedies of the DIP

Administrative Agent exercisable on behalf of the DIP Lenders contained in this Final Order, the

DIP Loan Documents, or otherwise available at law or in equity, and subject to the terms of the

DIP Loan Documents, upon written notice to the landlord of any leased premises that an Event

of Default has occurred and is continuing, the DIP Administrative Agent may, subject to the

applicable notice provisions in any separate applicable agreement by and between such landlord

and the DIP Administrative Agent, enter upon any leased premises of the Debtors for the purpose

Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

of exercising any remedy with respect to DIP Collateral located thereon and shall be entitled to
all of the Debtors' rights, privileges and responsibilities as lessee under such lease without
interference from the landlords thereunder. Nothing herein shall require the DIP Administrative
Agent to assume any lease as a condition to the rights afforded in this paragraph.

48.      **Limits on Lender Liability**. Nothing in the Interim Order, this
Final Order, any of the DIP Loan Documents, or any other documents related thereto shall in any
way be construed or interpreted to impose or allow the imposition upon the DIP Administrative
Agent, the DIP Lenders or the Prepetition Secured Parties of any lender liability for any claims
arising from any activities by the Debtors in the operation of their businesses or in connection
with the administration of these Cases. The DIP Administrative Agent and the DIP Lenders shall
not, solely by reason of having made loans under the DIP Facility, be deemed in control of the
operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with
respect to the operation or management of the Debtors (as such terms, or any similar terms, are
used in the United States Comprehensive Environmental Response, Compensation and Liability
Act, 42 U.S.C. §§ 9601 et seq., as amended, or any similar federal or state statute). Nothing in
the Interim Order, this Final Order or the DIP Loan Documents shall in any way be construed or
interpreted to impose or allow the imposition upon the DIP Administrative Agent, the DIP
Lenders, or any of the Prepetition Secured Parties of any liability for any claims arising from the
prepetition or postpetition activities of any of the Debtors.

Page:     63
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

49.      **Insurance Proceeds and Policies**. As of the entry of the Interim Order and to the fullest extent provided by applicable law, the DIP Administrative Agent (on behalf of the DIP Lenders) and the Prepetition Administrative Agent (on behalf of the Prepetition Lenders) were, and were deemed to be, without any further action or notice, named as additional insured and loss payee on each insurance policy maintained by the Debtors that in any way relates to the DIP Collateral or proceeds thereof.

50.      **Joint and Several Liability**. Nothing in this Final Order shall be construed to constitute a substantive consolidation of any of the Debtors' estates, it being understood, however, that Debtors shall be jointly and severally liable for the obligations hereunder and all DIP Obligations in accordance with the terms hereof and of the DIP Facility and the DIP Loan Documents.

51.      **No Superior Rights of Reclamation**. Based on the integrated nature of the DIP Facility and the Prepetition Loan Documents, in no event shall any alleged right of reclamation or return (whether asserted under section 546(c) of the Bankruptcy Code or otherwise) be deemed to have priority over the DIP Liens; *provided that*, nothing contained herein shall prejudice (i) the right, if any, of holders of reclamation claims or holders of claims for return of goods, from asserting such rights and claims, and (ii) the rights of the Debtors and other parties-in-interest from opposing any such asserted rights, reclamation claims or claims for return of goods; and nothing herein shall be deemed a determination as to the extent, priority or validity of any rights of holders of reclamation claims or asserted claims for reclamation or

-63-

Case 19-13448-VFP   Doc 141   Filed 03/15/19   Entered 03/15/19 15:58:41   Desc Main
                    Document      Page 64 of 77
Page:    64
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

return of product; *provided further*, that such asserted rights and claims, to the extent valid, shall be junior to the DIP Liens, the Prepetition Liens, the Adequate Protection Liens and the Prepetition Superpriority Claims, as applicable.

52.       **Rights Preserved**. Notwithstanding anything herein to the contrary, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the DIP Administrative Agent's, the DIP Lenders' and the Prepetition Administrative Agent's right to seek any other or supplemental relief in respect of the Debtors; (b) any of the rights of any of the DIP Administrative Agent, the DIP Lenders, and/or the Prepetition Administrative Agent under the Bankruptcy Code or under non-bankruptcy law, including the right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Cases or Successor Cases, conversion of any of the Cases to cases under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers, or (iii) propose, subject to the provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims or privileges (whether legal, equitable or otherwise) of any of the DIP Administrative Agent, the DIP Lenders, or the Prepetition Secured Parties. Notwithstanding anything herein to the contrary, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the Debtors', the Committee's, or any party in interest's right to oppose any of the relief requested in accordance with the immediately preceding sentence except as expressly set forth in this Final Order.

-64-

Page:     65
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

---

53.        **No Waiver by Failure to Seek Relief**. The failure of the DIP

Administrative Agent, the DIP Lenders, or Prepetition Secured Parties to seek relief or otherwise

exercise their rights and remedies under this Final Order, the DIP Loan Documents, the

Prepetition Loan Documents, or applicable law, as the case may be, shall not constitute a waiver

of any of the rights hereunder, thereunder, or otherwise.

54.        **Binding Effect of Final Order**. Immediately upon execution by

this Court, the terms and provisions of this Final Order shall become valid and binding upon and

inure to the benefit of the Debtors, the DIP Administrative Agent, the DIP Lenders, the

Prepetition Secured Parties, all other creditors of any of the Debtors, the Committee, and all

other parties-in-interest and their respective successors and assigns, including any trustee or

other fiduciary hereafter appointed in any of the Cases, any Successor Cases, or upon dismissal

of any Case or Successor Case.

55.        **No Modification of Final Order**. Until and unless the DIP

Obligations and the Prepetition Obligations have been indefeasibly paid in full in cash (such

payment being without prejudice to any terms or provisions contained in the DIP Facility which

survive such discharge by their terms), and all commitments to extend credit under the DIP

Facility have been terminated, the Debtors irrevocably waive the right to seek and shall not seek

or consent to, directly or indirectly: (a) without the prior written consent of the DIP

Administrative Agent and the Prepetition Administrative Agent, (i) any modification, stay,

vacatur or amendment to this Final Order; or (ii) a priority claim for any administrative expense

Page:    66
Debtors: Aceto Corporation, *et al.*
Case No: 19-13448 (VFP)
Caption: Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
         105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
         To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
         And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
         U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

or unsecured claim against the Debtors (now existing or hereafter arising of any kind or nature

whatsoever, including any administrative expense of the kind specified in sections 503(b),

506(c), 507(a) or 507(b) of the Bankruptcy Code) in any of the Cases or Successor Cases, equal

or superior to the DIP Superpriority Claims or Prepetition Superpriority Claim, other than the

Carve Out; (b) without the prior written consent of the DIP Administrative Agent and the

Prepetition Administrative Agent, for any order allowing use of Cash Collateral resulting from

DIP Collateral or Prepetition Collateral; (c) without the prior written consent of the DIP

Administrative Agent, any lien on any of the DIP Collateral with priority equal or superior to the

DIP Liens, except as specifically provided in the DIP Loan Documents; or (d) without the prior

written consent of the Prepetition Administrative Agent, any lien on any of the DIP Collateral

with priority equal or superior to the Prepetition Liens or Adequate Protection Liens (other than

the DIP Liens and the Carve Out). The Debtors irrevocably waive any right to seek any

amendment, modification or extension of this Final Order without the prior written consent, as

provided in the foregoing, of the DIP Administrative Agent and the Prepetition Administrative

Agent, and no such consent shall be implied by any other action, inaction or acquiescence of the

DIP Administrative Agent or the Prepetition Administrative Agent.

56.        **Final Order Controls**. In the event of any inconsistency between

the terms and conditions of the DIP Loan Documents and of the Interim Order and/or this Final

Order, the provisions of this Final Order shall govern and control.

Page:     67
Debtors:  Aceto Corporation, *et al.*
Case No:  19-13448 (VFP)
Caption:  Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
          105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
          To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
          And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
          U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

57.          **Survival**. The provisions of this Final Order and any actions taken

pursuant hereto shall survive entry of any order which may be entered converting any of the

Cases to a case under chapter 7 of the Bankruptcy Code or dismissing any of the Cases or any

Successor Cases. The terms and provisions of this Final Order, including the claims, liens,

security interests, and other protections granted to the DIP Administrative Agent, DIP Lenders,

the other DIP Secured Parties and Prepetition Secured Parties granted pursuant to the Interim

Order, and this Final Order and/or the DIP Loan Documents, notwithstanding the entry of any

such orders, shall continue in the Cases, in any Successor Cases, or following dismissal of the

Cases or any Successor Cases, and shall maintain their validity, enforceability and priority as

provided by this Final Order until: (i) in respect of the DIP Facility, all the DIP Obligations,

pursuant to the DIP Loan Documents and this Final Order, have been indefeasibly paid in full in

cash, and all commitments to extend credit under the DIP Facility are terminated, and (ii) in

respect of the Prepetition Loan Facility, all of the Prepetition Obligations pursuant to the

Prepetition Loan Documents and this Final Order have been indefeasibly paid in full in cash, and

the Challenge Deadline has passed without a Challenge being asserted.   The terms and

provisions concerning the indemnification of the DIP Administrative Agent, the DIP Lenders

and the other DIP Secured Parties shall continue in the Cases, in any Successor Cases, following

dismissal of the Cases or any Successor Cases, following termination of the DIP Loan

Documents and/or the indefeasible repayment of the DIP Obligations.

Page:       68
Debtors:    Aceto Corporation, *et al.*
Case No:   19-13448 (VFP)
Caption:    Final Order (I) Authorizing Debtor In Possession Financing Pursuant To 11 U.S.C. §§
            105(a), 362 And 364(c) And (d); (II) Authorizing The Use Of Cash Collateral Pursuant
            To 11 U.S.C. § 363; (III) Granting Adequate Protection Pursuant To 11 U.S.C. § 361
            And 363; (IV) Granting Liens And Superpriority Administrative Claims Pursuant To 11
            U.S.C. § 364(c); (V) Modifying The Automatic Stay; And (VI) Granting Related Relief

58.     *Nunc Pro Tunc* **Effect of this Final Order**. This Final Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect and be enforceable *nunc pro tunc* to the Petition Date immediately upon execution thereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule or Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of execution or effectiveness of this Final Order.

59.     **Retention of Jurisdiction**. The Court has and will retain jurisdiction to enforce the terms of, any and all matters arising from or related to the DIP Facility, and/or this Final Order.

# SCHEDULE 1

## Approved Budget

**ACETO Consolidated (Chem Plus + Rising Pharma)**
**DIP Budget - Domestic Balances Only (Debtor entities)**

As of 03/14/19
Amount in $000s USD

| Week #: Actual / Forecast: Week Ending: | 1 Forecast 03/08/19 | 2 Forecast 03/15/19 | 3 Forecast 03/22/19 | 4 Forecast 03/29/19 | 5 Forecast 04/05/19 | 6 Forecast 04/12/19 | 7 Forecast 04/19/19 | 8 Forecast 04/26/19 | 9 Forecast 05/03/19 | 10 Forecast 05/10/19 | 11 Forecast 05/17/19 | 12 Forecast 05/24/19 | 13 Forecast 05/31/19 | 13 Weeks Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | | | | | |
| Chemicals Plus | 4,907 | 3,507 | 4,003 | 4,753 | 4,718 | 4,749 | 5,075 | 4,364 | 4,080 | 4,577 | 5,667 | 4,068 | 3,230 | 57,698 |
| Rising Pharma | 4,906 | 4,586 | 4,756 | 4,975 | 5,651 | 3,389 | 4,123 | 5,489 | 4,650 | 5,143 | 6,197 | 4,900 | 4,710 | 63,966 |
| **Total Receipts** | 9,813 | 8,094 | 8,759 | 9,628 | 10,369 | 8,137 | 9,198 | 9,845 | 8,730 | 9,720 | 11,863 | 8,967 | 7,940 | 121,064 |
| *Cumulative* | 9,813 | 17,907 | 26,666 | 36,294 | 46,663 | 54,800 | 63,998 | 73,843 | 82,573 | 92,293 | 104,156 | 113,123 | 121,064 | 121,064 |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| Suppliers / Freight / Warehousing | (18,136) | (17,797) | (10,847) | (11,496) | (9,996) | (6,962) | (7,202) | (6,754) | (5,593) | (7,714) | (9,340) | (5,992) | (3,855) | (121,682) |
| Payroll & Related | (147) | (906) | (57) | (1,019) | (131) | (1,005) | (52) | (917) | (236) | (921) | (48) | (906) | (47) | (6,391) |
| Non-Payroll Employee Payments | (1,056) | (326) | (339) | (468) | (91) | (313) | (414) | (419) | (866) | (321) | (312) | (326) | (366) | (5,136) |
| Corporate Overhead | (248) | (249) | (246) | (248) | | (492) | (492) | (492) | (492) | (115) | (115) | (115) | (115) | (3,420) |
| CapEx | | | | | | | | | | | | | | |
| Research & Development | | | | | | | | | | | | | | |
| **Subtotal Op. Disbursements** | (19,586) | (19,276) | (11,490) | (13,230) | (10,218) | (8,772) | (8,160) | (8,581) | (6,887) | (9,071) | (9,815) | (7,339) | (4,403) | (136,629) |
| *Cumulative* | (19,586) | (38,862) | (50,352) | (63,583) | (73,801) | (82,573) | (90,732) | (99,314) | (106,001) | (115,072) | (124,887) | (132,226) | (136,629) | (136,629) |
| **Net Operating Cash Flow** | (9,773) | (11,183) | (2,731) | (3,602) | 151 | (635) | 1,039 | 1,262 | 2,043 | 649 | 2,049 | 1,628 | 3,537 | (15,566) |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | |
| Anyrico Payments | | (550) | | | | | (20) | | | | | | (20) | (590) |
| Taxes (excl. licenses, customs) | | (86) | | | | | | | | | | (4) | | (90) |
| Mortgage | (30) | | | (30) | | | | | (30) | | | | (30) | (120) |
| **Subtotal Non-Op. Disbursements** | (30) | (636) | | (30) | | | (20) | | (30) | | | (4) | (50) | (800) |
| **Restructuring Disbursements** | | | | | | | | | | | | | | |
| Professional Fees | | | | (1,042) | | | | | (3,964) | (7,714) | | | (6,509) | (13,615) |
| Secured Debt - Interest Payments | | | | (3,938) | | | | (296) | (220) | (921) | | (98) | (220) | (5,130) |
| Secured Debt - Waiver Fees | | | | | | | | | | | | | | (828) |
| DIP - Interest Payments | | | | (30) | (828) | | | | | | | | | (550) |
| US Trustee Fee | | | | | | | (550) | | | | | | | (9,550) |
| Payments to Foreign Affiliates | (1,950) | (1,600) | (1,500) | (1,300) | (1,200) | (1,000) | (1,000) | | | | | | | (1,934) |
| First Day Motions/Critical Vendors | (1,909) | (25) | | | | | | | | | | | | (31,607) |
| **Subtotal Restructuring** | (3,859) | (1,625) | (1,500) | (6,280) | (2,388) | (1,000) | (1,550) | (296) | (4,184) | | | (98) | (9,829) | (31,607) |
| **Total Net Cash Flow** | (13,661) | (13,444) | (4,232) | (9,912) | (2,236) | (1,635) | (531) | 966 | (2,170) | 649 | 2,049 | 1,526 | (5,342) | (47,973) |
| *Cumulative* | (13,661) | (27,105) | (31,336) | (41,249) | (43,485) | (45,120) | (45,651) | (44,685) | (46,855) | (46,206) | (44,157) | (42,631) | (47,973) | (47,973) |
| **Cash Balance Rollforward** | | | | | | | | | | | | | | |
| Beginning Cash Balance | 19,412 | 10,751 | 5,307 | 5,076 | 5,163 | 5,927 | 5,399 | 5,761 | 6,727 | 5,557 | 5,206 | 8,255 | 9,781 | 19,412 |
| Net Cash Flow | (13,661) | (13,444) | (4,232) | (9,912) | (2,236) | (1,635) | (531) | 966 | (2,170) | 649 | 2,049 | 1,526 | (5,342) | (47,973) |
| Drawdown/(Paydown) | 5,000 | 8,000 | 4,000 | 10,000 | 3,000 | 3,000 | 1,000 | | 1,000 | | | | | 33,000 |
| **Ending Cash Balance** | 10,751 | 5,307 | 5,076 | 5,163 | 5,927 | 5,293 | 5,761 | 5,737 | 5,557 | 6,206 | 8,255 | 9,781 | 4,440 | 4,440 |
| Total Facility | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 | 60,000 |
| Remaining Availability | 30,263 | 22,269 | 18,269 | 8,263 | 5,263 | 4,263 | 3,263 | 3,263 | 2,263 | 2,263 | 2,263 | 2,263 | 2,263 | 2,263 |
| **DIP Term Loan** | | | | | | | | | | | | | | |
| Beginning Balance | 24,737 | 29,737 | 37,737 | 41,737 | 51,737 | 54,737 | 55,737 | 56,737 | 56,737 | 57,737 | 57,737 | 57,737 | 57,737 | 24,737 |
| Drawdown/(Paydown) | 5,000 | 8,000 | 4,000 | 10,000 | 3,000 | 1,000 | 1,000 | | 1,000 | | | | | 33,000 |
| **Ending Balance** | 29,737 | 37,737 | 41,737 | 51,737 | 54,737 | 55,737 | 56,737 | 56,737 | 57,737 | 57,737 | 57,737 | 57,737 | 57,737 | 57,737 |
| **Total Cash + Availability** | 41,014 | 27,570 | 23,339 | 13,426 | 11,190 | 9,555 | 9,024 | 9,990 | 7,820 | 8,469 | 10,518 | 12,044 | 6,702 | 5,702 |

Note: See following page for professional fees monthly accrual forecast schedule

ACETO Consolidated (Chem Plus + Rising Pharma)

Professional Fees Monthly Accrual Forecast Schedule

As of 03/14/19

Amount in $000's USD

| Actual / Forecast:<br>Month Ending: | Forecast<br>02/28/19 | Forecast<br>03/31/19 | Forecast<br>04/30/19 | Forecast<br>05/31/19 | Forecast<br>06/30/19 | Total |
|---|---|---|---|---|---|---|
| Professional Fees | 3,017 | 8,214 | 6,664 | 4,839 | 4,364 | 27,098 |
| Cumulative | 3,017 | 11,231 | 17,895 | 22,734 | 27,098 | 27,098 |

Notes:

February includes post-petition period only

The above estimates are on an accrual basis and do not reflect the potential holdbacks for retained professionals

Does not include success fees

# EXHIBIT A

## DIP Credit Agreement Amendment

EXECUTION VERSIONEXHIBIT A
FINAL DIP ORDER

## $60,000,000 SENIOR SECURED, PRIMING AND SUPERPRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT

dated as of

February 21, 2019,2019
(as amended effective March 15, 2019),

among

### ACETO CORPORATION
and its Subsidiaries party hereto,
as debtors and debtors-in-possession,

the Lenders party hereto,

and

### WELLS FARGO BANK, NATIONAL ASSOCIATION,
as Administrative Agent and Collateral Agent.

111901726

(j)    any material provision of any Loan Document shall for any reason cease to be in full force and effect in accordance with its terms or any Borrower or any of its Subsidiaries shall so assert in writing;

(k)    a Change in Control shall have occurred;

(l)    any of the Liens purported to be granted pursuant to any Collateral Document shall fail or cease for any reason to be legal, valid and enforceable liens on the Collateral purported to be covered thereby or shall fail or cease to have the priority purported to be created thereby;

(m) (i) the subordination provisions of the documents evidencing or governing any Subordinated Indebtedness (the "Subordination Provisions") shall, in whole or in part, terminate, cease to be effective or cease to be legally valid, binding and enforceable against any holder of the applicable Subordinated Indebtedness; or (ii) any Borrower or any other Loan Party shall, directly or indirectly, disavow or contest in any manner (A) the effectiveness, validity or enforceability of any of the Subordination Provisions, (B) that the Subordination Provisions exist for the benefit of the Prepetition Agent and the other Secured Parties (as defined in the Prepetition Credit Agreement) or (C) that all payments of principal of, or premium and interest on, the applicable Subordinated Indebtedness, or realized from the liquidation of any property of any Loan Party, shall be subject to any of the Subordination Provisions; or

(p)    the occurrence of any of the following in any Chapter 11 Case:

(i)    the bringing of a motion, taking of any action or the filing of any plan of reorganization or disclosure statement attendant thereto, or the entry of any order by the Bankruptcy Court in any Chapter 11 Case: (A) that (in the case of Borrowers, any other Loan Party or any bankruptcy estate representative (which shall not include any Committee)) requests or seeks authority for Borrowers or any other Loan Party to obtain additional financing under sections 364(c) or (d) of the Bankruptcy Code not otherwise permitted pursuant to this Agreement, and in the case of any such request or application from any Committee, such request or application is not dismissed with prejudice or otherwise resolved to the satisfaction of the Administrative Agent in its exclusive judgment prior to the Challenge Deadline (as defined in the InterimFinal Order); (B) except as expressly provided in the Interim Order and/or the Final Order (as applicable) in respect of the Carve-Out, to grant any Lien other than Prepetition Agent's Adequate Protection Liens upon or affecting any Collateral; (C) that (in the case of Borrowers, any other Loan Party or any bankruptcy estate representative (which shall not include any Committee)), and except as expressly provided in the Interim Order or the Final Order, as the case may be, in respect of the Carve-Out, to use cash collateral or Collateral of the Administrative Agent under section 363(c) of the Bankruptcy Code without the prior written consent of the Administrative Agent; (D) that (in the case of any Borrower or any other Loan Party) requests or seeks authority for or that (in the case of an order entered by the Bankruptcy Court on account of a request by any Borrower or any other Loan Party) approves or provides authority to take any other action or actions materially adverse to the Administrative Agent, the Lenders, or their rights and remedies hereunder or their interest in the Collateral or the Prepetition Agent, the Prepetition Lenders, or their rights and remedies under the Prepetition Credit Agreement or the Bankruptcy Court Orders or the interests of the Prepetition Agent or the Prepetition Lenders in the Collateral; or (E) the entry of any order by the Bankruptcy Court in any Chapter 11 Case granting relief as described in subclauses (A) through (D) of this clause (p)(i);

74

(ii)     the filing of any plan of reorganization or disclosure statement attendant thereto, or any direct or indirect amendment to such plan or disclosure statement, that does not provide for the payment (or cash collateralization) in full in cash of all Secured Obligations hereunder and all Remaining Prepetition Obligations under the Prepetition Credit Agreement on the effective date of such plan, or the loss by Borrowers or any other Loan Party of the exclusive right to file and solicit acceptances of a plan of reorganization;

(iii)    the entry of an order in any of the Chapter 11 Cases confirming a plan or plans of reorganization that does not contain a provision for termination of the Commitments and repayment (or cash collateralization) in full in cash of all of the Secured Obligations under this Agreement and all Remaining Prepetition Obligations under the Prepetition Credit Agreement on or before the effective date of such plan or plans;

(iv)     the entry of an order amending, supplementing, staying, vacating or otherwise modifying the Loan Documents or the Interim Order or the Final Order without the written consent of the Administrative Agent;

(v)      the Interim Order is not entered within three (3) Business Days following the Petition Date;

(vi)     the Final Order is not entered on or before the deadline set forth in the Interim Order, if earlier than the Maturity Date;

(vii)    the payment of, or application by Borrowers or any other Loan Party for authority to pay, any pre-petition claim without the Administrative Agent's prior written consent other than as provided in the Interim Order, the Final Order or any other order of the Bankruptcy Court in form and substance reasonably acceptable to the Administrative Agent and as set forth in the Approved Budget or unless otherwise permitted under this Agreement;

(viii)   the appointment of an interim or permanent trustee in any Chapter 11 Case or the appointment of a receiver or an examiner under section 1104 of the Bankruptcy Code in any Chapter 11 Case with expanded powers (beyond those set forth in sections 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code) to operate or manage the financial affairs, the business, or reorganization of Borrowers or with the power to conduct an investigation of (or compel discovery from) the Administrative Agent or Lenders or against the Prepetition Agent or Prepetition Lenders; or a sale (other than the sale contemplated by a Sale Order) without the Administrative Agent's consent, of all or substantially all of Borrowers' assets either through a sale under section 363 of the Bankruptcy Code, through a confirmed plan of reorganization in the Chapter 11 Cases, or otherwise that does not provide for payment (or cash collateralization) in full in cash of the Secured Obligations hereunder, the termination of the Commitments and the payment in full in cash of all Remaining Prepetition Obligations under the Prepetition Credit Agreement;

(ix)     the dismissal of any Chapter 11 Case, or the conversion of any Chapter 11 Case from one under chapter 11 to one under chapter 7 of the Bankruptcy Code or Borrowers or any other Loan Party shall file a motion or other pleading seeking the

dismissal of any Chapter 11 Case under section 1112 of the Bankruptcy Code or otherwise;

    (x)      the entry of an order by the Bankruptcy Court granting relief from or modifying the automatic stay of section 362 of the Bankruptcy Code (A) to allow any creditor to execute upon or enforce a Lien on any Collateral, or (B) with respect to any Lien on any Collateral of, or the granting of any Lien on any Collateral to, any state or local environmental or regulatory agency or authority, which in either case would have a Material Adverse Effect;

    (xi)      the entry of an order in any Chapter 11 Case avoiding or requiring disgorgement or repayment of any portion of the payments made on account of the Secured Obligations owing under this Agreement or the other Loan Documents or the Remaining Prepetition Obligations owing under the Prepetition Credit Agreement or the other Prepetition Loan Documents;

    (xii)      the failure of Borrowers to perform any of its material obligations under the Interim Order or the Final Order or any violation of any of the material terms of the Interim Order or the Final Order;

    (xiii)      the challenge by Borrowers, any other Loan Party or any Committee to the validity, extent, perfection or priority of any Liens granted under the Prepetition Credit Agreement or any of the other Prepetition Loan Documents, the Liens granted under the Loan Documents or the filing by any such Person of any claim or cause of action against the Administrative Agent, any Lender, the Prepetition Agent or any Prepetition Lender, and in the case of any such challenge, claim or cause of action by any Committee, such challenge, claim or cause of action is not dismissed with prejudice or otherwise resolved to the satisfaction of the Administrative Agent in its exclusive judgment prior to the Challenge Deadline (as defined in the Interim Order);

    (xiv)      the remittance, use or application of the proceeds of Collateral other than in accordance in all material respects with the Approved Budget, the bankruptcy Court Orders and this Agreement; or

    · (xv)      the entry of an order in any of the Chapter 11 Cases granting any other super priority administrative claim or Lien (other than the Prepetition Agent's Adequate Protection Liens and as are expressly set forth in the Interim Order and/or the Final Order (as applicable) with respect to the Carve-Out) equal or superior to that granted to the Administrative Agent, on behalf of itself and Lenders without the consent in writing of the Administrative Agent;

then, and in every such event, and at any time thereafter during the continuance of such event, the Administrative Agent may, and at the request of the Required Lenders shall, by notice to the Borrower's Representative, take any or all of the following actions, at the same or different times: (i) terminate the Commitments, whereupon the Commitments shall terminate immediately; (ii) declare the Loans then outstanding to be due and payable in whole (or in part, in which case any principal not so declared to be due and payable may thereafter be declared to be due and payable), whereupon the principal of the Loans so declared to be due and payable, together with accrued interest thereon and all fees and other obligations of any Borrower accrued hereunder, shall become due and payable immediately, in each case without presentment, demand, protest or other notice of any kind, all of which are hereby waived by the Borrower; (iii) increase the rate of interest applicable to the Loans and other Obligations as set forth in

111901726

Section 2.13(c) of this Agreement; (iv) deliver a Carve-Out Trigger Notice; and (v) as provided in Section 7.02, exercise any other rights and remedies provided to the Administrative Agent and the Lenders under the Loan Documents or at law or equity, including all remedies provided under the UCC. Notwithstanding the foregoing or anything herein to the contrary, in no event shall the implementation or consummation of the transactions contemplated by the Pharma Liquidation Plan result in the occurrence of an Event of Default hereunder.

SECTION 7.02.  Vacation of Automatic Stay; Other Remedies.  Upon the occurrence and during the continuance of an Event of Default, the Administrative Agent may, and at the request of the Required Lenders shall, deliver notice of the exercise of any or all of the following remedies as provided in the applicable Bankruptcy Court Order (which notice may be delivered concurrently with the exercise of the other remedies specified in Section 7.01) and the expiry of a five (5) Business Day period following such delivery: (a) the automatic stay provided in section 362 of the Bankruptcy Code shall be deemed automatically vacated without further action or order of the Bankruptcy Court; and (b) the Administrative Agent and the Lenders shall be entitled to exercise all of their respective other rights and remedies under the Loan Documents, including, without limitation, all rights and remedies with respect to the Collateral provided for by the Collateral Documents in accordance with the terms thereof or any other remedies provided by applicable law or in equity; provided, however, that if any party challenges, within the five (5) Business Day period, the occurrence of the Event of Default, the Administrative Agent may not take any action with respect to the alleged Event of Default until such time as the Bankruptcy Court rules on any such asserted challenge and then only in conformity with any such ruling of the Bankruptcy Court.

## ARTICLE VIII

### The Administrative Agent

SECTION 8.01.  Appointment.  On the Effective Date, each of the Lenders, on behalf of itself and any of its Affiliates that are Secured Parties and each Issuing Bank hereby irrevocably appoints the Administrative Agent as its agent and authorizes the Administrative Agent to take such actions on its behalf, including execution of the other Loan Documents, and to exercise such powers as are delegated to the Administrative Agent by the terms of the Loan Documents, together with such actions and powers as are reasonably incidental thereto.  In addition, to the extent required under the laws of any jurisdiction other than the U.S., each of the Lenders and the Issuing Banks hereby grant to the Administrative Agent any required powers of attorney to execute any Collateral Document governed by the laws of such jurisdiction on such Lender's or such Issuing Bank's behalf.  The provisions of this Article are solely for the benefit of the Administrative Agent and the Lenders (including the Issuing Banks), and the Loan Parties shall not have rights as a third party beneficiary of any of such provisions.  It is understood and agreed that the use of the term "agent" as used herein or in any other Loan Documents (or any similar term) with reference to the Administrative Agent is not intended to connote any fiduciary or other implied (or express) obligations arising under agency doctrine of any applicable law.  Instead, such term is used as a matter of market custom, and is intended to create or reflect only an administrative relationship between independent contracting parties.

SECTION 8.02.  Rights as a Lender.  The bank serving as the Administrative Agent hereunder shall have the same rights and powers in its capacity as a Lender as any other Lender and may exercise the same as though it were not the Administrative Agent, and the term "Lender" or "Lenders" shall, unless otherwise expressly indicated or unless the context otherwise requires, include the Person serving as the Administrative Agent hereunder in its individual capacity.  Such bank and its Affiliates may accept deposits from, lend money to, own securities of, act as the financial advisor or in any other advisory capacity for and generally engage in any kind of business with any Loan Party or any Subsidiary