| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY **Caption in Compliance with D.N.J. LBR 9004-1** | |
|---|---|
| **LOWENSTEIN SANDLER LLP** Kenneth A. Rosen, Esq. Michael S. Etkin, Esq. Wojciech F. Jung, Esq. Michael Savetsky, Esq. Philip J. Gross, Esq. One Lowenstein Drive Roseland, New Jersey 07068 (973) 597-2500 (Telephone) (973) 597-2400 (Facsimile) *Counsel to the Debtors and Debtors-in-Possession* | |



**Order Filed on July 26, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| In re: | Chapter 11 |
|---|---|
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: July 25, 2019 at 11:00 a.m. (ET) |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON AN INTERIM BASIS;
(II) SCHEDULING A COMBINED HEARING TO CONSIDER THE ADEQUACY OF
THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN; (III)
APPROVING THE FORM AND MANNER OF NOTICE OF THE COMBINED
HEARING; (IV) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING
OBJECTIONS TO CONFIRMATION OF THE PLAN; (V) ESTABLISHING
DEADLINES AND PROCEDURES FOR VOTING ON THE PLAN; (VI) APPROVING
SOLICITATION PROCEDURES; (VII) ESTABLISHING PROCEDURES FOR
TABULATION OF VOTES; AND (VIII) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through and including twenty two (22), is hereby **ORDERED**.

**DATED: July 26, 2019**

_____

**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (*f/k/a* Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

Page:     2
Debtors:   Aceto Corporation, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief

_____

Upon the motion (the "Motion")[2] [Doc. No. 686] of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases for entry of an order (this "Solicitation Procedures Order"), pursuant to sections 105(a), 105(d)(2)(B)(vi), 1123, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3003, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3018-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"), (i) approving the Disclosure Statement (as defined below) on an interim basis; (ii) scheduling a combined hearing (the "Combined Hearing") to consider the adequacy of the Disclosure Statement and confirmation of the Plan (as defined below); (iii) approving the form and manner of notice of the Combined Hearing; (iv) establishing deadlines and procedures for filing objections to confirmation of the Plan; (v) establishing deadlines and procedures for voting on the Plan; (vi) approving solicitation procedures; (vii) establishing procedures for tabulation of votes; and (viii) granting related relief; and the Debtors having filed solicitation versions of the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* (as the same may be amended, modified, or supplemented from time to time, the "Plan") [Doc. No. 757] and the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement") [Doc. No. 758] on July 26, 2019; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under*

_____

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Page:       3
Debtors:    Aceto Corporation, *et al*.
Case No.:   19-13448 (VFP)
Caption:    Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
            Combined Hearing to Consider the Adequacy of the Disclosure Statement and
            Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
            Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
            to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
            the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
            Tabulation of Votes; and (VIII) Granting Related Relief

_____

*Title 11* of the United States District Court for the District of New Jersey, entered on July 23,

1984, and amended on September 18, 2012; and venue being proper in this District pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and

it appearing that no other or further notice need be provided; and the Court having considered the

written objections and reservations of rights that were filed with respect to the Motion (including

those filed at docket numbers 726, 731, 734 and 738); and the Court having conducted a hearing

(the "Hearing") on the Motion on July 25, 2019, at which time all interested parties were offered

an opportunity to be heard with respect to the Motion; and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and upon the proceedings had before this Court and after due deliberation and sufficient cause

appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.  All objections, responses

and reservations of rights with respect to the Motion that have not been withdrawn, waived,

resolved or reserved as stated on the record at the Hearing are hereby overruled.  The SEC's

objection to the Disclosure Statement [Doc. No. 731] (the "SEC Objection") shall be deemed an

objection to confirmation without need to file any additional pleadings, without prejudice to the

SEC's right to further object to confirmation on any ground not enumerated in the SEC

Objection.

2.      **Approval of the Disclosure Statement**. The Disclosure Statement is hereby

APPROVED on an interim basis as containing adequate information within the meaning of

section 1125 of the Bankruptcy Code.

Page:       4
Debtors:    Aceto Corporation, *et al*.
Case No.:   19-13448 (VFP)
Caption:    Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
            Combined Hearing to Consider the Adequacy of the Disclosure Statement and
            Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
            Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
            to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
            the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
            Tabulation of Votes; and (VIII) Granting Related Relief

_____

3.      The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third-party release) provisions contained in the Plan.

4.      **Combined Hearing on Approval of the Disclosure Statement on a Final Basis and Confirmation of the Plan**.  This Court shall hold a combined hearing (the "Combined Hearing") to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan on **September 12, 2019 at 11:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102.  The Combined Hearing may be adjourned from time to time by way of announcement of such continuance in open court or otherwise by the Debtors or this Court, without further notice to parties in interest.

5.      **Deadline and Procedures for Filing Objections to Approval of the Disclosure Statement on a Final Basis and to Confirmation of the Plan**.  The deadline for filing and serving objections to approval of the adequacy of the Disclosure Statement on a final basis and/or confirmation of the Plan ("Plan/DS Objections") shall be **August 30, 2019 at 4:00 p.m. (Eastern Time)** (the "Plan/DS Objection Deadline").  In order to be considered, Plan/DS Objections, if any, must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates or property; (d) state with particularity the legal and factual bases and nature of any

Page:     5
Debtors:  Aceto Corporation, *et al.*
Case No.: 19-13448 (VFP)
Caption:  Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
          Combined Hearing to Consider the Adequacy of the Disclosure Statement and
          Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
          Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
          to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
          the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
          Tabulation of Votes; and (VIII) Granting Related Relief

---

objection; and (e) be filed with the Court, and served on the following parties, so as to be received on or before the Plan/DS Objection Deadline: (i) counsel to the Debtors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Michael S. Etkin, Esq., Kenneth A. Rosen, Esq. and Wojciech F. Jung, Esq.; (ii) the Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: David Gerardi, Esq.; and (iii) co-counsel to the Official Committee of Unsecured Creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Jayme T. Goldstein, Esq. and Erez E. Gilad, Esq. and Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, P.O. Box 1997, Morristown, New Jersey 07962, Attn: Warren J. Martin, Jr., Esq. and Robert M. Schechter, Esq. (collectively, the "Notice Parties").

6.      Plan/DS Objections not timely filed and served in accordance with the provisions of the prior paragraph shall not be considered by the Court and shall be overruled.

7.      **Voting Record Date**. The record date for purposes of determining (a) creditors and equity holders entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan, shall be **July 18, 2019** (the "Voting Record Date").

8.      **Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes**. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan ("Rule 3018(a) Motions") shall be **August 16, 2019 at 4:00 p.m. (Eastern Time)** (the "Rule 3018(a) Motion Deadline").

Page:      6
Debtors:   Aceto Corporation, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

9.      In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the party asserting the 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline. Rule 3018(a) Motions not timely filed and served in accordance with the foregoing provision shall not be considered by the Court and shall be overruled.

10.      Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline (defined below), the provisional ballot shall not be counted as a vote on the Plan unless otherwise ordered by this Court before the Voting Deadline.[3]

11.      **Voting Deadline**. To be counted, Ballots (including Master Ballots) for accepting or rejecting the Plan must be received by the Voting Agent by **August 30, 2019 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline"). The Debtors are hereby authorized to extend, in their sole discretion, by written (including e-mail) notice to the Voting Agent, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors.

12.      **Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Voting**. Creditors whose claims are not scheduled or who hold claims that are scheduled as disputed, contingent, or unliquidated are required to timely file proofs of claim by the applicable

_____

[3] Claims will be determined for distribution purposes in accordance with the procedures set forth in the Plan.

Page:      7
Debtors:   Aceto Corporation, *et al*.
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief

_____

Bar Date in order to be treated as creditors with respect to such claims for voting and distribution purposes. "Non-Voting Claims" shall mean claims which are not the subject of a timely filed proof of claim, or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or other order of the Court, or otherwise deemed timely filed under applicable law, and (i) are scheduled in Debtors' Schedules as disputed, contingent, or unliquidated; or (ii) are not scheduled. Creditors holding Non-Voting Claims shall be denied treatment as creditors with respect to such claims for purposes of voting on the Plan.

13.    **Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Packages**. As soon as practicable and within five (5) business days after the date of entry of this Solicitation Procedures Order by the Court, the Debtors shall mail or cause to be mailed by first class mail to (a) the U.S. Trustee; (b) co-counsel to the Committee; (c) counsel to the Indenture Trustee for the Convertible Senior Notes; (d) the SEC; (e) all of their known creditors, (f) all registered holders and beneficial holders of equity securities and Convertible Senior Notes as of the Voting Record Date,[4] and (g) all parties entitled to notice pursuant to Bankruptcy Rule 2002, notice of, *inter alia*, the Combined Hearing, substantially in the form attached hereto as **Exhibit A** (the "Combined Hearing Notice"), which form is hereby approved.

14.    **Non-Voting Packages**. In addition, the Debtors shall mail or cause to be mailed by first-class mail to (a) holders of claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) under the Plan, which classes are unimpaired, are conclusively presumed to

_____

[4] As is customary and accepted practice, certain beneficial holders of publicly-traded securities opt to receive notice electronically through their Nominee (as defined below) or their Nominee's agent. In such instances, the Debtors are authorized to abide by such customary practices (and the beneficial holder's intent) and cause the Combined Hearing Notice to be served electronically to such beneficial holders.

Page:       8
Debtors:    Aceto Corporation, *et al*.
Case No.:   19-13448 (VFP)
Caption:    Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
            Combined Hearing to Consider the Adequacy of the Disclosure Statement and
            Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
            Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
            to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
            the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
            Tabulation of Votes; and (VIII) Granting Related Relief

_____

have accepted the Plan, and are not entitled to vote on the Plan, a copy of the *Notice of Non-*

*Voting Status With Respect to Unimpaired Classes*, substantially in the form attached hereto as

**Exhibit B-1**; and (b) holders of claims or interests in Class 4A (Subordinated Claims Against

Aceto Chemical Plus Debtors), Class 4B (Subordinated Claims Against Rising Pharma Debtors),

Class 5 (Intercompany Claims), Class 6A (Interests in Aceto), and Class 6B (Interests in all

Debtors Other than Aceto), which classes are impaired, are deemed to have rejected the Plan, and

are not entitled to vote on the Plan, a copy of the *Notice of Non-Voting Status With Respect to*

*Impaired Classes*, substantially in the form attached hereto as **Exhibit B-2** (the *Notice of Non-*

*Voting Status With Respect to Unimpaired Classes* and the *Notice of Non-Voting Status With*

*Respect to Impaired Classes*; each a "Non-Voting Notice" and, each Non-Voting Notice together

with the Confirmation Hearing Notice, a "Non-Voting Package"); *provided*, *however*, that each

Debtor with a Class 5 Claim (Intercompany Claims) or Class 6B Interest (Interests in all Debtors

Other than Aceto) will be deemed to have received the Non-Voting Package without actual

mailing of such Non-Voting Package to such Debtor. The *Notice of Non-Voting Status With*

*Respect to Unimpaired Classes*, substantially in the form of **Exhibit B-1** and the *Notice of Non-*

*Voting Status With Respect To Impaired Classes*, substantially in the form of **Exhibit B-2**, are

hereby approved.

     15.    **Solicitation Packages**. The Debtors shall mail or cause to be mailed by first-class

mail to holders of claims in Class 3A (General Unsecured Claims against Aceto Chemical Plus

Debtors (including DPO Claim and Notes Claims)), Class 3B (General Unsecured Claims

against Rising Pharma Debtors (including DPO Claim)), Class 3C (General Unsecured Claims

against Arsynco), and Class 3D (General Unsecured Claims against Acci Realty), who are

Page:      9
Debtors:   Aceto Corporation, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

entitled to vote on the Plan, an information and solicitation package (the "Solicitation Package").

Subject in all respects to paragraph 16 hereof, the Solicitation Package shall contain copies or

conformed printed versions of: (a) the Combined Hearing Notice; (b) the Disclosure Statement,

including a copy of the Plan as Exhibit A thereto; (c) a copy of this Solicitation Procedures Order

(without exhibits); and (d) a letter from the Committee in support of the Plan.  In addition, each

Solicitation Package also shall contain one or more ballots (and a pre-addressed, postage-prepaid

return envelope) appropriate for the specific creditor, in substantially the forms of the proposed

ballots collectively attached hereto as **Exhibits C-1 through C-5** (as such ballots may be

modified for particular classes and with instructions attached thereto, the "Ballots"), which forms

of Ballots are hereby approved.

16.     The Debtors, in their discretion, may provide the Disclosure Statement, including

the Plan as Exhibit A, and this Solicitation Procedures Order in the form of a CD- ROM or USB

flash drive containing such documents in an Adobe Acrobat (PDF) standard format, rather than in

paper form. Parties may submit a request to the Voting Agent (as defined below) if they prefer

paper copies of the Disclosure Statement, Plan and Solicitation Procedures Order, and all such

requests will be fulfilled promptly.[5]

17.     Creditors holding (a) unclassified claims or unimpaired claims and also (b) claims

in a class that is designated as impaired and entitled to vote under the Plan shall receive only the

Solicitation Package appropriate for the applicable impaired class.  Creditors who have filed

duplicate claims in any given class (i) shall receive only one Solicitation Package and one Ballot

_____

[5] The Disclosure Statement and Plan and all other documents filed in these Chapter 11 Cases are available free of
charge on the Debtors' case website at https://cases.primeclerk.com/aceto/.

Page:      10
Debtors:   Aceto Corporation, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

for voting in the amount of a single claim with respect to that class; and (ii) shall be entitled to

vote their claim only once with respect to that class whether or not an objection is pending with

respect to such claim.

18.     The Debtors shall not be required to provide a copy of the Solicitation Package to

holders of Claims that are not classified in accordance with section 1123(a)(1) of the Bankruptcy

Code.

19.     **Procedures for Transmittal to Record Holders of Securities**. The Solicitation

Package shall be mailed in accordance with the procedures outlined above to (a) each directly

registered holder of the Debtors' 2.00% Convertible Senior Notes with a maturity date of

November 1, 2020 (the "Convertible Senior Notes") as of the Voting Record Date, and (b) each

broker, commercial bank, transfer agent, trust company, dealer, or other intermediary or

nominee, or their mailing agent thereof (each a "Nominee") identified by the Debtors' Voting

Agent (based on the securities listings at The Depository Trust Company) as an entity through

which beneficial holders indirectly hold the Convertible Senior Notes. The *Notice of Non-Voting

Status With Respect to Impaired Classes* shall be mailed to (a) each directly registered holder of

Interests in Aceto Corporation as of the Voting Record Date, and (b) each Nominee identified by

the Debtors' Voting Agent as an entity through which beneficial holders indirectly hold Interests

in Aceto Corporation. The Debtors are authorized to send Solicitation Packages or the *Notice of

Non-Voting Status With Respect to Impaired Classes*, as applicable, to Nominees in paper format

and/or via electronic transmission in accordance with the customary requirements of each

Nominee.

Page:      11
Debtors:   Aceto Corporation, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

20.     **Registered Holders**. Wilmington Trust, National Association, successor indenture trustee under the Convertible Senior Notes, shall, at the request of the Debtors, timely cooperate in (a) providing the Voting Agent with the names, addresses, account numbers, and holdings of the respective directly registered holders as of the Voting Record Date, in spreadsheet format, or (b) confirming that there are no directly registered holders as of the Voting Record Date other than The Depository Trust Company.

21.     **Dissemination to Beneficial Holders**. The Nominees through which beneficial holders hold Convertible Senior Notes shall promptly distribute Solicitation Packages to such holders and cooperate with the Voting Agent to accomplish such distribution, in any case no later than five business days after receipt by the Nominees of the Solicitation Packages.

22.     **Voting by Beneficial Holders of Convertible Senior Notes**. Nominees shall obtain the votes of beneficial holders of Convertible Senior Notes by forwarding the Solicitation Package to each beneficial holder of the Convertible Senior Notes for whom it acts as a Nominee for voting so that the beneficial holder may return its vote directly to its Nominee. The Voting Agent shall send Solicitation Packages in paper format or via electronic transmission in accordance with the customary requirements of each Nominee. Each Nominee shall then distribute the Solicitation Packages, as appropriate, in accordance with its customary practices and obtain votes to accept or reject the Plan also in accordance with its customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the beneficial holders for the purpose of recording the beneficial holder's vote, the Nominee is authorized to send the voting instruction form; *provided*, *however*, that the Nominee shall also distribute to the beneficial holder the Beneficial Holder Ballot for Class 3A General Unsecured

Page:      12
Debtors:   Aceto Corporation, *et al*.
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

Claims of Senior Noteholders (the "<u>Beneficial Holder Ballot</u>") approved by this Solicitation

Procedures Order. Nominees shall summarize the individual votes of their respective beneficial

holders cast on their Beneficial Holder Ballots on a master Ballot, in substantially the form of the

Master Ballot attached hereto as **<u>Exhibit C-6</u>** (Master Ballot for Class 3A General Unsecured

Claims of Senior Noteholders) (the "<u>Master Ballot</u>"), and then return the Master Ballot to the

Voting Agent. The Master Ballot substantially in the form attached hereto as **Exhibit C-6** is

hereby approved.

      23.    **When No Notice or Transmittal Necessary**. Notwithstanding any provision of

this Solicitation Procedures Order to the contrary, no notice or service of any kind shall be

required to be made upon any person to whom the Debtors mailed a notice of the meeting of

creditors under section 341 of the Bankruptcy Code or notice of the Bar Dates for filing proofs of

claim and received either of such notices returned by the United States Postal Service marked

"undeliverable as addressed," "moved — left no forwarding address," "forwarding order

expired," or similar marking or reason, unless the Debtors have been informed in writing by such

person of that person's new address.

      24.    The Debtors shall not re-mail undelivered Solicitation Packages or other

undeliverable solicitation-related notices that were returned marked "undeliverable as

addressed," "moved — left no forwarding address," "forwarding order expired" or similar

marking or reason, unless the Debtors have been informed in writing by such person of that

person's new address.

      25.    **Publication Notice**. The Debtors shall publish a notice, setting forth the

information contained in the Combined Hearing Notice, on one occasion, in either *The New York*

Page:      13
Debtors:   Aceto Corporation, *et al*.
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

*Times*, *Wall Street Journal* or *USA Today* (in a format modified for publication) within five (5) business days after the entry of this Solicitation Procedures Order or as soon as reasonably practicable thereafter.

26.    **Voting Agent**. In connection with the solicitation of votes with respect to the plan, Prime Clerk LLC ("Prime Clerk" or the "Voting Agent") is authorized and directed to assist the Debtors in (a) mailing the Solicitation Packages and other notices, (b) soliciting votes on the Plan, (c) receiving and tabulating Ballots cast on the Plan, (d) certifying to the Court the results of the balloting, and (e) responding to inquiries from creditors relating to the Plan, the Disclosure Statement, the Ballots, and matters related thereto. Ballots not received by the Voting Agent shall be deemed invalid and shall not be counted.

27.    **Voting Procedures**. For purposes of voting, the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code shall be determined in accordance with the following hierarchy:

(a)    if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;

(b)    if no such order has been entered, then in the liquidated amount contained in a timely filed proof of claim that is not the subject of a timely filed objection; and

(c)    if no such proof of claim has been timely filed, then in the liquidated, noncontingent, and undisputed amount contained in the Debtors' Schedules.

28.    For purposes of voting, the following conditions shall apply to determine the amount and/or classification of a claim:

Page:       14
Debtors:    Aceto Corporation, *et al*.
Case No.:   19-13448 (VFP)
Caption:    Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
            Combined Hearing to Consider the Adequacy of the Disclosure Statement and
            Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
            Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
            to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
            the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
            Tabulation of Votes; and (VIII) Granting Related Relief

---

    (a)      if a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount;

    (b)      if a scheduled or filed claim has been paid, such claim shall be disallowed for voting purposes;

    (c)      the holder of a timely filed proof of claim that is filed in a wholly unliquidated, contingent, disputed, and/or unknown amount, and is not the subject of a timely filed objection, is entitled to vote in the amount of $1.00;

    (d)      if the Debtors have filed an objection to or a request for estimation of a claim on or before **August 9, 2019 at 4:00 p.m. (Eastern Time)**, such claim is temporarily disallowed for voting purposes, except as may be ordered by this Court before the Voting Deadline; *provided*, *however*, that, if the Debtors' objection seeks only to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount and/or as reclassified (as applicable) pursuant to the objection filed, except as may be ordered by this Court before the Voting Deadline; and

    (e)      claims filed for $0.00 are not entitled to vote.

29.    **Votes Counted**. Any Ballot or Master Ballot, as appropriate, that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder of a claim in Classes 3A, 3B, 3C or 3D to timely deliver a properly executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

30.    In addition to accepting Ballots by regular mail, overnight courier or hand delivery, the Debtors are authorized to accept Ballots via electronic, online transmission through a customized electronic Ballot utilizing the E-Ballot platform on Prime Clerk's website of these

Page:      15
Debtors:   Aceto Corporation, *et al*.
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

Chapter 11 Cases.  Holders may cast an E-Ballot and electronically sign and submit such

electronic Ballot via the E- Ballot platform (instructions for casting an electronic Ballot can be

found on the "E-Ballot" section of Prime Clerk's website). The encrypted ballot data and audit

trail created by such electronic submission shall become part of the record of any electronic

Ballot submitted in this manner and the creditor's electronic signature shall be deemed to be an

original signature that is legally valid and effective. For the avoidance of doubt, the E-Ballot

platform (https://cases.primeclerk.com/aceto) shall be the sole accepted means for holders to

submit votes electronically, with the exception of Master Ballots, which Prime Clerk will accept

by e-mail.

        31.     For purposes of voting, classification, and treatment under the Plan, (i) each

holder of a claim that holds or has filed more than one non-duplicative claim against one or more

of the Debtors in an impaired class shall be treated as if such holder has only one claim for the

applicable class; (ii) the claims filed by such holder shall be aggregated in each applicable class;

and (iii) the total dollar amount of such holder's claims in each applicable class against each

Debtor shall be the sum of the aggregated claims of such holder against those Debtors in each

applicable class.

        32.     Each record holder or beneficial holder of Notes Claims shall be deemed to have

voted the full principal amount of its claim, as of the Voting Record Date, notwithstanding

anything to the contrary on the Ballot.

        33.     For purposes of the Voting Record Date, no transfer of claims pursuant to

Bankruptcy Rule 3001 shall be recognized unless either (i) (a) documentation evidencing such

transfer was filed with the Court on or before 21 days prior to the Voting Record Date and (b) no

Page:      16
Debtors:   Aceto Corporation, *et al*.
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

timely objection with respect to such transfer was filed by the transferor; or (ii) the parties to

such transfer waived the 21-day period in the evidence of transfer and the evidence of transfer

was docketed at least one business day prior to the Voting Record Date.

34.    **Votes Not Counted; Tabulation Procedures**. Unless otherwise ordered by the

Court after notice and a hearing or determined by the Debtors in their reasonable discretion, the

following Ballots or Master Ballots shall not be counted or considered for any purpose in

determining whether the Plan has been accepted or rejected:

(a)    any Ballot or Master Ballot received after the Voting Deadline;

(b)    any Ballot or Master Ballot that is illegible or contains insufficient
       information to permit the identification of the claimant;

(c)    any Ballot cast by a person or entity that does not hold a claim in a class
       that is entitled to vote to accept or reject the Plan;

(d)    any Ballot cast for a claim (i) scheduled as contingent, unliquidated, or
       disputed or as zero or unknown in amount and (ii) for which no proof of
       claim is timely filed and no Rule 3018(a) Motion has been filed by the
       Rule 3018(a) Motion Deadline; provided, however, that a Ballot cast by a
       "governmental unit" as defined in section 101(27) of the Bankruptcy Code
       on account of a claim scheduled as contingent, unliquidated, or disputed or
       as zero or unknown in amount for which no proof of claim was filed as of
       the Voting Record Date will be accepted and tabulated in the amount of
       $1.00;[6]

(e)    any Ballot that indicates neither an acceptance nor a rejection, or indicates
       both an acceptance and rejection, of the Plan;

(f)    any Ballot (other than a Master Ballot) that casts part of its vote in the
       same class to accept the Plan and part to reject the Plan;

_____

[6] The Governmental Bar Date is August 19, 2019 at 5:00 p.m. (ET).

Page:      17
Debtors:   Aceto Corporation, *et al.*
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

---

   (g)    any form of Ballot or Master Ballot other than the official form sent by the Voting Agent, or a copy thereof;

   (h)    any Ballot received that the Voting Agent cannot match to an existing database record;

   (i)    any Ballot or Master Ballot that does not contain an original signature if submitted by mail, courier, or hand delivery;

   (j)    any Ballot or Master Ballot that does not contain an electronic signature if submitted through the E-Ballot platform on Prime Clerk's website; or

   (k)    any Ballot or Master Ballot that is submitted by facsimile, email, or by any means of electronic submission other than the E-Ballot platform on Prime Clerk's website; provided, however, that Master Ballots will be accepted by email.

35.    The following procedures and general assumptions shall govern tabulation of the Ballots:

   (a)    Any creditor who has filed or purchased duplicate claims within the same class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claim;

   (b)    Unless otherwise determined by the Debtors in their reasonable discretion, Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, shall not be counted;

   (c)    If a creditor simultaneously casts inconsistent duplicate ballots with respect to the same claim, such ballots cannot be counted; and

   (d)    The Debtors, in their reasonable discretion, may waive any defect in any Ballot.

36.    Neither the Debtors, the Voting Agent nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots. Rather,

Page:        18
Debtors:     Aceto Corporation, *et al*.
Case No.:    19-13448 (VFP)
Caption:     Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
             Combined Hearing to Consider the Adequacy of the Disclosure Statement and
             Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
             Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
             to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
             the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
             Tabulation of Votes; and (VIII) Granting Related Relief

_____

the Voting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to

have defective Ballots cured.

37.    **Withdrawal of Vote**. Any party who has delivered a valid Ballot for the

acceptance or rejection of the Plan may withdraw, subject to the Debtors' right to contest the

validity of such withdrawal, such acceptance or rejection by delivering a written notice of

withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal,

to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate

principal amount represented by such claim(s), (b) be signed by the withdrawing party in the

same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party

owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn, and (d)

be timely received by the Voting Agent prior to the Voting Deadline.

38.    **Changing Votes**. Notwithstanding Bankruptcy Rule 3018(a), whenever two or

more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the

last valid Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect

the voter's intent and thus supersede any prior Ballots or Master Ballots, as the case may be,

without prejudice to the Debtors' right to object to the validity of the later Ballot or Master

Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the

objection is sustained, to count the first dated Ballot or Master Ballot for all purposes.

39.    **No Division of Claims or Votes**. Except as it may relate to the procedures

implemented with respect to the Master Ballots, (a) a creditor who votes must vote the full

amount of each claim voted either to accept or reject the Plan; and (b) each creditor who votes

and holds multiple claims within a particular class must vote all such claims to either accept or

Page:       19
Debtors:    Aceto Corporation, *et al.*
Case No.:   19-13448 (VFP)
Caption:    Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
            Combined Hearing to Consider the Adequacy of the Disclosure Statement and
            Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
            Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
            to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
            the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
            Tabulation of Votes; and (VIII) Granting Related Relief

_____

reject the Plan. The Ballots of creditors failing to vote in the manner specified in this paragraph
shall not be counted for any purpose.

40.     **Procedures for Counting Ballots from Holders of Notes Claims**. Nominees
through which beneficial holders hold Notes Claims shall receive and summarize on a Master
Ballot all Beneficial Holder Ballots cast by the beneficial holders they serve and then return the
Master Ballot to the Voting Agent on or before the Voting Deadline. Notwithstanding anything
to the contrary herein, Nominees may provide Master Ballots to the Voting Agent via email at
Acetoballots@primeclerk.com prior to the Voting Deadline.

41.     Nominees shall be required to retain for inspection by the Court for one year
following the Voting Deadline the Ballots cast by their beneficial holders or other means by
which their beneficial holder clients conveyed their votes.

42.     Nominees may elect to pre-validate the Beneficial Holder Ballot (a "Pre-
Validated Ballot") by (a) signing the applicable Beneficial Holder Ballot and including its
Depository Trust Company Participant Number, (b) indicating on the Beneficial Holder Ballot
the account number of such holder, and the principal amount of Convertible Senior Notes held
by the Nominee for the benefit of such beneficial holder, and (c) forwarding the Beneficial
Holder Ballot (together with the full Solicitation Package) to the beneficial holder for voting.
The beneficial holder must then complete the information requested in the Beneficial Holder
Ballot (including indicating a vote to accept or reject the Plan), review the certifications
contained therein, and return the Beneficial Holder Ballot directly to the Voting Agent in the pre-
addressed, postage paid envelope included with the Solicitation Package so that it is actually
received by the Voting Agent on or before the Voting Deadline. A list of beneficial holders to

Page:      20
Debtors:   Aceto Corporation, *et al*.
Case No.:  19-13448 (VFP)
Caption:   Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
           Combined Hearing to Consider the Adequacy of the Disclosure Statement and
           Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
           Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
           to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
           the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
           Tabulation of Votes; and (VIII) Granting Related Relief

_____

whom the Nominee sent Pre-Validated Ballots shall be maintained by the Nominee for inspection for at least one (1) year following the Voting Deadline.

43.    Votes cast by the beneficial holders through a Nominee and transmitted by means of a Master Ballot or a Pre-Validated Ballot shall be applied against the positions held by such Nominees as evidenced by the list of record holders of the Convertible Senior Notes or provided by the applicable securities depository. Votes submitted by a Nominee on a Master Ballot shall not be counted in excess of the position maintained by the respective Nominee on the Voting Record Date.

44.    To the extent that conflicting, double, or over-votes are submitted on Master Ballots, the Voting Agent shall attempt to resolve such votes prior to the vote certification in order to ensure that the votes of beneficial holders of Convertible Senior Notes are accurately tabulated. Further, to the extent that such conflicting, double, or over-votes are not reconciled prior to the vote certification, the Voting Agent shall count votes in respect of each Master Ballot in the same proportion as the votes of the beneficial holders to accept or reject the Plan submitted on such Master Ballot, but only to the extent of the applicable Nominee's position on the Voting Record Date in the Convertible Senior Notes.

45.    For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its securities; any principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, to the extent allowed, with respect to the securities thus voted.

Page:       21
Debtors:    Aceto Corporation, *et al.*
Case No.:   19-13448 (VFP)
Caption:    Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
            Combined Hearing to Consider the Adequacy of the Disclosure Statement and
            Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
            Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
            to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
            the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
            Tabulation of Votes; and (VIII) Granting Related Relief

_____

46.    Nominees are authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots shall be counted, except to the extent that they are duplicative of the other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the last valid Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' rights to object to the validity of any subsequently received Master Ballot on any basis permitted by law, including Bankruptcy Rule 3018(a) and, if such objection is sustained, the prior Master Ballot then shall be counted.

47.    **Classes Deemed to Reject**. The holders of claims in Classes 4A, 4B, 5, 6A and 6B shall be deemed to have rejected the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

48.    **Voting Classes; Deemed Acceptance by Non-Voting Classes**. If a class contains claims eligible to vote and no holders of claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such claims in such class.

49.    **Voting Certification.** The Voting Agent shall file its voting certification (the "Voting Certification") on or before **September 6, 2019**.

50.    **Service and Notice Adequate and Sufficient**. Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

51.    **Order Superseding**.  The Court's Order and Notice on Disclosure Statement [Doc. No. 649] shall be and hereby is superseded by this Solicitation Procedures Order in all respects.

Page:        22
Debtors:    Aceto Corporation, *et al*.
Case No.:   19-13448 (VFP)
Caption:    Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a
            Combined Hearing to Consider the Adequacy of the Disclosure Statement and
            Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the
            Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections
            to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on
            the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for
            Tabulation of Votes; and (VIII) Granting Related Relief

---

52.    **Non-substantive Changes**.  The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, Ballots, Master Ballots, and related documents without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other related materials prior to their mailing to parties in interest.

53.    **Retention of Jurisdiction**. The Court shall retain jurisdiction to implement, interpret, and effectuate the provisions of this Solicitation Procedures Order.

## **Exhibit A**

**Combined Hearing Notice**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Wojciech F. Jung, Esq.
Michael Savetsky, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (A) INTERIM APPROVAL OF DISCLOSURE**
**STATEMENT, (B) COMBINED HEARING ON APPROVAL OF DISCLOSURE**
**STATEMENT ON A FINAL BASIS AND CONFIRMATION OF THE PLAN,**
**AND (C) RELATED OBJECTION DEADLINE**

**PLEASE TAKE NOTICE** that on July 26, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed solicitation versions of the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, modified, or supplemented from time to time, the "Plan") and the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), with the United States Bankruptcy Court for the District of New Jersey (the "Court"). Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

**PLEASE TAKE FURTHER NOTICE** that on [●], 2019, the Court entered the *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Doc. No. [●]] (the "Solicitation Procedures Order"), which, among other things, approved the Disclosure Statement on an interim basis as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Procedures Order, a combined hearing (the "Combined Hearing") to consider (a) approval of the Disclosure Statement on a final basis and (b) confirmation of the Plan within the meaning of section 1129 of the Bankruptcy Code will be held before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, on **September 12, 2019 at 11:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard. The Combined Hearing may be adjourned from time to time by way of announcement of such continuance in open court or otherwise by the Debtors or the Court, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to approval of the adequacy of the Disclosure Statement on a final basis and/or confirmation of the Plan ("Plan/DS Objections") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates or property; (d) state with particularity the legal and factual bases and nature of the objection; and (e) be filed with the Court, and served on the following parties, so as to be received on or before **August 30, 2019 at 4:00 p.m. (Eastern Time)**: (i) counsel to the Debtors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Michael S. Etkin, Esq., Kenneth A. Rosen, Esq. and Wojciech F. Jung, Esq.; (ii) the Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: David Gerardi, Esq.; and (iii) co-counsel to the Official Committee of Unsecured Creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Jayme T. Goldstein, Esq. and Erez E. Gilad, Esq. and Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, P.O. Box 1997, Morristown, New Jersey 07962, Attn: Warren J. Martin, Jr., Esq. and Robert M. Schechter, Esq. (collectively, the "Notice Parties"). Plan/DS Objections that are not timely filed shall not be considered by the Court and shall be overruled.

**PLEASE TAKE FURTHER NOTICE** that, if you are the holder of a claim in a class that is entitled to vote on the Plan, the deadline for voting to accept or reject the Plan is **August 30, 2019 at 4:00 p.m. (Eastern Time)**. If you are currently not entitled to vote on the Plan but believe that you are the holder of a claim that should be entitled to vote on the Plan, then you must file and serve upon the Notice Parties a motion for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim for purposes of voting to accept or reject

the Plan on or before **August 16, 2019 at 4:00 p.m. (Eastern Time)** in accordance with the Solicitation Procedures Order.

**PLEASE TAKE FURTHER NOTICE that the Plan provides for releases, exculpation and injunctions of certain conduct. The injunctions in the Plan include a permanent injunction of the commencement or prosecution in any manner by any entity of any claims, obligations, suits, judgments, damages, demands, rights, causes of action or liabilities released or exculpated pursuant to the Plan.**

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Plan and Solicitation Procedures Order may be examined by any party in interest (i) between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding federal holidays, at the Office of the Clerk of the Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey 07102; or (ii) at the Debtors' case website (https://cases.primeclerk.com/aceto); or may be obtained by written request to Prime Clerk LLC (the "Voting Agent"), at Acetoballots@primeclerk.com or by calling the Voting Agent at 844-216-7718.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, YOU SHOULD CONTACT THE VOTING AGENT BY EMAIL AT ACETOBALLOTS@PRIMECLERK.COM OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.

Dated:  [●], 2019

**LOWENSTEIN SANDLER LLP**

_____

Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Wojciech F. Jung, Esq.
Michael Savetsky, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and
Debtors-in-Possession*

## **Exhibit B-1**

**Notice of Non-Voting Status With Respect to Unimpaired Classes**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Wojciech F. Jung, Esq.
Michael Savetsky, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS**
**WITH RESPECT TO UNIMPAIRED CLASSES**

**PLEASE TAKE NOTICE** that on July 26, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed solicitation versions of the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, modified, or supplemented from time to time, the "Plan") and the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), with the United States Bankruptcy Court for the District of New Jersey (the "Court"). Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

PLEASE TAKE FURTHER NOTICE that on [●], 2019, the Court entered the *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Doc. No. [●]] (the "Solicitation Procedures Order"), which, among other things, approved the Disclosure Statement on an interim basis as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IS/ARE NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU (I) ARE PRESUMED TO HAVE ACCEPTED THE PLAN, AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.**

PLEASE TAKE FURTHER NOTICE that pursuant to the Solicitation Procedures Order, a combined hearing (the "Combined Hearing") to consider (a) approval of the Disclosure Statement on a final basis and (b) confirmation of the Plan within the meaning of section 1129 of the Bankruptcy Code will be held before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, on **September 12, 2019 at 11:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard. The Combined Hearing may be adjourned from time to time by way of announcement of such continuance in open court or otherwise by the Debtors or the Court, without further notice to parties in interest.

PLEASE TAKE FURTHER NOTICE that responses and objections, if any, to approval of the adequacy of the Disclosure Statement on a final basis and/or confirmation of the Plan ("Plan/DS Objections") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates or property; (d) state with particularity the legal and factual bases and nature of any objection; and (e) be filed with the Court, and served on the following parties, so as to be received on or before **August 30, 2019 at 4:00 p.m. (Eastern Time)**: (i) counsel to the Debtors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Michael S. Etkin, Esq., Kenneth A. Rosen, Esq. and Wojciech F. Jung, Esq.; (ii) the Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: David Gerardi, Esq.; and (iii) co-counsel to the Official Committee of Unsecured Creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Jayme T. Goldstein, Esq. and Erez E. Gilad, Esq. and Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, P.O. Box 1997, Morristown, New Jersey 07962, Attn: Warren J. Martin, Jr., Esq. and Robert M. Schechter, Esq. (collectively, the "Notice Parties"). Plan/DS Objections that are not timely filed shall not be considered by the Court and shall be overruled.

**PLEASE TAKE FURTHER NOTICE that the Plan provides for releases, exculpation and injunctions of certain conduct. The injunctions in the Plan include a permanent**

injunction of the commencement or prosecution in any manner by any entity of any claims, **obligations, suits, judgments, damages, demands, rights, causes of action or liabilities released or exculpated pursuant to the Plan.**

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Plan and Solicitation Procedures Order may be examined by any party in interest (i) between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding federal holidays, at the Office of the Clerk of the Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey 07102; or (ii) at the Debtors' case website (https://cases.primeclerk.com/aceto); or may be obtained by written request to Prime Clerk LLC (the "Voting Agent"), at Acetoballots@primeclerk.com or by calling the Voting Agent at 844-216-7718.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, YOU SHOULD CONTACT THE VOTING AGENT BY EMAIL AT ACETOBALLOTS@PRIMECLERK.COM OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.

Dated:  [●], 2019

**LOWENSTEIN SANDLER LLP**

_____

Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Wojciech F. Jung, Esq.
Michael Savetsky, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and Debtors-in-Possession*

**<u>Exhibit B-2</u>**

**Notice of Non-Voting Status With Respect to Impaired Classes**

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Wojciech F. Jung, Esq.
Michael Savetsky, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS**
**WITH RESPECT TO IMPAIRED CLASSES**

**PLEASE TAKE NOTICE** that on July 26, 2019, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed solicitation versions of the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, modified, or supplemented from time to time, the "Plan") and the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, modified, or supplemented from time to time, the "Disclosure Statement"), with the United States Bankruptcy Court for the District of New Jersey (the "Court"). Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

**PLEASE TAKE FURTHER NOTICE** that on [●], 2019, the Court entered the *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief* [Doc. No. [●]] (the "Solicitation Procedures Order"), which, among other things, approved the Disclosure Statement on an interim basis as containing adequate information within the meaning of section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

**UNDER THE TERMS OF THE PLAN, YOU MAY NOT BE ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST, OR INTEREST(S) IN, THE DEBTORS AND, THEREFORE, PURSUANT TO SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU (I) ARE DEEMED TO HAVE REJECTED THE PLAN, AND (II) ARE NOT ENTITLED TO VOTE ON THE PLAN.**

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Solicitation Procedures Order, a combined hearing (the "Combined Hearing") to consider (a) approval of the Disclosure Statement on a final basis and (b) confirmation of the Plan within the meaning of section 1129 of the Bankruptcy Code will be held before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, United States Bankruptcy Court for the District of New Jersey, Martin Luther King, Jr. Federal Building, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102, on **September 12, 2019 at 11:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard. The Combined Hearing may be adjourned from time to time by way of announcement of such continuance in open court or otherwise by the Debtors or the Court, without further notice to parties in interest.

**PLEASE TAKE FURTHER NOTICE** that responses and objections, if any, to approval of the adequacy of the Disclosure Statement on a final basis and/or confirmation of the Plan ("Plan/DS Objections") must (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtors, their estates or property; (d) state with particularity the legal and factual bases and nature of any objection; and (e) be filed with the Court, and served on the following parties, so as to be received on or before **August 30, 2019 at 4:00 p.m. (Eastern Time)**: (i) counsel to the Debtors, Lowenstein Sandler LLP, 1251 Avenue of the Americas, New York, New York 10020, Attn: Michael S. Etkin, Esq., Kenneth A. Rosen, Esq. and Wojciech F. Jung, Esq.; (ii) the Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: David Gerardi, Esq.; and (iii) co-counsel to the Official Committee of Unsecured Creditors, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Jayme T. Goldstein, Esq. and Erez E. Gilad, Esq. and Porzio, Bromberg & Newman, P.C., 100 Southgate Parkway, P.O. Box 1997, Morristown, New Jersey 07962, Attn: Warren J. Martin, Jr., Esq. and Robert M. Schechter, Esq. (collectively, the "Notice Parties"). Plan/DS Objections that are not timely filed shall not be considered by the Court and shall be overruled.

**PLEASE TAKE FURTHER NOTICE** that the Plan provides for releases, exculpation and injunctions of certain conduct. The injunctions in the Plan include a permanent injunction of the commencement or prosecution in any manner by any entity of any claims, obligations, suits, judgments, damages, demands, rights, causes of action or liabilities released or exculpated pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Disclosure Statement, Plan and Solicitation Procedures Order may be examined by any party in interest (i) between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday, excluding federal holidays, at the Office of the Clerk of the Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New Jersey 07102; or (ii) at the Debtors' case website (https://cases.primeclerk.com/aceto); or may be obtained by written request to Prime Clerk LLC (the "Voting Agent"), at Acetoballots@primeclerk.com or by calling the Voting Agent at 844-216-7718.

IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, YOU SHOULD CONTACT THE VOTING AGENT BY EMAIL AT ACETOBALLOTS@PRIMECLERK.COM OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT PERMITTED TO PROVIDE LEGAL ADVICE.

Dated:  [●], 2019

**LOWENSTEIN SANDLER LLP**

_____
Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Wojciech F. Jung, Esq.
Michael Savetsky, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

_Counsel to the Debtors and_
_Debtors-in-Possession_

## <u>Exhibit C-1</u>

**Ballot for Class 3A General Unsecured Claims
Against Aceto Chemical Plus Debtors (including DPO Claim)**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**[Ballot to be Tailored to Include Name and Address of Claimant,
Debtor Against Whom Claim is Asserted and Claim Amount]**

## BALLOT FOR CLASS 3A GENERAL UNSECURED CLAIMS
## AGAINST ACETO CHEMICAL PLUS DEBTORS (INCLUDING DPO CLAIM)[2]

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are soliciting votes with respect to the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Plan").[3]  The Plan is attached as Exhibit A to the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Disclosure Statement").

This Ballot is being sent to the holders of Class 3A General Unsecured Claims Against the Aceto Chemical Plus Debtors as classified under the Plan ("Class 3A General Unsecured Claims"). This Ballot is to be used by holders of Class 3A General Unsecured Claims to vote to accept or reject the Plan. The Plan is described in, and attached as Exhibit A to, the Disclosure Statement. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan.  If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the District of New Jersey (the "Court") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

[2]  This Ballot is for Holders of Class 3A General Unsecured Claims Against Aceto Chemical Plus Debtors other than Notes Claims. Holders of Notes Claims are receiving separate ballots for such claims.

[3]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

1129(a)(10) and 1129(b) of title 11 of the United States Code (the "Bankruptcy Code"). Either way, if the Court confirms the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot by **4:00 p.m. (Eastern Time) on August 30, 2019** (the "Voting Deadline").

<h3 style="text-align:center">IMPORTANT</h3>

**THE VOTING DEADLINE IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019.**

**YOU SHOULD REVIEW THE ACCOMPANYING DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

**PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS FOR RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT") IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019, OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT ACETOBALLOTS@PRIMECLERK.COM OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

<h3 style="text-align:center">HOW TO VOTE</h3>

1. REVIEW THE INFORMATION IN ITEM 1 AND CONFIRM IT IS CORRECT.
2. COMPLETE ITEM 2.
3. REVIEW THE THIRD PARTY RELEASE SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT OUT.
4. CAREFULLY REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 4.
5. SIGN THE BALLOT.
6. RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA PRIME CLERK'S E-BALLOTING PORTAL.

(*Note: Additional Instructions for Completing the Ballot are Set Forth Below*)

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Class 3A General Unsecured Claims, you must vote on all of your Class 3A General Unsecured Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Class 3A General Unsecured Claims may execute this Ballot, but must provide the name and address of the holder of such Class 3A General Unsecured Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of such Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

---

## ITEM 1.    <u>CERTIFICATION OF AUTHORITY TO VOTE</u>

The undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), the undersigned is the holder (or authorized signatory for such holder) of a Class 3A General Unsecured Claim against the below-listed Debtor in the below-listed amount:

Debtor: _____     Amount: $_____

## ITEM 2.    <u>VOTE ON PLAN</u>

The undersigned holder of the Class 3A General Unsecured Claim set forth in Item 1 above votes as follows (**check one box only** — if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ to **ACCEPT** the Plan                    ☐ to **REJECT** the Plan

## ITEM 3.    <u>THIRD PARTY RELEASE AND OPT-OUT ELECTION</u>

<u>Section 9.05 of the Plan contains the following Third Party Release provisions:</u>

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sales, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the**

business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Chemical Plus Purchase Agreement, the Pharma Purchase Agreement, the Sale Orders or related agreements, instruments, or other documents, the pursuit of the Sales, the pursuit of consummation of the Sales, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, *provided* that, nothing in this Section 9.05 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; *provided*, further, that notwithstanding anything to the contrary herein, the foregoing release shall not affect the releases granted to the applicable entities pursuant to the Final DIP Order or the Mutual Release Agreement; *provided, further,* that this release shall not (1) preclude the United States Securities and Exchange Commission from enforcing its regulatory or police powers or (2) operate to release any claims or causes of action held directly (but not derivatively) by the United States Securities and Exchange Commission against any non-Debtor person or non-Debtor entity; *provided, further*, that this release shall not release any Securities Claims with respect to the Specified Individuals, provided that any such claims and any judgment or recoveries arising therefrom by Holders of Securities Claims shall be subject to and limited by Section 9.08. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of claims released by the Third Party Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Third Party Release.

The definition of "Released Parties" in the Plan is as follows:

"Released Parties" means, collectively, each of the following solely in their respective capacities as such: (a) the Debtors' current officers, directors, and managers (or any of the Debtors' officers, directors and managers that served as such during or immediately prior to the Chapter 11 Cases); (b) the Debtors' Professionals; (c) the Creditors' Committee's Professionals; (d) current and former members of the Creditors' Committee, but solely in their capacities as such and not in any other capacity; (e) the Notes Indenture Trustee; and (f) with respect to each of the foregoing entities in clauses (a) through (e), such Entity and its

current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, subsidiaries, divisions, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case solely in their capacity as such. For the avoidance of doubt, and notwithstanding anything herein to the contrary, in no event shall holders of Interests in Aceto be considered "Released Parties" on account of such Interests.

The definition of "Releasing Parties" in the Plan is as follows:

"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties identified in subsections (a)–(d) of the definition of "Released Parties"; (b) all Holders of Claims that vote to accept the Plan; (c) all Holders of Claims entitled to vote on the Plan who abstain from voting on the Plan and abstain from electing on their ballot to opt-out of the Third Party Release; (d) all Holders of Claims that vote to reject the Plan but do not elect on their ballot to opt-out of the Third Party Release; and (e) with respect to each of the foregoing entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such; provided, however, that holders of Interests in Aceto shall not be considered "Releasing Parties" solely on account of such Interests.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO ACCEPT</u> THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN WHO <u>ABSTAIN FROM VOTING AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO REJECT THE PLAN AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.  OTHERWISE, <u>YOU MAY ELECT TO OPT OUT</u> OF AND WITHHOLD CONSENT TO THE THIRD PARTY RELEASE BY CHECKING THE BOX BELOW.**

**YOUR DECISION WHETHER OR NOT TO OPT OUT OF THE THIRD PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTIONS, IF ANY, UNDER THE PLAN.**

**IF YOU SUBMIT THIS BALLOT WITHOUT CHECKING THE BOX BELOW, OR YOU DO NOT TIMELY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.**

> ☐ **The undersigned elects to opt out of the Third Party Release contained in Section 9.05 of the Plan.**

## ITEM 4.     <u>AUTHORIZATION</u>

By returning this Ballot, the undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), it is the holder of the claim set forth in Item 1 above (or authorized signatory for such holder) and has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual holder of a claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request.

The undersigned further certifies that (a) it has received a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Solicitation Procedures Order[4] entered by the Court and provided with this Ballot.

Name: _____
                    (Print or Type)

Social Security or Federal Tax I.D. No. _____

Signature: _____

---

[4] "Solicitation Procedures Order" means the Court's *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief.*

By: _____
             (If Appropriate)

Title: _____
              (If Appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

**If you wish to update the address pre-printed on this Ballot, please send a change of address request to Acetoballots@primeclerk.com.**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtors are soliciting your vote on the Plan described in and attached as <u>Exhibit A</u> to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein have the same meanings ascribed to them in the Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable non-bankruptcy law.**

No fees, commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan (other than fees and expenses of the Voting Agent as authorized by the Court).

To ensure your vote is counted, you must complete, sign and return this Ballot to the address set forth on the enclosed envelope provided or via Prime Clerk's E-Balloting Portal. Unsigned Ballots will not be counted, *provided that* Ballots validly submitted through the E-Balloting Portal bearing the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective.

Ballots must be received by the Voting Agent (i) at the following address: Aceto Corporation Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street,

Suite 1440, New York, NY 10165 or (ii) via Prime Clerk's E-Balloting Portal by **4:00 p.m. (Eastern Time) on August 30, 2019**. If a Ballot is received after the Voting Deadline it will not be counted. Delivery of a Ballot by facsimile, email or other electronic means other than Prime Clerk's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

(1)     Make sure that the information set forth in Item 1 is correct.

(2)     Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3)     Review the Third Party Release set forth in Item 3 and, if applicable, elect whether to opt out.

(4)     Read Item 4 carefully.

(5)     Provide the information required by Item 4.

(6)     Sign and date your Ballot.

(7)     If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)     Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Prime Clerk's E-Balloting Portal.

---

**If Submitting Your Vote Through the E-Balloting Portal**

**Prime Clerk will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/aceto/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**

**Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:**

**Aceto Corporation Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165**

**If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

## PLEASE RETURN YOUR BALLOT PROMPTLY

**If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, Disclosure Statement or related materials, please contact the Voting Agent by email at Acetoballots@primeclerk.com or by telephone at 844-216-7718 or visit https://cases.primeclerk.com/aceto. The Voting Agent is not authorized to provide legal advice.**

## **Exhibit C-2**

**Beneficial Holder Ballot for Class 3A**
**General Unsecured Claims of Noteholders**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

### BENEFICIAL HOLDER BALLOT FOR CLASS 3A
### GENERAL UNSECURED CLAIMS OF NOTEHOLDERS

### [CUSIP NO. 004446AD2 / ISIN NO. US004446AD25]

### Record Date for Voting: July 18, 2019

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are soliciting votes with respect to the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Plan").[2]  The Plan is attached as Exhibit A to the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Disclosure Statement").

This Ballot is being sent to beneficial holders of claims ("Notes Claims") arising under the 2.00% Convertible Senior Notes with a maturity date of November 1, 2020 (CUSIP No. 004446AD2 / ISIN US004446AD25) (the "Notes") issued pursuant to that certain Indenture, dated as of November 16, 2015, among Aceto Corporation and Wilmington Trust, National Association, as successor Trustee. The Plan classifies the Notes Claims as Class 3A General Unsecured Claims Against the Aceto Chemical Plus Debtors.

This Ballot is to be used by the beneficial holders of the Notes Claims to vote to accept or reject the Plan. The Plan is described in, and attached as Exhibit A to, the Disclosure Statement. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan.  If the requisite acceptances, however, are not obtained, the United States

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Bankruptcy Court for the District of New Jersey (the "Court") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "Bankruptcy Code"). Either way, if the Court confirms the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot by **4:00 p.m. (Eastern Time) on August 30, 2019** (the "Voting Deadline").

## IMPORTANT

**THE VOTING DEADLINE IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019.**

**YOU SHOULD REVIEW THE ACCOMPANYING DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

**PLEASE READ CAREFULLY, COMPLETE AND RETURN YOUR BALLOT TO YOUR BROKER, COMMERCIAL BANK, TRUST COMPANY, DEALER, OR OTHER INTERMEDIARY OR NOMINEE (EACH, A "NOMINEE"). MAKE SURE YOUR NOMINEE RECEIVES YOUR BALLOT IN SUFFICIENT TIME TO CAST YOUR VOTE ON A MASTER BALLOT PRIOR TO THE VOTING DEADLINE. THE MASTER BALLOT CAST ON YOUR BEHALF BY YOUR NOMINEE MUST BE RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT") BY 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019, OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES FOR CASTING YOUR VOTE, PLEASE CONTACT YOUR NOMINEE.**

**IF YOU HAVE QUESTIONS ABOUT ACETO'S CHAPTER 11 CASE, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT ACETOBALLOTS@PRIMECLERK.COM OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

## HOW TO VOTE

1.   COMPLETE ITEMS 1, 2, AND 3 (IF APPLICABLE).
2.   REVIEW THE THIRD PARTY RELEASE SET FORTH IN ITEM 4 AND, IF APPLICABLE, SELECT WHETHER TO OPT OUT.
3.   CAREFULLY REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 5.
4.   SIGN THE BALLOT.
5.   RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR BASED ON THE INSTRUCTIONS PROVIDED TO YOU BY YOUR NOMINEE.

*(Note: Additional Instructions for Completing the Ballot are Set Forth Below)*

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Notes Claims, you must vote on all of your Notes Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Notes Claims may execute this Ballot, but must provide the name and address of the holder of such Notes Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of such Notes Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

---

## ITEM 1.     CERTIFICATION OF AUTHORITY TO VOTE

The undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), the undersigned is the beneficial holder (or authorized signatory for such beneficial holder) of a Notes Claim against Aceto Corporation in the aggregate principal amount set forth below:

$_____ (CUSIP NO. 004446AD2 / ISIN US004446AD25)

## ITEM 2.     VOTE ON PLAN

The undersigned holder of a Notes Claim against Aceto Corporation set forth in Item 1 above votes as follows in Class 3A (**check one box only** — if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ to **ACCEPT** the Plan                    ☐ to **REJECT** the Plan

## ITEM 3.    CERTIFICATION AS TO SENIOR NOTES HELD IN ADDITIONAL ACCOUNTS

By completing and returning this Ballot, the beneficial holder certifies that either (1) it has not submitted any other Ballots for other Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Notes Claims for which is has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED
BALLOTS OTHER THAN THIS BALLOT**

| Name of Holder[3] | Account Number | Principal Amount of Other Notes Claims Voted | Accept or Reject |
|---|---|---|---|
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |

## ITEM 4.    THIRD PARTY RELEASE AND OPT-OUT ELECTION

Section 9.05 of the Plan contains the following Third Party Release provisions:

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sales, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the**

---

[3] Insert your name if the Notes are held by you in record name or, if held in street name, insert the name of your Nominee.

business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Chemical Plus Purchase Agreement, the Pharma Purchase Agreement, the Sale Orders or related agreements, instruments, or other documents, the pursuit of the Sales, the pursuit of consummation of the Sales, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, *provided* that, nothing in this Section 9.05 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; *provided*, further, that notwithstanding anything to the contrary herein, the foregoing release shall not affect the releases granted to the applicable entities pursuant to the Final DIP Order or the Mutual Release Agreement; *provided, further,* that this release shall not (1) preclude the United States Securities and Exchange Commission from enforcing its regulatory or police powers or (2) operate to release any claims or causes of action held directly (but not derivatively) by the United States Securities and Exchange Commission against any non-Debtor person or non-Debtor entity; *provided, further,* that this release shall not release any Securities Claims with respect to the Specified Individuals, provided that any such claims and any judgment or recoveries arising therefrom by Holders of Securities Claims shall be subject to and limited by Section 9.08. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of claims released by the Third Party Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Third Party Release.

The definition of "Released Parties" in the Plan is as follows:

"Released Parties" means, collectively, each of the following solely in their respective capacities as such: (a) the Debtors' current officers, directors, and managers (or any of the Debtors' officers, directors and managers that served as such during or immediately prior to the Chapter 11 Cases); (b) the Debtors' Professionals; (c) the Creditors' Committee's Professionals; (d) current and former members of the Creditors' Committee, but solely in their capacities as such and not in any other capacity; (e) the Notes Indenture Trustee; and (f) with respect to each of the foregoing entities in clauses (a) through (e), such Entity and its

current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, subsidiaries, divisions, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case solely in their capacity as such. For the avoidance of doubt, and notwithstanding anything herein to the contrary, in no event shall holders of Interests in Aceto be considered "Released Parties" on account of such Interests.

<u>The definition of "Releasing Parties" in the Plan is as follows:</u>

"**Releasing Parties**" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties identified in subsections (a)–(d) of the definition of "Released Parties"; (b) all Holders of Claims that vote to accept the Plan; (c) all Holders of Claims entitled to vote on the Plan who abstain from voting on the Plan and abstain from electing on their ballot to opt-out of the Third Party Release; (d) all Holders of Claims that vote to reject the Plan but do not elect on their ballot to opt-out of the Third Party Release; and (e) with respect to each of the foregoing entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such; provided, however, that holders of Interests in Aceto shall not be considered "Releasing Parties" solely on account of such Interests.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO ACCEPT</u> THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN WHO <u>ABSTAIN FROM VOTING AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO REJECT THE PLAN AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.  OTHERWISE, <u>YOU MAY ELECT TO OPT OUT</u> OF AND WITHHOLD CONSENT TO THE THIRD PARTY RELEASE BY CHECKING THE BOX BELOW.**

**YOUR DECISION WHETHER OR NOT TO OPT OUT OF THE THIRD PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTIONS, IF ANY, UNDER THE PLAN.**

**IF YOU SUBMIT THIS BALLOT WITHOUT CHECKING THE BOX BELOW, OR YOU DO NOT TIMELY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.**

---

☐ **The undersigned elects to opt out of the Third Party Release contained in Section 9.05 of the Plan.**

---

## ITEM 5.    <u>AUTHORIZATION</u>

By returning this Ballot, the undersigned beneficial holder of Notes Claims identified in Item 1 above certifies that it (a) has full power and authority to vote to accept or to reject the Plan with respect to the claims set forth in Item 1 above; (b) was the beneficial holder of the Notes identified in Item 1 as of July 18, 2019 (the record date for voting on the Plan established by the Court), or to the extent that the undersigned is voting on behalf of the actual holder of the claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request; and (c) (i) it has received a copy of the Disclosure Statement (including the exhibits thereto), and (ii) understands that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Solicitation Procedures Order[4] entered by the Court and provided with this Ballot.

Name: _____
                 (Print or Type)

Social Security or Federal Tax I.D. No. _____

Signature: _____

---

[4] "Solicitation Procedures Order" means the Court's *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief.*

By: _____
         (If Appropriate)

Title: _____
         (If Appropriate)

Street Address: _____


City, State, Zip Code: _____


Telephone Number: _____


Date Completed: _____

     **If you wish to update the address pre-printed on this Ballot, please send a change of address request to Acetoballots@primeclerk.com.**

## <u>INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

     The Debtors are soliciting your vote on the Plan described in and attached as <u>Exhibit A</u> to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein have the same meanings ascribed to them in the Plan.

     **This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable non-bankruptcy law. This Ballot is not a letter of transmittal and may not be used for any other purpose than to cast votes to accept or reject the Plan.**

     No fees, commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan (other than fees and expenses of the Voting Agent as authorized by the Court).

     To ensure your vote is counted, you must complete, sign and return this Ballot to your Nominee.  Unsigned Ballots will not be counted.  The Voting Deadline is **<u>4:00 p.m. (Eastern Time) on August 30, 2019</u>**.  Please make sure your Nominee receives your Ballot in sufficient time for your Nominee to submit a Master Ballot on your behalf to the Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted. Delivery of a Ballot by facsimile, email or other electronic means will not be accepted.

**DO NOT RETURN THIS BENEFICIAL BALLOT TO THE VOTING AGENT.**

To complete this Ballot properly, take the following steps:

(1)   Make sure that the information required by Item 1 has been inserted.

(2)   Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3)   Provide the information required by Item 3, if applicable.

(4)   Review the Third Party Release set forth in Item 4 and, if applicable, elect whether to opt out.

(5)   Read Item 5 carefully.

(6)   Provide the information required by Item 5.

(7)   Sign and date your Ballot.

(8)   If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)   Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or based on the instructions provided to you by your Nominee.

<u>**PLEASE RETURN YOUR BALLOT PROMPTLY**</u>

**If you have any questions regarding this Ballot or the procedures for casting your vote, please contact your Nominee.**

**If you have any questions regarding the Debtors' chapter 11 case, or wish to receive a copy of the Plan, Disclosure Statement or related materials, please contact the Voting Agent by email at <u>Acetoballots@primeclerk.com</u> or by telephone at 844-216-7718 or visit <u>https://cases.primeclerk.com/aceto</u>. The Voting Agent is not authorized to provide legal advice.**

## <u>Exhibit C-3</u>

**Ballot for Class 3B General Unsecured Claims
Against Rising Pharma Debtors (including DPO Claim)**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**[Ballot to be Tailored to Include Name and Address of Claimant,
Debtor Against Whom Claim is Asserted and Claim Amount]**

### BALLOT FOR CLASS 3B GENERAL UNSECURED CLAIMS
### AGAINST RISING PHARMA DEBTORS (INCLUDING DPO CLAIM)

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are soliciting votes with respect to the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Plan").[2] The Plan is attached as Exhibit A to the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Disclosure Statement").

This Ballot is being sent to the holders of Class 3B General Unsecured Claims Against the Rising Pharma Debtors as classified under the Plan ("Class 3B General Unsecured Claims"). This Ballot is to be used by holders of Class 3B General Unsecured Claims to vote to accept or reject the Plan. The Plan is described in, and attached as Exhibit A to, the Disclosure Statement. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the District of New Jersey (the "Court") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "Bankruptcy Code"). Either way, if the Court confirms the Plan, it will be binding on you. To have your vote count, you must

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

complete and return this Ballot by **4:00 p.m. (Eastern Time) on August 30, 2019** (the "Voting Deadline").

## IMPORTANT

**THE VOTING DEADLINE IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019.**

**YOU SHOULD REVIEW THE ACCOMPANYING DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

**PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS FOR RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR BALLOT MUST BE RECEIVED BY PRIME CLERK LLC (THE "VOTING AGENT") IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019, OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT ACETOBALLOTS@PRIMECLERK.COM OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

## HOW TO VOTE

1.  REVIEW THE INFORMATION IN ITEM 1 AND CONFIRM IT IS CORRECT.
2.  COMPLETE ITEM 2.
3.  REVIEW THE THIRD PARTY RELEASE SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT OUT.
4.  CAREFULLY REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 4.
5.  SIGN THE BALLOT.
6.  RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA PRIME CLERK'S E-BALLOTING PORTAL.

(*Note: Additional Instructions for Completing the Ballot are Set Forth Below*)

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Class 3B General Unsecured Claims, you must vote on all of your Class 3B General Unsecured Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Class 3B General Unsecured Claims may execute this Ballot, but must provide the name and address of the holder of such Class 3B General

Unsecured Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of such Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

---

## ITEM 1.     CERTIFICATION OF AUTHORITY TO VOTE

The undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), the undersigned is the holder (or authorized signatory for such holder) of a Class 3B General Unsecured Claim against the below-listed Debtor in the below-listed amount:

Debtor: _____     Amount: $_____

## ITEM 2.     VOTE ON PLAN

The undersigned holder of the Class 3B General Unsecured Claim set forth in Item 1 above votes as follows (**check one box only** — if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ to **ACCEPT** the Plan                    ☐ to **REJECT** the Plan

## ITEM 3.     THIRD PARTY RELEASE AND OPT-OUT ELECTION

Section 9.05 of the Plan contains the following Third Party Release provisions:

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sales, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation,**

formulation, preparation, dissemination and filing of the Plan (including, for the avoidance of doubt, the Plan Supplement), the Disclosure Statement, the Chemical Plus Purchase Agreement, the Pharma Purchase Agreement, the Sale Orders or related agreements, instruments, or other documents, the pursuit of the Sales, the pursuit of consummation of the Sales, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, *provided* that, nothing in this Section 9.05 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; *provided*, further, that notwithstanding anything to the contrary herein, the foregoing release shall not affect the releases granted to the applicable entities pursuant to the Final DIP Order or the Mutual Release Agreement; *provided*, *further*, that this release shall not (1) preclude the United States Securities and Exchange Commission from enforcing its regulatory or police powers or (2) operate to release any claims or causes of action held directly (but not derivatively) by the United States Securities and Exchange Commission against any non-Debtor person or non-Debtor entity; *provided, further*, that this release shall not release any Securities Claims with respect to the Specified Individuals, provided that any such claims and any judgment or recoveries arising therefrom by Holders of Securities Claims shall be subject to and limited by Section 9.08. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of claims released by the Third Party Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Third Party Release.

The definition of "Released Parties" in the Plan is as follows:

"Released Parties" means, collectively, each of the following solely in their respective capacities as such: (a) the Debtors' current officers, directors, and managers (or any of the Debtors' officers, directors and managers that served as such during or immediately prior to the Chapter 11 Cases); (b) the Debtors' Professionals; (c) the Creditors' Committee's Professionals; (d) current and former members of the Creditors' Committee, but solely in their capacities as such and not in any other capacity; (e) the Notes Indenture Trustee; and (f) with respect to each of the foregoing entities in clauses (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such

interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, subsidiaries, divisions, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case solely in their capacity as such. For the avoidance of doubt, and notwithstanding anything herein to the contrary, in no event shall holders of Interests in Aceto be considered "Released Parties" on account of such Interests.

The definition of "Releasing Parties" in the Plan is as follows:

"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties identified in subsections (a)–(d) of the definition of "Released Parties"; (b) all Holders of Claims that vote to accept the Plan; (c) all Holders of Claims entitled to vote on the Plan who abstain from voting on the Plan and abstain from electing on their ballot to opt-out of the Third Party Release; (d) all Holders of Claims that vote to reject the Plan but do not elect on their ballot to opt-out of the Third Party Release; and (e) with respect to each of the foregoing entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such; provided, however, that holders of Interests in Aceto shall not be considered "Releasing Parties" solely on account of such Interests.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO ACCEPT</u> THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN WHO <u>ABSTAIN FROM VOTING AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO REJECT THE PLAN AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.  OTHERWISE, <u>YOU MAY ELECT TO OPT OUT</u> OF AND WITHHOLD CONSENT TO THE THIRD PARTY RELEASE BY CHECKING THE BOX BELOW.**

**YOUR DECISION WHETHER OR NOT TO OPT OUT OF THE THIRD PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTIONS, IF ANY, UNDER THE PLAN.**

**IF YOU SUBMIT THIS BALLOT WITHOUT CHECKING THE BOX BELOW, OR YOU DO NOT TIMELY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.**

---

☐ **The undersigned elects to opt out of the Third Party Release contained in Section 9.05 of the Plan.**

---

## ITEM 4.    <u>AUTHORIZATION</u>

By returning this Ballot, the undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), it is the holder of the claim set forth in Item 1 above (or authorized signatory for such holder) and has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual holder of a claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request.

The undersigned further certifies that (a) it has received a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Solicitation Procedures Order[3] entered by the Court and provided with this Ballot.

Name: _____
              (Print or Type)

Social Security or Federal Tax I.D. No. _____

Signature: _____

---

[3] "Solicitation Procedures Order" means the Court's *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief.*

By: _____
                (If Appropriate)

Title: _____
                (If Appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Date Completed: _____

**If you wish to update the address pre-printed on this Ballot, please send a change of address request to Acetoballots@primeclerk.com.**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

The Debtors are soliciting your vote on the Plan described in and attached as <u>Exhibit A</u> to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein have the same meanings ascribed to them in the Plan.

**This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable non-bankruptcy law.**

No fees, commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan (other than fees and expenses of the Voting Agent as authorized by the Court).

To ensure your vote is counted, you must complete, sign and return this Ballot to the address set forth on the enclosed envelope provided or via Prime Clerk's E-Balloting Portal. Unsigned Ballots will not be counted, *provided that* Ballots validly submitted through the E-Balloting Portal bearing the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective.

Ballots must be received by the Voting Agent (i) at the following address: Aceto Corporation Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street,

Suite 1440, New York, NY 10165 or (ii) via Prime Clerk's E-Balloting Portal by **4:00 p.m. (Eastern Time) on August 30, 2019**. If a Ballot is received after the Voting Deadline it will not be counted. Delivery of a Ballot by facsimile, email or other electronic means other than Prime Clerk's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

(1)     Make sure that the information set forth in Item 1 is correct.

(2)     Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3)     Review the Third Party Release set forth in Item 3 and, if applicable, elect whether to opt out.

(4)     Read Item 4 carefully.

(5)     Provide the information required by Item 4.

(6)     Sign and date your Ballot.

(7)     If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)     Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Prime Clerk's E-Balloting Portal.

---

### If Submitting Your Vote Through the E-Balloting Portal

**Prime Clerk will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/aceto/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**Prime Clerk's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

| **If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery** |
|:---|
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br> **Aceto Corporation Ballot Processing**<br>**c/o Prime Clerk LLC**<br>**One Grand Central Place**<br>**60 East 42nd Street, Suite 1440**<br>**New York, NY 10165** <br>If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted. |

### PLEASE RETURN YOUR BALLOT PROMPTLY

If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, Disclosure Statement or related materials, please contact the Voting Agent by email at Acetoballots@primeclerk.com or by telephone at 844-216-7718 or visit https://cases.primeclerk.com/aceto. The Voting Agent is not authorized to provide legal advice.

**<u>Exhibit C-4</u>**

**Ballot for Class 3C
General Unsecured Claims Against Arsynco**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

**[Ballot to be Tailored to Include Name and Address of Claimant and Claim Amount]**

### BALLOT FOR CLASS 3C GENERAL UNSECURED CLAIMS
### AGAINST ARSYNCO

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are soliciting votes with respect to the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Plan").[2]  The Plan is attached as Exhibit A to the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Disclosure Statement").

This Ballot is being sent to the holders of Class 3C General Unsecured Claims Against Arsynco as classified under the Plan ("Class 3C General Unsecured Claims"). This Ballot is to be used by holders of Class 3C General Unsecured Claims to vote to accept or reject the Plan. The Plan is described in, and attached as Exhibit A to, the Disclosure Statement.  Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the District of New Jersey (the "Court") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "Bankruptcy Code"). Either way, if the Court confirms

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot by **4:00 p.m. (Eastern Time) on August 30, 2019** (the "<u>Voting Deadline</u>").

## IMPORTANT

**THE VOTING DEADLINE IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019.**

**YOU SHOULD REVIEW THE ACCOMPANYING DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

**PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS FOR RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR BALLOT <u>MUST BE RECEIVED</u> BY PRIME CLERK LLC (THE "<u>VOTING AGENT</u>") IS <u>4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019</u>, OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT <u>ACETOBALLOTS@PRIMECLERK.COM</u> OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

## HOW TO VOTE

1. REVIEW THE INFORMATION IN ITEM 1 AND CONFIRM IT IS CORRECT.
2. COMPLETE ITEM 2.
3. REVIEW THE THIRD PARTY RELEASE SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT OUT.
4. CAREFULLY REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 4.
5. SIGN THE BALLOT.
6. RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA PRIME CLERK'S E-BALLOTING PORTAL.

(*Note: Additional Instructions for Completing the Ballot are Set Forth Below*)

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Class 3C General Unsecured Claims, you must vote on all of your Class 3C General Unsecured Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Class 3C General Unsecured Claims may execute this Ballot, but must provide the name and address of the holder of such Class 3C General

Unsecured Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of such Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

---

### ITEM 1.    <u>CERTIFICATION OF AUTHORITY TO VOTE</u>

The undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), the undersigned is the holder (or authorized signatory for such holder) of a Class 3C General Unsecured Claim in the below-listed amount:

$_____

### ITEM 2.    <u>VOTE ON PLAN</u>

The undersigned holder of the Class 3C General Unsecured Claim set forth in Item 1 above votes as follows (**check one box only** — if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ to **ACCEPT** the Plan                    ☐ to **REJECT** the Plan

### ITEM 3.    <u>THIRD PARTY RELEASE AND OPT-OUT ELECTION</u>

<u>Section 9.05 of the Plan contains the following Third Party Release provisions:</u>

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sales, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance**

of doubt, the Plan Supplement), the Disclosure Statement, the Chemical Plus Purchase Agreement, the Pharma Purchase Agreement, the Sale Orders or related agreements, instruments, or other documents, the pursuit of the Sales, the pursuit of consummation of the Sales, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, *provided* that, nothing in this Section 9.05 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; *provided*, further, that notwithstanding anything to the contrary herein, the foregoing release shall not affect the releases granted to the applicable entities pursuant to the Final DIP Order or the Mutual Release Agreement; *provided, further,* that this release shall not (1) preclude the United States Securities and Exchange Commission from enforcing its regulatory or police powers or (2) operate to release any claims or causes of action held directly (but not derivatively) by the United States Securities and Exchange Commission against any non-Debtor person or non-Debtor entity; *provided, further,* that this release shall not release any Securities Claims with respect to the Specified Individuals, provided that any such claims and any judgment or recoveries arising therefrom by Holders of Securities Claims shall be subject to and limited by Section 9.08. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of claims released by the Third Party Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Third Party Release.

The definition of "Released Parties" in the Plan is as follows:

"Released Parties" means, collectively, each of the following solely in their respective capacities as such: (a) the Debtors' current officers, directors, and managers (or any of the Debtors' officers, directors and managers that served as such during or immediately prior to the Chapter 11 Cases); (b) the Debtors' Professionals; (c) the Creditors' Committee's Professionals; (d) current and former members of the Creditors' Committee, but solely in their capacities as such and not in any other capacity; (e) the Notes Indenture Trustee; and (f) with respect to each of the foregoing entities in clauses (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns,

Affiliates, subsidiaries, divisions, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case solely in their capacity as such. For the avoidance of doubt, and notwithstanding anything herein to the contrary, in no event shall holders of Interests in Aceto be considered "Released Parties" on account of such Interests.

The definition of "Releasing Parties" in the Plan is as follows:

"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties identified in subsections (a)–(d) of the definition of "Released Parties"; (b) all Holders of Claims that vote to accept the Plan; (c) all Holders of Claims entitled to vote on the Plan who abstain from voting on the Plan and abstain from electing on their ballot to opt-out of the Third Party Release; (d) all Holders of Claims that vote to reject the Plan but do not elect on their ballot to opt-out of the Third Party Release; and (e) with respect to each of the foregoing entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such; provided, however, that holders of Interests in Aceto shall not be considered "Releasing Parties" solely on account of such Interests.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO ACCEPT</u> THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN WHO <u>ABSTAIN FROM VOTING AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO REJECT THE PLAN AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE THIRD PARTY RELEASE CONTAINED IN

**SECTION 9.05 OF THE PLAN.   OTHERWISE, <u>YOU MAY ELECT TO OPT OUT</u> OF AND WITHHOLD CONSENT TO THE THIRD PARTY RELEASE BY CHECKING THE BOX BELOW.**

**YOUR DECISION WHETHER OR NOT TO OPT OUT OF THE THIRD PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTIONS, IF ANY, UNDER THE PLAN.**

**IF YOU SUBMIT THIS BALLOT WITHOUT CHECKING THE BOX BELOW, OR YOU DO NOT TIMELY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.**

☐ **The undersigned elects to opt out of the Third Party Release contained in Section 9.05 of the Plan.**

## ITEM 4.      <u>AUTHORIZATION</u>

By returning this Ballot, the undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), it is the holder of the claim set forth in Item 1 above (or authorized signatory for such holder) and has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual holder of a claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request.

The undersigned further certifies that (a) it has received a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Solicitation Procedures Order[3] entered by the Court and provided with this Ballot.

Name: _____
          (Print or Type)

Social Security or Federal Tax I.D. No. _____

Signature: _____

---

[3] "Solicitation Procedures Order" means the Court's *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief.*

By: _____
               (If Appropriate)

Title: _____
               (If Appropriate)

Street Address: _____


City, State, Zip Code: _____


Telephone Number: _____


Date Completed: _____

      **If you wish to update the address pre-printed on this Ballot, please send a change of address request to Acetoballots@primeclerk.com.**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

      The Debtors are soliciting your vote on the Plan described in and attached as <u>Exhibit A</u> to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein have the same meanings ascribed to them in the Plan.

      **This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable non-bankruptcy law.**

      No fees, commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan (other than fees and expenses of the Voting Agent as authorized by the Court).

      To ensure your vote is counted, you must complete, sign and return this Ballot to the address set forth on the enclosed envelope provided or via Prime Clerk's E-Balloting Portal. Unsigned Ballots will not be counted, *provided that* Ballots validly submitted through the E-Balloting Portal bearing the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective.

      Ballots must be received by the Voting Agent (i) at the following address: Aceto Corporation Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 or (ii) via Prime Clerk's E-Balloting Portal by **4:00 p.m. (Eastern Time) on August 30, 2019**. If a Ballot is received after the Voting Deadline it will not

be counted. Delivery of a Ballot by facsimile, email or other electronic means other than Prime Clerk's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

(1)    Make sure that the information set forth in Item 1 is correct.

(2)    Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3)    Review the Third Party Release set forth in Item 3 and, if applicable, elect whether to opt out.

(4)    Read Item 4 carefully.

(5)    Provide the information required by Item 4.

(6)    Sign and date your Ballot.

(7)    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)    Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Prime Clerk's E-Balloting Portal.

---

### If Submitting Your Vote Through the E-Balloting Portal

**Prime Clerk will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/aceto/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Prime Clerk's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

| **If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery** |
|---|
| Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:<br><br>**Aceto Corporation Ballot Processing**<br>**c/o Prime Clerk LLC**<br>**One Grand Central Place**<br>**60 East 42nd Street, Suite 1440**<br>**New York, NY 10165**<br><br>If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted. |

### PLEASE RETURN YOUR BALLOT PROMPTLY

If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, Disclosure Statement or related materials, please contact the Voting Agent by email at Acetoballots@primeclerk.com or by telephone at 844-216-7718 or visit https://cases.primeclerk.com/aceto. The Voting Agent is not authorized to provide legal advice.

## **Exhibit C-5**

**Ballot for Class 3D**
**General Unsecured Claims Against Acci Realty**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>ACETO CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-13448 (VFP)<br><br>(Jointly Administered) |

**[Ballot to be Tailored to Include Name and Address of Claimant and Claim Amount]**

### BALLOT FOR CLASS 3D GENERAL UNSECURED CLAIMS
### AGAINST ACCI REALTY

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are soliciting votes with respect to the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Plan").[2]  The Plan is attached as Exhibit A to the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Disclosure Statement").

This Ballot is being sent to the holders of Class 3D General Unsecured Claims Against Acci Realty as classified under the Plan ("Class 3D General Unsecured Claims"). This Ballot is to be used by holders of Class 3D General Unsecured Claims to vote to accept or reject the Plan. The Plan is described in, and attached as Exhibit A to, the Disclosure Statement.  Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the District of New Jersey (the "Court") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "Bankruptcy Code"). Either way, if the Court confirms

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

the Plan, it will be binding on you. To have your vote count, you must complete and return this Ballot by **4:00 p.m. (Eastern Time) on August 30, 2019** (the "<u>Voting Deadline</u>").

## IMPORTANT

**THE VOTING DEADLINE IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019.**

**YOU SHOULD REVIEW THE ACCOMPANYING DISCLOSURE STATEMENT AND PLAN FOR A DESCRIPTION OF THE PLAN AND ITS EFFECTS ON HOLDERS OF CLAIMS AGAINST THE DEBTORS BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

**PLEASE READ CAREFULLY AND FOLLOW THE INSTRUCTIONS FOR RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR BALLOT <u>MUST BE RECEIVED</u> BY PRIME CLERK LLC (THE "<u>VOTING AGENT</u>") IS <u>4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019</u>, OR THE VOTE REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY EMAIL AT <u>ACETOBALLOTS@PRIMECLERK.COM</u> OR BY TELEPHONE AT 844-216-7718. THE VOTING AGENT IS NOT AUTHORIZED TO PROVIDE LEGAL ADVICE.**

## HOW TO VOTE

1. REVIEW THE INFORMATION IN ITEM 1 AND CONFIRM IT IS CORRECT.
2. COMPLETE ITEM 2.
3. REVIEW THE THIRD PARTY RELEASE SET FORTH IN ITEM 3 AND, IF APPLICABLE, SELECT WHETHER TO OPT OUT.
4. CAREFULLY REVIEW AND COMPLETE THE CERTIFICATIONS CONTAINED IN ITEM 4.
5. SIGN THE BALLOT.
6. RETURN THE ORIGINAL BALLOT IN THE PRE-ADDRESSED, POSTAGE-PREPAID ENVELOPE OR VIA PRIME CLERK'S E-BALLOTING PORTAL.

(*Note: Additional Instructions for Completing the Ballot are Set Forth Below*)

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you shall be deemed to have voted the full amount of your claim. You may not split your vote. If you are submitting a vote with respect to any of your Class 3D General Unsecured Claims, you must vote on all of your Class 3D General Unsecured Claims in the same way (*i.e.*, all "Accepts" or all "Rejects").

An authorized signatory of the holder of Class 3D General Unsecured Claims may execute this Ballot, but must provide the name and address of the holder of such Class 3D General

Unsecured Claims on this Ballot and may be required to submit evidence to the Court demonstrating such signatory's authorization to vote on behalf of such Claims.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

---

## ITEM 1.      CERTIFICATION OF AUTHORITY TO VOTE

The undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), the undersigned is the holder (or authorized signatory for such holder) of a Class 3D General Unsecured Claim in the below-listed amount:

$_____

## ITEM 2.      VOTE ON PLAN

The undersigned holder of the Class 3D General Unsecured Claim set forth in Item 1 above votes as follows (**check one box only** — if you do not check a box, or if you check both boxes, your vote will not be counted):

☐ to **ACCEPT** the Plan              ☐ to **REJECT** the Plan

## ITEM 3.      THIRD PARTY RELEASE AND OPT-OUT ELECTION

Section 9.05 of the Plan contains the following Third Party Release provisions:

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended after the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived, and discharged each Released Party from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' in- or out-of-court restructuring and sale efforts, the Chapter 11 Cases, the Sales, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, preparation, dissemination and filing of the Plan (including, for the avoidance**

of doubt, the Plan Supplement), the Disclosure Statement, the Chemical Plus Purchase Agreement, the Pharma Purchase Agreement, the Sale Orders or related agreements, instruments, or other documents, the pursuit of the Sales, the pursuit of consummation of the Sales, the pursuit of Confirmation of the Plan, the pursuit of consummation of the Plan, the administration and implementation of the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date of the Plan, *provided* that, nothing in this Section 9.05 shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; *provided*, further, that notwithstanding anything to the contrary herein, the foregoing release shall not affect the releases granted to the applicable entities pursuant to the Final DIP Order or the Mutual Release Agreement; *provided, further,* that this release shall not (1) preclude the United States Securities and Exchange Commission from enforcing its regulatory or police powers or (2) operate to release any claims or causes of action held directly (but not derivatively) by the United States Securities and Exchange Commission against any non-Debtor person or non-Debtor entity; *provided, further,* that this release shall not release any Securities Claims with respect to the Specified Individuals, provided that any such claims and any judgment or recoveries arising therefrom by Holders of Securities Claims shall be subject to and limited by Section 9.08. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any post-Effective Date obligation or liability of any Entity under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties, (2) a good-faith settlement and compromise of claims released by the Third Party Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property, released pursuant to the Third Party Release.

The definition of "Released Parties" in the Plan is as follows:

"Released Parties" means, collectively, each of the following solely in their respective capacities as such: (a) the Debtors' current officers, directors, and managers (or any of the Debtors' officers, directors and managers that served as such during or immediately prior to the Chapter 11 Cases); (b) the Debtors' Professionals; (c) the Creditors' Committee's Professionals; (d) current and former members of the Creditors' Committee, but solely in their capacities as such and not in any other capacity; (e) the Notes Indenture Trustee; and (f) with respect to each of the foregoing entities in clauses (a) through (e), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns,

Affiliates, subsidiaries, divisions, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case solely in their capacity as such. For the avoidance of doubt, and notwithstanding anything herein to the contrary, in no event shall holders of Interests in Aceto be considered "Released Parties" on account of such Interests.

The definition of "Releasing Parties" in the Plan is as follows:

"Releasing Parties" means, collectively, each of the following in their respective capacities as such: (a) the Released Parties identified in subsections (a)–(d) of the definition of "Released Parties"; (b) all Holders of Claims that vote to accept the Plan; (c) all Holders of Claims entitled to vote on the Plan who abstain from voting on the Plan and abstain from electing on their ballot to opt-out of the Third Party Release; (d) all Holders of Claims that vote to reject the Plan but do not elect on their ballot to opt-out of the Third Party Release; and (e) with respect to each of the foregoing entities in clauses (a) through (d), such Entity and its current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, assigns, Affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, managing members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such; provided, however, that holders of Interests in Aceto shall not be considered "Releasing Parties" solely on account of such Interests.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO ACCEPT</u> THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN WHO <u>ABSTAIN FROM VOTING AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

ALL HOLDERS OF CLAIMS WHO <u>VOTE TO REJECT THE PLAN AND DO NOT ELECT TO OPT OUT</u> OF THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN SHALL BE DEEMED TO HAVE CONSENTED TO AND <u>PROVIDED THE THIRD PARTY RELEASE</u> CONTAINED IN SECTION 9.05 OF THE PLAN.

IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE CONSENTED TO AND PROVIDED THE THIRD PARTY RELEASE CONTAINED IN

**SECTION 9.05 OF THE PLAN.  OTHERWISE, <u>YOU MAY ELECT TO OPT OUT</u> OF AND WITHHOLD CONSENT TO THE THIRD PARTY RELEASE BY CHECKING THE BOX BELOW.**

**YOUR DECISION WHETHER OR NOT TO OPT OUT OF THE THIRD PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTIONS, IF ANY, UNDER THE PLAN.**

**IF YOU SUBMIT THIS BALLOT WITHOUT CHECKING THE BOX BELOW, OR YOU DO NOT TIMELY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN SECTION 9.05 OF THE PLAN.**

---

☐ **The undersigned elects to opt out of the Third Party Release contained in Section 9.05 of the Plan.**

---

## ITEM 4.    <u>AUTHORIZATION</u>

By returning this Ballot, the undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), it is the holder of the claim set forth in Item 1 above (or authorized signatory for such holder) and has full power and authority to vote to accept or to reject the Plan. To the extent the undersigned is voting on behalf of the actual holder of a claim, the undersigned certifies that it has the requisite authority to do so and will submit evidence of the same upon request.

The undersigned further certifies that (a) it has received a copy of the Disclosure Statement (including the exhibits thereto), and (b) understands that the solicitation and tabulation of votes on the Plan is subject to the terms and conditions of the Solicitation Procedures Order[3] entered by the Court and provided with this Ballot.

Name: _____
        (Print or Type)

Social Security or Federal Tax I.D. No. _____

Signature: _____

---

[3] "Solicitation Procedures Order" means the Court's *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief.*

-6-

By: _____
           (If Appropriate)

Title: _____
           (If Appropriate)

Street Address: _____


City, State, Zip Code: _____


Telephone Number: _____


Date Completed: _____

      **If you wish to update the address pre-printed on this Ballot, please send a change of address request to Acetoballots@primeclerk.com.**

### <u>INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

      The Debtors are soliciting your vote on the Plan described in and attached as <u>Exhibit A</u> to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein have the same meanings ascribed to them in the Plan.

      **This Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity or amount of any claim. The Debtors reserve their right to object to allowance of any claim on any grounds under the Bankruptcy Code and applicable non-bankruptcy law.**

      No fees, commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan (other than fees and expenses of the Voting Agent as authorized by the Court).

      To ensure your vote is counted, you must complete, sign and return this Ballot to the address set forth on the enclosed envelope provided or via Prime Clerk's E-Balloting Portal. Unsigned Ballots will not be counted, *provided that* Ballots validly submitted through the E-Balloting Portal bearing the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective.

      Ballots must be received by the Voting Agent (i) at the following address: Aceto Corporation Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165 or (ii) via Prime Clerk's E-Balloting Portal by **<u>4:00 p.m. (Eastern Time) on August 30, 2019</u>**. If a Ballot is received after the Voting Deadline it will not

be counted. Delivery of a Ballot by facsimile, email or other electronic means other than Prime Clerk's E-Balloting Portal will not be accepted.

To complete this Ballot properly, take the following steps:

(1)    Make sure that the information set forth in Item 1 is correct.

(2)    Cast your vote to either accept or reject the Plan by checking the proper box in Item 2.

(3)    Review the Third Party Release set forth in Item 3 and, if applicable, elect whether to opt out.

(4)    Read Item 4 carefully.

(5)    Provide the information required by Item 4.

(6)    Sign and date your Ballot.

(7)    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(8)    Return the Ballot using the enclosed pre-addressed, postage-prepaid return envelope or via Prime Clerk's E-Balloting Portal.

---

**If Submitting Your Vote Through the E-Balloting Portal**

**Prime Clerk will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.primeclerk.com/aceto/, click on the "Submit E-Ballot" section of the website, and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**Prime Clerk's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**

**Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**

**If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.**

---

---

**If Submitting Your Vote by First Class Mail, Overnight Courier, or Hand Delivery**

Please complete and execute your ballot and submit it by first class mail in the enclosed postage prepaid envelope or by sending it to the following address:

**Aceto Corporation Ballot Processing**
**c/o Prime Clerk LLC**
**One Grand Central Place**
**60 East 42nd Street, Suite 1440**
**New York, NY 10165**

If your Ballot is not received by Prime Clerk on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted.

---

**PLEASE RETURN YOUR BALLOT PROMPTLY**

      If you have any questions regarding this Ballot or the voting procedures, or wish to receive a copy of the Plan, Disclosure Statement or related materials, please contact the Voting Agent by email at Acetoballots@primeclerk.com or by telephone at 844-216-7718 or visit https://cases.primeclerk.com/aceto. The Voting Agent is not authorized to provide legal advice.

**<u>Exhibit C-6</u>**

**Master Ballot for Class 3A**
**General Unsecured Claims of Noteholders**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 (VFP) |
| Debtors. | (Jointly Administered) |

## MASTER BALLOT FOR CLASS 3A
## GENERAL UNSECURED CLAIMS OF NOTEHOLDERS

## (CUSIP NO. 004446AD2 / ISIN US004446AD25)

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") are soliciting votes with respect to the *Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Plan").[2]  The Plan is attached as Exhibit A to the *Second Modified Disclosure Statement for the Second Modified Joint Plan of Liquidation of Aceto Corporation and Its Affiliated Debtors* [Doc. No. [●]] (as the same may be amended, supplemented or otherwise modified, the "Disclosure Statement"). Please refer to the voting instructions herein. If you have questions about how to properly complete this master ballot (the "Master Ballot"), please contact the Debtors' voting agent, Prime Clerk LLC (the "Voting Agent"), at 844-216-7718, or by email at Acetoballots@primeclerk.com.

This Master Ballot is being sent to brokers, commercial banks, transfer agents, trust companies, dealers or other intermediaries or nominees (each, a "Nominee") on behalf of the beneficial holders (the "Beneficial Holders") holding claims (the "Notes Claims") arising under the 2.00% Convertible Senior Notes with a maturity date of November 1, 2020 (CUSIP NO. 004446AD2 / ISIN US004446AD25) (the "Notes") issued pursuant to that certain Indenture, dated as of November 16, 2015, among Aceto Corporation and Wilmington Trust, National Association, as successor Trustee. The Plan classifies the Notes Claims as Class 3A General Unsecured Claims Against the Aceto Chemical Plus Debtors.

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

This Master Ballot is to be used by each Nominee to summarize the individual votes of its respective Beneficial Holders from their Beneficial Holder Ballots. Confirmation of the Plan requires the affirmative vote to accept the Plan from the holders of at least two-thirds in dollar amount and more than one-half in number of claims in each Class that actually vote on the Plan. If the requisite acceptances, however, are not obtained, the United States Bankruptcy Court for the District of New Jersey (the "Court") may nonetheless confirm the Plan, if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of sections 1129(a)(10) and 1129(b) of title 11 of the United States Code (the "Bankruptcy Code"). To have the votes of the Beneficial Holders count, you must complete and return this Master Ballot by **4:00 p.m. (Eastern Time) on August 30, 2019** (the "Voting Deadline").

## IMPORTANT

**PLEASE READ CAREFULLY AND FOLLOW THE ATTACHED INSTRUCTIONS ON RETURNING THE MASTER BALLOT. THE VOTING DEADLINE BY WHICH THIS MASTER BALLOT MUST BE RECEIVED BY THE VOTING AGENT IS 4:00 P.M. (EASTERN TIME) ON AUGUST 30, 2019, OR THE BENEFICIAL HOLDERS' VOTES REPRESENTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT AT BY EMAIL AT ACETOBALLOTS@PRIMECLERK.COM OR BY TELEPHONE AT 844-216-7718.**

---

**ITEM 1.**        **CERTIFICATION OF AUTHORITY TO VOTE**

The undersigned hereby certifies that as of July 18, 2019 (the record date for voting on the Plan established by the Court), the undersigned (please check appropriate box):

☐        Is a Nominee for the Beneficial Holders of the aggregate principal amount of Notes Claims listed in Items 2 and 3 below, and is the registered holder of the corresponding Notes; or

☐        Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate principal amount of Notes Claims listed in Items 2 and 3 below; or

☐        Has been granted a proxy (an original of which is attached hereto) from a Nominee or Beneficial Holder, that is the registered holder of the aggregate principal amount of Notes Claims listed in Item 2 below, and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of Notes Claims described in Item 2 below.

**ITEM 2.**    **TRANSMITTAL OF VOTES FROM INDIVIDUAL BENEFICIAL BALLOTS**

The undersigned transmits the following votes of Beneficial Holders in respect of their Notes Claims, and certifies that the following Beneficial Holders of Notes Claims, as identified by their respective customer account numbers set forth below, are Beneficial Holders as of July 18, 2019 (the record date for voting on the Plan established by the Court), and have delivered to the undersigned, as Nominee, Beneficial Holder Ballots casting such votes. Indicate in the appropriate column the aggregate principal amount of Notes Claims voted for each account, or attach such information to the Master Ballot in the form of the following table. Each Beneficial Holder must vote all his, her or its Notes Claims to accept or reject the Plan and may not split such vote.

| Your Customer Account Number for Each Beneficial Holder of the Notes Claims and Name of Each Beneficial Holder Voting on the Plan | Principal Amount of Notes Claims Voted to **ACCEPT THE PLAN\*** | Principal Amount of Notes Claims Voted to **REJECT THE PLAN\*** | Beneficial Holder Checked the Box to Opt Out of the Third Party Release Contained in Section 9.05 of the Plan |
|---|---|---|---|
| 1. | $ | $ | |
| 2. | $ | $ | |
| 3. | $ | $ | |
| 4. | $ | $ | |
| TOTALS | $ | $ | |

If space provided is insufficient, attach additional sheets in the same format.

\* Please note that each Beneficial Holder must vote all of his, her or its Claims either to accept or to reject the Plan and may not split such vote.

-3-

**ITEM 3.**      <u>**ADDITIONAL BALLOTS SUBMITTED BY BENEFICIAL HOLDERS**</u>

      The undersigned certifies that the following information is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Beneficial Ballot received from a Beneficial Holder of the Notes.

| Customer Name and/or Account Number for Each Beneficial Holder of Notes Claims That Completed Item 3 | Principal Amount of Other Senior Notes Claims Voted | Principal Amount of Other Notes Claims Voted to **ACCEPT THE PLAN**\* | Principal Amount of Other Notes Claims Voted to **REJECT THE PLAN**\* |
|---|---|---|---|
| 1. | $ | $ | $ |
| 2. | $ | $ | $ |
| 3. | $ | $ | $ |
| 4. | $ | $ | $ |

If space provided is insufficient, attach additional sheets in the same format.

\* Please note that each Beneficial Holder must vote all of his, her or its Claims either to accept or to reject the Plan and may not split such vote.

**ITEM 4.**    <u>**CERTIFICATION**</u>

By signing this Master Ballot, the undersigned certifies that: (a) each Beneficial Holder of Notes Claims whose votes are being transmitted by this Master Ballot has been provided with a copy of the Plan, Disclosure Statement, Solicitation Procedures Order[3] entered by the Court and a Beneficial Ballot for voting its Claims; (b) it is the registered holder of the Notes to which this Master Ballot pertains and/or has full power and authority to vote to accept or reject the Plan; (c) it received a properly completed and signed Beneficial Ballot from each Beneficial Holder listed above; and (d) it accurately transcribed all applicable information from the Beneficial Ballots received from each Beneficial Holder. The undersigned also acknowledges that the solicitation of this vote to accept or reject the Plan is subject to all the terms and conditions set forth in the Solicitation Procedures Order.

_____

Name of Voting Nominee

_____

Participant Number

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Date Completed

---

[3] "Solicitation Procedures Order" means the Court's *Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing to Consider the Adequacy of the Disclosure Statement and Confirmation of the Plan; (III) Approving the Form and Manner of Notice of the Combined Hearing; (IV) Establishing Deadlines and Procedures for Filing Objections to Confirmation of the Plan; (V) Establishing Deadlines and Procedures for Voting on the Plan; (VI) Approving Solicitation Procedures; (VII) Establishing Procedures for Tabulation of Votes; and (VIII) Granting Related Relief.*

## **INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

The Debtors are soliciting your vote on the Plan described in and attached as <u>Exhibit A</u> to the Disclosure Statement. Please review the Disclosure Statement and Plan carefully before you complete the Master Ballot. Unless otherwise defined, capitalized terms used herein have the same meanings ascribed to them in the Plan.

The Master Ballot is to be used by the Nominees of Beneficial Holders of Notes Claims or the Nominee's agent. The Master Ballot must summarize votes cast by Beneficial Holders to accept or reject the Plan pursuant to the Beneficial Holder Ballot. **The Master Ballot does not constitute and shall not be deemed to constitute (a) a proof of claim; (b) an amendment to a proof of claim; (c) an assertion of a claim or a waiver of any bar date or deadline to file a proof of claim; or (d) an admission by the Debtors of the nature, validity or amount of any claim. This Master Ballot is not a letter of transmittal and may not be used for any other purpose than to cast votes to accept or reject the Plan.**

You must deliver the Beneficial Holder Ballot to each Beneficial Holder for whom you hold Notes no later than five business days after the receipt of the solicitation materials from the Voting Agent, and take any action required to enable such Beneficial Holder to timely vote his, her or its Notes Claims to accept or reject the Plan. With regard to Beneficial Holder Ballots returned to you, you must (1) execute the Master Ballot so as to reflect the voting instructions given to you in the Beneficial Holder Ballots by the Beneficial Holders for whom you hold Notes and (2) forward such Master Ballots to the Voting Agent.

Multiple Master Ballots may be completed and delivered to the Voting Agent. Votes received by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last valid Master Ballot(s) received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot(s). If more than one Master Ballot is submitted and the later Master Ballot(s) supplements rather than supersedes earlier Master Ballot(s), please mark the subsequent Master Ballot(s) with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote.

To have the votes of your customers count, you must complete, sign and return this Master Ballot so that it is **RECEIVED** by the Voting Agent by **4:00 p.m. (Eastern Time) on August 30, 2019** at the following address:

Aceto Corporation Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165

Or via email to: Acetoballots@primeclerk.com

If a Master Ballot is received after the Voting Deadline it will not be counted. Unsigned Master Ballots will not be counted.

## PLEASE MAIL YOUR MASTER BALLOT PROMPTLY

To complete the Master Ballot properly, take the following steps:

(1)    Check the appropriate box in Item 1 on the Master Ballot.

(2)    Transcribe the votes from the Beneficial Ballots in Item 2 and indicate whether each Beneficial Holder voted to accept or reject the Plan and whether each Beneficial Holder elected to opt out of the Third Party Release in Section 9.05 of the Plan.

(3)    In Item 3, transcribe any information contained in Item 3 of the Beneficial Holder Ballots. To identify Beneficial Holders without disclosing their names, please use the customer account number assigned by you to each such Beneficial Holder, or if no such customer account exists, please assign a number to each account. (making sure to retain a separate list of Beneficial Holders and the assigned number). Important: Each Beneficial Holder must vote all of its Notes Claims either to accept or reject the Plan, and may not split votes. If any Beneficial Holder has attempted to split such vote, please contact the Voting Agent immediately. Any Ballot or Master Ballot that is signed, dated and timely received, but does not indicate acceptance or rejection of the Plan will not be counted for purposes of voting on the Plan.

(4)    Review the certification in Item 4 of the Master Ballot.

(5)    Sign and date the Master Ballot and provide the remaining information requested.

(6)    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item on the Master Ballot to which you are responding.

(7)    Contact the Voting Agent at Acetoballots@primeclerk.com or by telephone at 844-216-7718 if you need additional information.

(8)    Deliver the completed, executed Master Ballot so as to be received by the Voting Agent at the address listed above before the Voting Deadline.  For each completed, executed Beneficial Holder Ballot returned to you by a Beneficial Holder, retain such ballot in your files for one year from the Voting Deadline.

No fees, commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan (other than fees and expenses of the Voting Agent as authorized by the Court).

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENT ON BEHALF OF THE DEBTORS, THE VOTING AGENT OR ANY OTHER PERSON WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE PLAN, THE DISCLOSURE STATEMENT AND RELATED**

**DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT AT 844-216-7718.**