UNITED STATES BANKRUPTCY COURT
DISTRICT OF New Jersey
**Caption in Compliance with D.N.J. LBR 9004-1**

---

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068 (973)
597-2500 (Telephone)(973) 597-2400
(Facsimile)

*Counsel for the Liquidating Debtors*



**Order Filed on June 7, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

---

In re:

Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*,[1]

Liquidating Debtors.

Chapter 11

Case No. 19-13448 (VFP)

(Jointly Administered)

---

**STIPULATION AND CONSENT ORDER RESOLVING (A) CLAIM NO.
191 FILED BY BERRY'S CREEK STUDY AREA COOPERATING PRP GROUP, (B) CLAIM NO. 261 FILED BY
THE UNITED STATES OF AMERICA, ON BEHALF OF THE ENVIRONMENTAL PROTECTION AGENCY,
UNITED STATES DEPARTMENT OF COMMERCE ACTING THROUGH THE NATIONAL OCEANIC AND
ATMOSPHERIC ADMINISTRATION, AND UNITED STATES DEPARTMENT OF THE INTERIOR, AND (C)
CLAIM NO. 264 FILED BY NEW JERSEY <u>DEPARTMENT OF ENVIRONMENTAL PROTECTION</u>**

The relief set forth on the following pages, numbered two (2) through twenty-five (25), is hereby **ORDERED**.

**DATED: June 7, 2021**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The Liquidating Debtors in these chapter 11 cases and the last four digits of each Liquidating Debtor's taxpayer identification number are as follows: Tri Harbor Holdings Corporation (f/k/a Aceto Corporation) (0520); Tri Harbor Chemical Holdings LLC (*f/k/a* Aceto Agricultural Chemicals LLC, *f/k/a* Aceto Agricultural Chemicals Corporation) (3948); Tri Harbor Realty LLC (*f/k/a* Aceto Realty LLC) (7634); Kavod Pharmaceuticals LLC (*f/k/a* Rising Pharmaceuticals, LLC, *f/k/a* Rising Pharmaceuticals, Inc.) (7959); Kavod Health LLC (f/k/a Rising Health, LLC) (1562); Kavris Health LLC (*f/k/a* Acetris Health, LLC) (3236); KAVACK Pharmaceuticals LLC (*f/k/a* PACK Pharmaceuticals, LLC) (2525); Arsynco, Inc. (7392) ("<u>Arsynco</u>"); and Acci Realty Corp. (4433).

Page:       2
Debtor:     Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:   19-13448 (VFP)
Caption:    Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
            Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
            America, On Behalf Of The Environmental Protection Agency, United States
            Department Of Commerce Acting Through The National Oceanic And Atmospheric
            Administration, And United States Department Of The Interior, And (c) Claim No. 264
            Filed By New Jersey Department Of Environmental Protection

WHEREAS, each of the above-captioned liquidating debtors (the "Liquidating Debtors") filed with the United States Bankruptcy Court for the District of New Jersey ("the Bankruptcy Court") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which cases have been jointly administered as *In re: Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), et al.,* Case No. 19-13448 (VFP) (the "Bankruptcy Case");

WHEREAS, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), the United States Department of Commerce acting through the National Oceanic and Atmospheric Administration ("NOAA"), and the United States Department of the Interior ("DOI") (with the DOI, EPA, and NOAA, collectively referred to herein as the "United States") has filed a proof of claim (Claim No. 261) (the "United States Proof of Claim"), contending, *inter alia*, that one of the Liquidating Debtors, Arsynco, Inc. ("Arsynco" or the "Debtor") is liable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, for the recovery of: (i) response costs incurred or to be incurred by the United States; and (ii) natural resource damages and assessment costs.  The United States Proof of Claim covers claims by the United States concerning multiple sites:

a. The Berry's Creek Study Area ("BCSA") operable unit of the Ventron/Velsicol Superfund Site, located in Bergen County, New Jersey; and

Page:        3
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

b. A 12.3-acre parcel of property located at 511 13th Street in Carlstadt, New Jersey

(the "Carlstadt Property" or "Former Arsynco Facility").

WHEREAS, the United States Proof of Claim sets forth the United States' position that

the Debtor's obligation to comply with work obligations, including but not limited to cleanup

obligations with respect to the Former Arsynco Facility, under court orders, administrative

orders, environmental statutes, regulations, licenses, and permits is not a claim under 11 U.S.C.

§ 101(5) and therefore is not subject to discharge pursuant to Section 1141 of the Bankruptcy

Code;

WHEREAS, the New Jersey Department of Environmental Protection (the "State" or

"New Jersey") has filed a proof of claim (Claim No. 264) ("New Jersey Proof of Claim")

contending, *inter alia*, that Arsynco is liable under applicable federal and state environmental

statutes and regulations including the New Jersey Spill Compensation and Control Act ("Spill

Act"), N.J.S.A. 58:10-23.11 to -23.24, CERCLA, 42 U.S.C. §§ 9601-9675, for, among other

things, natural resource damages, remediation costs, and assessment costs in connection with the

BCSA and/or the Former Arsynco Facility.

WHEREAS, the Berry's Creek Study Area Cooperating PRP Group (the "PRP Group"),[2]

implementing response actions at the BSCA, has filed a proof of claim (Claim No. 191, the "PRP

---

[2] A list of the Group Members as of the time of the filing of the PRP Group Proof of Claim is attached to the PRP Proof of Claim.

Page:       4
Debtor:     Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:   19-13448 (VFP)
Caption:    Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
            Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
            America, On Behalf Of The Environmental Protection Agency, United States
            Department Of Commerce Acting Through The National Oceanic And Atmospheric
            Administration, And United States Department Of The Interior, And (c) Claim No. 264
            Filed By New Jersey Department Of Environmental Protection

Group Proof of Claim", and together with the United States Proof of Claim and the New Jersey

Proof of Claim, collectively, the "Proofs of Claim") contending, *inter alia*, that Arsynco is liable

under CERCLA, 42 U.S.C. §§ 9601-9675 for response action, response costs, and damages for

injuries to natural resources at the BCSA.

WHEREAS, each of the Proofs of Claim asserts the aforementioned liabilities as general

unsecured claims against Debtor Arsynco;

WHEREAS, the Liquidating Debtors disagree with the contentions set forth in each of

the Proofs of Claim and, but for this Settlement Agreement, would dispute, in whole or in part,

any liability with respect the Proofs of Claim;

WHEREAS, the Liquidating Debtors, the United States, the PRP Group, and New Jersey

(collectively, the "Parties") wish to resolve the liabilities asserted in the Proofs of Claim as

provided herein;

WHEREAS, other than the Proofs of Claim (which claims are being resolved as set forth

herein), only two other parties, JMC Environmental Consultants, Inc. ("JMC") and James Dillon

("Dillon"), have filed and hold allowed Class 3C General Unsecured Claims against Arsynco

under and pursuant to the Liquidating Debtors' *Second Modified Joint Plan of Liquidation of*

*Aceto Corporation and its Affiliated Debtors* [Docket No. 757] dated as of July 23, 2019 (the

Page:        5
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

"Plan"),[3] as confirmed by an order entered by this Court on September 18, 2019 [Docket No.
996] (the "Confirmation Order");

WHEREAS, JMC holds an allowed Class 3C General Unsecured Claim, Claim No. 63, in
the amount of $1,750.00 (the "Allowed JMC Claim") and Dillon holds an allowed Class 3C
General Unsecured Claim, Claim No. 126, in the amount of $2,369.25 (the "Allowed Dillon
Claim", and together with the Allowed JMC Claim, collectively, the "Allowed Arsynco Service
Claims");

WHEREAS, as of the date hereof, the Arsynco Net Distributable Assets available for
distribution to holders of allowed Class 3C General Unsecured Claims against Arsynco consists
of cash in the approximate amount of $538,965.64 (the "Arsynco GUC Reserve") and it is not
anticipated that this cash will be converted to any other type of asset;

WHEREAS, this Settlement Agreement is in the public interest and is an appropriate
means of resolving these matters;

NOW, THEREFORE, without any admission of liability by Arsynco or any of the other
Liquidating Debtors or the deemed adjudication of any issue of fact or law, and upon the consent
and agreement of the Parties to this Settlement Agreement by their attorneys and authorized
officials, and solely for purposes of this Bankruptcy Case and resolving the Proofs of Claim and
related liabilities asserted therein, the Parties hereby agree as follows:

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term under the Plan.

Page:       6
Debtor:     Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:   19-13448 (VFP)
Caption:    Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
            Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
            America, On Behalf Of The Environmental Protection Agency, United States
            Department Of Commerce Acting Through The National Oceanic And Atmospheric
            Administration, And United States Department Of The Interior, And (c) Claim No. 264
            Filed By New Jersey Department Of Environmental Protection

1.      The Bankruptcy Court has jurisdiction over the subject matter hereof pursuant to 28 U.S.C. §§ 157, 1331, and 1334, and 42 U.S.C. §§ 9607 and 9613(b).

2.      With respect to the Proof of Claims asserted against Arsynco with respect to the BCSA and the Former Arsynco Facility:

> a.    the United States, on behalf of EPA, shall have an allowed general unsecured claim in the amount of $9,566,000 for asserted response costs (the "EPA Allowed Claim"), which claim shall be allowed solely against the estate of Arsynco as a Class 3C General Unsecured Claim under and satisfied pursuant to the Plan; and

> b.    the United States, on behalf of DOI and NOAA, and the State of New Jersey, collectively the "Trustees", shall have an allowed claim of $8,215,000 for asserted natural resource damages (the "NRD Allowed Claim"), which claim shall be allowed solely against the estate of Arsynco as a Class 3C General Unsecured Claim under and satisfied pursuant to the Plan.

> c.    The above distributions to the United States from the Arsynco GUC Reserve shall be in the form of cash and shall be distributed on a on a pro rata basis to EPA and the Trustees.

Page:       7
Debtor:     Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:   19-13448 (VFP)
Caption:    Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
            Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
            America, On Behalf Of The Environmental Protection Agency, United States
            Department Of Commerce Acting Through The National Oceanic And Atmospheric
            Administration, And United States Department Of The Interior, And (c) Claim No. 264
            Filed By New Jersey Department Of Environmental Protection

3.    The EPA Allowed Claim and NRD Allowed Claim shall, subject to the last clause of this paragraph with respect to the Allowed Arsynco Service Claims, receive the same treatment under the Plan, without discrimination, as all other allowed Class 3C General Unsecured Claims, with all attendant rights provided by the Bankruptcy Code and other applicable law, and shall not be entitled to any priority in distribution over other allowed Class 3C General Unsecured Claims. The EPA Allowed Claim and the NRD Allowed Claim, aside from the Allowed Arsynco Service Claims, shall be the only allowed Class 3C General Unsecured Claims entitled to share in distributions from the Arsynco GUC Reserve.  In no event shall the EPA Allowed Claim and NRD Allowed Claims be subordinated to any other allowed Class 3C General Unsecured Claim pursuant to any provision of the Bankruptcy Code or other applicable law that authorizes or provides for subordination of allowed claims, including, without limitation, Sections 105, 510, and 726(a)(4) of the Bankruptcy Code; provided, however, that the United States, the PRP Group, and New Jersey recognize and agree that in light of the nature and *de minimis* amount of the Allowed Arsynco Service Claims, the Allowed Arsynco Service Claims in the aggregate amount of $4,119.25 shall be paid in full from the Arsynco GUC Reserve prior to the distributions on account of the EPA Allowed Claim and NRD Allowed Claim from the Arsynco GUC Reserve.

4.    With respect to the EPA Allowed Claim, EPA will deposit any portion of any distributions it receives pursuant to this Settlement Agreement into the special account

Page:      8
Debtor:    Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:  19-13448 (VFP)
Caption:   Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
           Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
           America, On Behalf Of The Environmental Protection Agency, United States
           Department Of Commerce Acting Through The National Oceanic And Atmospheric
           Administration, And United States Department Of The Interior, And (c) Claim No. 264
           Filed By New Jersey Department Of Environmental Protection

established by EPA for the BCSA within the Hazardous Substance Superfund pursuant to

Section 122(b)(3), 42 U.S.C. § 9622(b)(3), known as EPA's Ventron/Velsicol Site Special

Account, to be retained and used to conduct or finance response actions at or in connection with

the BCSA (or another portion of the Ventron/Velsicol Site, if EPA determines, in its sole

discretion, that such funds are not needed at or in connection with the BCSA), or transferred by

EPA to the EPA Hazardous Substance Superfund.  Specifically, it is EPA's intent to use the

amount placed in the Ventron/Velsicol Site Special Account from this bankruptcy to pay for

future response costs related to remedial action at the BCSA, and to subtract that amount in

EPA's first periodic bill to the PRP Group, or members thereof, for future response costs for

remedial action at the BCSA.

5.    Upon EPA's receipt of the distribution made with respect to the EPA Allowed Claim

under the above Paragraph, the PRP Group's Proof of Claim shall be deemed withdrawn with

prejudice and shall be marked as expunged.

6.    With respect to the NRD Allowed Claim, New Jersey and the United States on

behalf of NOAA and DOI, agree that any distributions on account of such claim pursuant to the

Plan shall be made to DOI for deposit into an interest-bearing DOI special account for the BCSA

and identified as associated with the Aceto/Arsynco Bankruptcy as per the instructions set forth

below.  NOAA, DOI, and New Jersey agree that any such funds may only be disbursed from

such account upon the unanimous written agreement of DOI, NOAA, and New Jersey in

Page:       9
Debtor:     Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:   19-13448 (VFP)
Caption:    Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
            Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
            America, On Behalf Of The Environmental Protection Agency, United States
            Department Of Commerce Acting Through The National Oceanic And Atmospheric
            Administration, And United States Department Of The Interior, And (c) Claim No. 264
            Filed By New Jersey Department Of Environmental Protection

accordance with a written Memorandum of Agreement to be developed between DOI, NOAA,

and New Jersey for such funds that specifies, *inter alia*, that such funds may only be expended

for natural resource restoration planning and implementation related to the natural resource

injuries concerning the BCSA.

7.    Only the amount of cash received by the EPA pursuant to this Settlement Agreement

on account of the EPA Allowed Claim, and not the total amount of the EPA Allowed Claim,

shall be credited as a recovery by EPA for the BCSA, which credit shall reduce the liability of

non-settling potentially responsible parties for response costs at the BCSA by the amount of the

credit.

8.    Only the total amount of cash received by the DOI pursuant to this Settlement

Agreement for the NRD Allowed Claim, and not the total amount of the NRD Allowed Claim,

shall be credited as a recovery by DOI, NOAA, and New Jersey for the natural resources

damages concerning BCSA, which credit shall reduce the liability of non-settling potentially

responsible parties for NRD at the BCSA by the amount of the credit.

9.    Distributions to the United States pursuant to this Settlement Agreement shall be

made as follows:

a.   For the EPA Allowed Claim, at https://www.pay.gov or by FedWire

Electronic Funds Transfer in accordance with instructions, including a

Consolidated Debt Collection System ("CDCS") number, to be provided

Page:        10
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

to the Liquidating Debtors by the Financial Litigation Unit of the United

States Attorney's Office for the District of New Jersey.

At the time of any distribution pursuant to this Settlement Agreement, the

Liquidating Debtors shall transmit written confirmation of such distribution (with email being an

acceptable form of electronic written confirmation provided that each of the email addresses

listed below is copied) to the United States at the addresses specified below, and email

confirmation of such distribution to the EPA Cincinnati Finance Office at

cinwd_acctsreceivable@epa.gov, with a reference to Bankruptcy Case Number 19-13448 (VFP),

the CDCS number, and Site/Spill ID Number 02C7:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, DC 20044
> Ref. DOJ File No. 90-11-3-12141/1
> TMariani@enrd.usdoj.gov
>
>
> Clay Monroe
> Assistant Regional Counsel
> EPA, Region 2
> 290 Broadway, 17th floor
> New York, NY  10007
> Phone: (212) 637-3142
> monroe.clay@epa.gov

Page:      11
Debtor:    Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:  19-13448 (VFP)
Caption:   Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
           Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
           America, On Behalf Of The Environmental Protection Agency, United States
           Department Of Commerce Acting Through The National Oceanic And Atmospheric
           Administration, And United States Department Of The Interior, And (c) Claim No. 264
           Filed By New Jersey Department Of Environmental Protection

---

At the same time, Email confirmation shall also be sent to the following address:

> John Hanson
> Common Counsel to the Berry's Creek Cooperating PRP Group
> Beveridge & Diamond, P.C.
> 1350 I Street, NW, Suite 700
> Washington, DC  20005
> (202) 789-6015
> jhanson@bdlaw.com
> cc: jauslander@bdlaw.com

b.  For the NRD Allowed Claim, the funds shall be transferred to the DOI
    BSCA Aceto/Arsynco Special Account via an Electronic Funds Transfer
    ("EFT") through the U.S. Treasury's Automated Clearing House
    (ACH)/Remittance Express program in accordance with instructions to be
    provided by DOI within 15 days of the date of the entry of this Stipulation
    and Consent Order.  Payment shall be deemed to have been made upon
    receipt of these funds by EFT.  At the time of any distribution pursuant to
    this Settlement Agreement, the Liquidating Debtors shall transmit written
    confirmation of such distribution (with email being an acceptable form of
    electronic written confirmation provided that each of the email addresses
    listed below is copied), including a copy of the paperwork documenting the
    EFT and any accompanying correspondence, to the following persons:

Page:      12
Debtor:    Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:  19-13448 (VFP)
Caption:   Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
           Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
           America, On Behalf Of The Environmental Protection Agency, United States
           Department Of Commerce Acting Through The National Oceanic And Atmospheric
           Administration, And United States Department Of The Interior, And (c) Claim No. 264
           Filed By New Jersey Department Of Environmental Protection

---

Natural Resource Damage Assessment and Restoration Program
Attn: Restoration Fund Manager
Mail Stop 4449
1849 C Street, N.W.
Washington, D.C. 20240
Bruce_A_Nesslage@ios.doi.gov

NOAA/NOS/OR&R
ATTN: Donna Roberts, DARRF Manager
1305 East West Highway
SSMC4, Room 9331
Silver Spring, Maryland 20910-3281
Donna.Roberts@NOAA.gov

Mark Barash, Esq.
Senior Attorney
Office of the Solicitor of the United States Department of the Interior
15 State St., 8th Floor
Boston, MA 02109-3502
mark.barash@sol.doi.gov

NOAA/U.S. Department of Commerce
NOAA Office of Response and Restoration
Attn:  Sabrina Valenti, DARF Manager
1315 East-West Highway
Silver Spring, MD 20910-3281
Sabrina.Valenti@noaa.gov
Cc:  Nancy.Berube@noaa.gov

Kate Barfield
National Oceanic and Atmospheric Administration
Office of General Counsel Natural Resources
1315 East-West Highway
SSMC3# Room 15107
Silver Spring, MD 20910-3282
kate.barfield@noaa.gov

Page:       13
Debtor:     Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:   19-13448 (VFP)
Caption:    Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
            Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
            America, On Behalf Of The Environmental Protection Agency, United States
            Department Of Commerce Acting Through The National Oceanic And Atmospheric
            Administration, And United States Department Of The Interior, And (c) Claim No. 264
            Filed By New Jersey Department Of Environmental Protection

---

David Bean, Chief
Office of Natural Resource Restoration
New Jersey Department of Environmental Protection
Mail Code 501-01
1ˢᵗ Floor, 501 East State Street. P.O. Box 420
Trenton, NJ 08625
David.Bean@dep.nj.gov

and

John Hanson
Common Counsel to the Berry's Creek Cooperating PRP Group
Beveridge & Diamond, P.C.
1350 I Street, NW, Suite 700
Washington, DC  20005
(202) 789-6015
jhanson@bdlaw.com
cc: jauslander@bdlaw.com

Notices shall reference the DOJ Case Number (90-11-3-12141/1), the Aceto/Arsynco

Bankruptcy, the BCSA, and the name of debtors.

10.   In consideration of the distributions that will be made under the terms of this

Settlement Agreement with respect to the EPA Allowed Claim and NRD Allowed Claim, and

except as specifically provided in Paragraphs 11-13, EPA covenants not to file a civil action or

take administrative action (or otherwise pursue any other or further claims or recoveries with

respect to any such claim) against the Liquidating Debtors (or their estates) or the Plan

Administrator for response costs pursuant to Sections 106 or 107 of CERCLA, 42 U.S.C. §§

9606 or 9607 (or any other claim(s) asserted in the Proofs of Claim that would be deemed a

claim under 11 U.S.C. § 101(5) and therefore subject to treatment under the Plan), with respect

Page:      14
Debtor:    Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:  19-13448 (VFP)
Caption:   Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
           Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
           America, On Behalf Of The Environmental Protection Agency, United States
           Department Of Commerce Acting Through The National Oceanic And Atmospheric
           Administration, And United States Department Of The Interior, And (c) Claim No. 264
           Filed By New Jersey Department Of Environmental Protection

to the BCSA and/or the Former Arsynco Facility; NOAA, DOI, and New Jersey covenant not to

file a civil action or take administrative action (or otherwise pursue any other or further claims or

recoveries with respect to any such claim) against the Liquidating Debtors (or their estates) or

the Plan Administrator for natural resource damages and assessment costs pursuant to Section

107 of CERCLA, 42 U.S.C. § 9607 (or any other claim(s) asserted in the Proofs of Claim that

would be deemed a claim under 11 U.S.C. § 101(5) and therefore subject to treatment under the

Plan), with respect to the BCSA and/or the Former Arsynco Facility; and the PRP Group

covenants not to file a civil or other action (or otherwise pursue any other or further claims or

recoveries with respect to any such claim) against the Liquidating Debtors (or their estates) or

the Plan Administrator for claim(s) asserted in the PRP Proof of Claim.

11.   The covenant and agreement set forth in Paragraphs 5 and 10 above extends only to

the Liquidating Debtors and the Plan Administrator and does not extend to any other person.

Nothing in this Settlement Agreement is intended as a covenant or agreement for any person or

entity other than the Liquidating Debtors, the Plan Administrator, the United States, the PRP

Group and New Jersey.  The United States, New Jersey, the PRP Group, and the Liquidating

Debtors expressly reserve all claims, demands, and causes of action, either judicial or

administrative, past, present, or future, in law or equity, which they may have against all other

persons, firms, corporations, entities, or predecessors of the Liquidating Debtors for any matter

arising at or relating in any manner to the BCSA to the extent not resolved or settled as set forth

Page:      15
Debtor:    Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:  19-13448 (VFP)
Caption:   Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
           Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
           America, On Behalf Of The Environmental Protection Agency, United States
           Department Of Commerce Acting Through The National Oceanic And Atmospheric
           Administration, And United States Department Of The Interior, And (c) Claim No. 264
           Filed By New Jersey Department Of Environmental Protection

herein.  Further, nothing in this Settlement Agreement diminishes the right of the United States,

pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to enter into any

settlement that gives rise to contribution protection for any person not a party to this Settlement

Agreement.

    12.   The covenant and agreement set forth in Paragraphs 5 and 10 does not pertain to any

matters other than those expressly specified therein.  The United States, New Jersey, and the PRP

Group expressly reserve, and this Settlement Agreement is without prejudice to, all rights against

the Liquidating Debtors and the Plan Administrator with respect to all matters other than those

settled herein, including as set forth in Paragraphs 5 and 10.  The United States, New Jersey, and

the PRP Group also specifically reserve, and this Settlement Agreement is without prejudice to,

any action based on a failure to meet a requirement of this Settlement Agreement.  In addition,

the United States, New Jersey, and the PRP Group reserve, and this Settlement Agreement is

without prejudice to, all rights against the Liquidating Debtors, their successors or assigns (if

any), or the Plan Administrator with respect to the BCSA for liability under federal or state law

for acts creating liability by the Liquidating Debtors, their successor or assigns (if any), the Plan

Administrator that occur(s) after the date of lodging of this Settlement Agreement with the

Bankruptcy Court and in such event any claim shall not be barred by any applicable provision of

the Confirmation Order or Plan.  As used in the preceding sentence, the phrase "acts creating

liability" does not include actions (including any passive continuing releases) related to the

Page:        16
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

Liquidating Debtors' or the Plan Administrator's conduct prior to the date this Settlement

Agreement is approved by the Bankruptcy Court.

13.    Nothing in this Settlement Agreement shall be deemed to limit the authority of the

United States or New Jersey to take any response action under Section 104 of CERCLA,

42 U.S.C. § 9604, or any other applicable statute or regulation, or to alter the applicable legal

principles governing judicial review of any action taken by the United States pursuant to such

authority, provided, however, that nothing in this sentence affects the covenants or agreements

set forth in Paragraphs 5 and 10.  For the avoidance of doubt, to the extent claims of the United

States or New Jersey were required to be filed prior to any bar date set by the Bankruptcy Court

(including pursuant to the Bar Date Order (as defined below), Plan or Confirmation Order), this

paragraph shall not be deemed to be a waiver of such requirement. Nothing in this Settlement

Agreement shall be deemed to limit the information-gathering authority of the United States or

New Jersey under Sections 104 and 122 of CERCLA, 42 U.S.C. §§ 9604 and 9622, or any other

applicable statute or regulation, or to excuse the Debtor from any disclosure or notification

requirements imposed by CERCLA or any other applicable statute or regulation.

14.    The Liquidating Debtors and the Plan Administrator covenant not to sue and agree

not to assert or pursue any claims or causes of action against the United States, and New Jersey,

including any department, agency, or instrumentality of the United States and New Jersey, or

against the PRP Group or members thereof, with respect to the BCSA, including, but not limited

Page:        17
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

to:  (i) any direct or indirect claim for reimbursement from the Hazardous Substance Superfund

established pursuant to 26 U.S.C. § 9507; (ii) any claim under Sections 107 or 113 of CERCLA,

42 U.S.C. §§ 9607 or 9613, or Section 7002(a) of RCRA, 42 U.S.C. § 6972(a)*;* (iii) any claims

arising out of response activities at the BCSA; or (iv) any claims arising out of or relating to the

Debtors' Bankruptcy Cases.  Nothing in this Settlement Agreement shall be deemed to constitute

preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or

40 C.F.R. § 300.700(d).

        15.   Notwithstanding any other provision of this Settlement Agreement, the Liquidating

Debtors reserve, and this Settlement Agreement (including but not limited to Paragraph 14

hereof) is without prejudice to, respective claims against the United States, the PRP Group (or

members thereof) or New Jersey in the event any claim is respectively asserted by the United

States, the PRP Group or members thereof, or New Jersey against the Liquidating Debtors

pursuant to any of the reservations set forth in Paragraph 12, other than for failure to meet a

requirement of this Settlement Agreement, but only to the extent that the Liquidating Debtors'

claims arise from the same respective response action or response costs that the United States,

the PRP Group or members thereof, or New Jersey is seeking pursuant to the applicable

reservation.

        16.   The Parties hereto agree, and by entering this Settlement Agreement the Bankruptcy

Court finds, that this Settlement Agreement constitutes a judicially-approved settlement pursuant

Page:        18
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

to which each Liquidating Debtor has, as of the Effective Date, resolved liability to the United

States and New Jersey within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. §

9613(f)(2), and N.J.S.A. 58:10-23.11f.a.(2)(b), and is entitled, as of the Effective Date, to

protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, and

N.J.S.A. 58:10-23.11f.a.(2)(b), or as may be otherwise provided by law, for the "matters

addressed" in this Settlement Agreement.  The "matters addressed" in this Settlement Agreement

are all response actions taken or to be taken, and all response costs incurred or to be incurred, at

or in connection with the BCSA by the United States, New Jersey, or any potentially responsible

parties, and all natural resource damages concerning the BCSA provided, however, that, if the

United States or New Jersey exercises rights under the reservations in Paragraph 12, other than

for failure to meet a requirement of this Settlement Agreement, the "matters addressed" in this

Settlement Agreement shall no longer include those response costs, response actions, and/or

natural resource damages that are within the scope of the exercised reservation. "Effective Date"

means the date on which this Settlement Agreement is approved by the Bankruptcy Court.

17.   This Settlement Agreement constitutes a judicially-approved settlement pursuant to

which each of the Liquidating Debtors has, as of the Effective Date, resolved liability to the

United States and New Jersey within the meaning of Section 113(f)(3)(B) of CERCLA, 42

U.S.C. § 9613(f)(3)(B) and N.J.S.A. 58:10-23.11f.a.(2)(b).

Page:        19
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

18.   This Settlement Agreement shall be subject to approval of the Bankruptcy Court.

The Liquidating Debtors shall promptly seek approval of this Settlement Agreement pursuant to

D.N.J. LBR 9021-1 and the Liquidating Debtors' and Plan Administrator's authority to settle

disputed claims (including the Proofs of Claim) under the Plan.

19.   This Settlement Agreement shall be lodged with the Bankruptcy Court and shall

thereafter be subject to a period of public comment following publication of notice of the

Settlement Agreement in the *Federal Register* and the *New Jersey Register*.  After the conclusion

of the public comment period, the United States and New Jersey will file with the Bankruptcy

Court any comments received, as well as the United States' and New Jersey's responses to the

comments received under their respective solicitations of public comment, and at that time, if

appropriate under their respective statutory authorities, the United States and New Jersey will

request approval of the Settlement Agreement.  The United States and/or New Jersey reserve(s)

the right to withdraw or withhold consent if the comments regarding the Settlement Agreement

disclose facts or considerations which indicate that the Settlement Agreement is not in the public

interest under their respective statutory authorities.*

20.   If for any reason (a) the Settlement Agreement is withdrawn by the United States or

New Jersey as provided in Paragraph 19, or (b) the Settlement Agreement is not approved by the

Bankruptcy Court:  (i) this Settlement Agreement shall be null and void, and the parties hereto

shall not be bound under the Settlement Agreement or under any documents executed in

*The docket reflects that such publication has occurred and one public comment was received during
the prescribed period,  and that the United States and New Jersey have subsequently filed responses
stating that the Consent Order is fair, reasonable, consistent with and in furtherance of the relevant
statutory goals, and is in the public interest in further support of entry of this Consent Order.

Page:       20
Debtor:     Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:   19-13448 (VFP)
Caption:    Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
            Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
            America, On Behalf Of The Environmental Protection Agency, United States
            Department Of Commerce Acting Through The National Oceanic And Atmospheric
            Administration, And United States Department Of The Interior, And (c) Claim No. 264
            Filed By New Jersey Department Of Environmental Protection

---

connection herewith; (ii) the parties shall have no liability to one another arising out of or in connection with this Settlement Agreement or under any documents executed in connection herewith; and (iii) this Settlement Agreement and any documents prepared in connection herewith shall have no residual or probative effect or value.

21.   Nothing herein, including but not limited to Paragraphs 10, 13, and 15 above, shall be deemed to extend any deadline for filing proofs of claim by any party in the Chapter 11 Cases established by the (a) *Order (A) Establishing Deadlines to File Proofs of Claim Against the Debtors, Including But Not Limited to Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (B) Approving the Form and Manner of Notice of the Bar Dates, (C) Authorizing Publication of the Bar Dates, and (D) Granting Related Relief* [Docket No. 509] entered by the Bankruptcy Court on May 9, 2019 (the "Bar Date Order"), (b) Confirmation Order, or (c) the Plan.

22.   This Settlement Agreement constitutes the sole and complete agreement of the Parties hereto with respect to the matters addressed herein.

23.   This Settlement Agreement may not be amended except by a writing signed by all the Parties and approved by the Bankruptcy Court.

24.   Each of the undersigned represents that it is authorized to execute this Settlement Agreement on behalf of the party or parties it is executing on behalf of.

Page:        21
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

25.   This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

26.   The Bankruptcy Court (or, upon withdrawal of the Bankruptcy Court's reference, the United States District Court for the District of New Jersey) shall retain jurisdiction over the subject matter of this Settlement Agreement and the Parties hereto for the duration of the performance of the terms and provisions of this Settlement Agreement for the purpose of enabling any of the parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Settlement Agreement or to effectuate or enforce compliance with its terms.

Page:        22
Debtor:      Tri Harbor Holdings  Corporation (f/k/a Aceto Corporation),  *et al.*
Case No.:    19-13448  (VFP)
Caption:     Stipulation  And Consent Order Resolving  (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America,  On Behalf  Of  The  Environmental  Protection  Agency,  United  States
             Department  Of Commerce Acting  Through  The National  Oceanic  And Atmospheric
             Administration,  And United States Department Of The Interior, And (c) Claim No. 264
             Filed  By New Jersey Department Of Environmental  Protection

The undersigned  party hereby enters into this Settlement Agreement in *In re: Tri Harbor
Holdings Corporation (f/k/a Aceto Corporation), et al.,* Case No. 19-13448 (VFP) (Bankr. N.J.).

FOR THE UNITED STATES OF AMERICA:

> Nathaniel Douglas
> Deputy Section Chief
> Environmental  Enforcement Section
> Environment  and Natural Resources Division
> U.S. Department of Justice

Date: Feb. 22, 2021          By: /s/ *C. A. Fiske*
                             Catherine Adams Fiske
                             Senior  Counsel
                             Environmental  Enforcement Section
                             Environment  and Natural Resources Division
                             U.S. Department of Justice
                             P.O. Box 7611
                             Washington,  DC 20044

Page:      23
Debtor:    Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:  19-13448 (VFP)
Caption:   Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
           Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
           America, On Behalf Of The Environmental Protection Agency, United States
           Department Of Commerce Acting Through The National Oceanic And Atmospheric
           Administration, And United States Department Of The Interior, And (c) Claim No. 264
           Filed By New Jersey Department Of Environmental Protection

---

The undersigned party hereby enters into this Settlement Agreement in *In re: Tri Harbor
Holdings Corporation (f/k/a Aceto Corporation), et al.,* Case No. 19-13448 (VFP) (Bankr. N.J.).

FOR THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION:


Date:  2/19/21                    By:  *RBukowski*
                                       Raymond Bukowski
                                       Assistant Commissioner
                                       Natural & Historic Resources
                                       401 East State Street, P.O. Box 420
                                       Trenton, NJ 08625-0420



                                       Gurbir S. Grewal, Attorney General of New Jersey
                                       Attorney for the New Jersey Department of
                                       Environmental Protection


Date:  February 11, 2021          By:  /s/ Buffy L. Wilson
                                       Buffy L. Wilson
                                       Deputy Attorney General
                                       25 Market Street, PO Box 093
                                       Trenton, NJ 08625-0093
                                       buffy.wilson@law.njoag.gov

Page:      24
Debtor:    Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:  19-13448 (VFP)
Caption:   Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
           Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
           America, On Behalf Of The Environmental Protection Agency, United States
           Department Of Commerce Acting Through The National Oceanic And Atmospheric
           Administration, And United States Department Of The Interior, And (c) Claim No. 264
           Filed By New Jersey Department Of Environmental Protection

The undersigned party hereby enters into this Settlement Agreement in *In re: Tri Harbor
Holdings Corporation (f/k/a Aceto Corporation), et al.,* Case No. 19-13448 (VFP) (Bankr. N.J.).

COMMON COUNSEL FOR THE BCSA COOPERATING PRP GROUP:

Date: January 29, 2021          By: _____
                                     John Hanson
                                     Beveridge & Diamond, P.C.
                                     1900 N Street, NW, Suite 100
                                     Washington, DC  20036
                                     (202) 789-6015
                                     jhanson@bdlaw.com
                                     cc: jauslander@bdlaw.com

Page:        25
Debtor:      Tri Harbor Holdings Corporation (f/k/a Aceto Corporation), *et al.*
Case No.:    19-13448 (VFP)
Caption:     Stipulation And Consent Order Resolving (A) Claim No. 191 filed By Berry's Creek
             Study Area Cooperating PRP Group, (b) Claim No. 261 Filed By The United States Of
             America, On Behalf Of The Environmental Protection Agency, United States
             Department Of Commerce Acting Through The National Oceanic And Atmospheric
             Administration, And United States Department Of The Interior, And (c) Claim No. 264
             Filed By New Jersey Department Of Environmental Protection

The undersigned party hereby enters into this Settlement Agreement in *In re: Tri Harbor
Holdings Corporation (f/k/a Aceto Corporation), et al.,* Case No. 19-13448 (VFP) (Bankr. N.J.).

FOR THE LIQUIDATING DEBTORS:

**LOWENSTEIN SANDLER LLP**

By: /s/ *Philip J Gross*
Michael E. Etkin, Esq.
Wojciech F. Jung, Esq.
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400
E-mail: metkin@lowenstein.com
wjung@lowenstein.com
pgross@lowenstein.com

*Counsel for the Liquidating Debtors*

Date:  February 22, 2021